IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE GILLETTE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOLLAR SHAVE CLUB, INC., ) <br> ) <br> Defendant. ) | C.A. No. _____ <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff The Gillette Company ("Gillette" or "Plaintiff"), by and through its attorneys, for its complaint against Defendant Dollar Shave Club, Inc. ("DSC" or "Defendant") alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin infringement and obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products that infringe one or more claims of U.S. Patent No. 6,684,513 (the "'513 Patent") (attached as Exhibit A) entitled "Razor Blade Technology." Plaintiff seeks injunctive relief to prevent Defendant from continuing to infringe Plaintiff's patent. In addition, Plaintiff seeks a recovery of monetary damages resulting from Defendant's past infringement of this patent.

2. This action for patent infringement involves Defendant's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing razor products

including, but not limited to, certain razor products marketed and sold under the names "The Humble Twin," "The 4X," and "The Executive" (the "Accused Products").

## THE PARTIES

3. Plaintiff Gillette is a corporation organized and existing under the laws of the State of Delaware, and has offices located at 1 Gillette Park, Boston, Massachusetts.

4. Defendant DSC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 513 Boccacio Avenue, Venice, California 90291.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant is subject to personal jurisdiction in this judicial district because it is incorporated in Delaware and because it regularly transacts business in this judicial district by, among other things, selling and offering for sale its razor products, including the Accused Products, to customers located in this judicial district. Defendant has committed acts of infringement of one or more claims of the patent-in-suit in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) because Defendant is subject to personal jurisdiction in this district, conducts business in this district and has committed acts of patent infringement in this district.

## FACTUAL BACKGROUND

8. Since 1895, Gillette has been a leading innovator in the shaving industry. Gillette's innovations have included the first safety razor, which was distributed to U.S. soldiers

during World War I, the first women's razor, the first razor dispenser, the first razor with stainless steel blades, the first double-bladed razor, the first razor with a lubricating strip, and the first razor with three progressively-aligned blades.

9. Over the course of more than 100 years in the marketplace, Gillette razors and razor products have become associated with high quality, safety, comfort and performance. Today, Gillette razors are sold in all 50 states and in more than 200 countries. Gillette razors are used by more than 750 million people worldwide.

10. Reflecting on Gillette's many innovations in shaving technology, Gillette holds hundreds of patents relating to razors and razor technology. Gillette has been diligent in protecting and enforcing its intellectual property through the years.

11. On information and belief, Defendant DSC began operations on or about July 2011, and launched its membership service on or about March 2012.

12. DSC promotes, offers for sale, and sells its razors and related shaving products online through an Internet web site accessible at www.dollarshaveclub.com.

13. DSC's ads tout that by joining its membership club, members can get razors delivered to their doorsteps every month for significantly less cost than "brand name" products.

14. On information and belief, since its membership launch, DSC has acquired over 2 million subscribers. Its ads tout that it ships over 44 million razor cartridges and now has a 10% share of the U.S. market for men's razor cartridges.

15. On February 3, 2004, United States Patent No. 6,684,513 (the "'513 Patent") was duly and legally issued for an invention entitled "Razor Blade Technology."

16. The '513 Patent is directed to a razor blade including a substrate with a cutting edge defined by a sharpened tip and adjacent facets, a layer of hard coating on the cutting edge being made of amorphous material containing carbon, an overcoat layer of a chromium containing material on the layer of hard coating, and an outer layer of polytetrafluoroethylene coating over the overcoat layer.

17. The invention of the '513 Patent is advantageous because the use of a chromium containing overcoat layer provides improved adhesion of the polytetrafluoroethylene outer layer. The razor blade has improved edge strength provided by the hard coating and has reduced tip rounding with repeated shaves. Reduced tip rounding minimizes any increase in cutting force thereby maintaining excellent shaving performance. The invention provides the razor blade with excellent shaving characteristics from the first shave onwards, and promotes durability.

18. Gillette owns all right, title and interest in and to the '513 Patent and possesses all rights of recovery.

19. Gillette's Mach3®, Venus® and Fusion® razor products, among others, practice one or more claims of the '513 Patent.

20. Gillette provides virtual marking on its website identifying its products that practice the '513 Patent and thereby provides constructive notice to the world of its patent rights.

21. DSC has made, used, sold, and/or offered for sale within the United States, and/or imported into the United States, razors including, but not limited to, the Accused Products that infringe at least claims 1, 8, 15-17, 19-20, 23, 28-29, 31 and 34-37 of the '513 Patent.

22. Gillette is being irreparably harmed by DSC's infringement of its valuable patent rights. Moreover, DSC's unauthorized infringement of Gillette's patent rights is threatening the value of this intellectual property because DSC's conduct results in Gillette's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,684,513

23. Paragraphs 1-22 are incorporated by reference as if fully restated herein.

24. DSC's Accused Products infringe at least claims 1, 8, 15-17, 19-20, 23, 28-29, 31 and 34-37 of the '513 Patent.

25. Each of the Accused Products includes a razor blade that has a substrate having a cutting edge with a sharpened tip and adjacent facets.

26. Each of the substrates has a layer of hard coating on the cutting edge that is made of amorphous material, with the amorphous material containing carbon.

27. Each of the substrates has an overcoat layer on top of the layer of hard coating, with the overcoat layer having chromium.

28. Each of the substrates contains an outer layer of polytetrafluoroethylene over the overcoat layer.

29. Defendant's acts of direct infringement have caused damage to Gillette, and Gillette is entitled to recover from Defendant the damages sustained by Gillette as a result of Defendant's wrongful acts in an amount subject to proof at trial. Defendant's infringement of Gillette's exclusive rights under the '513 Patent will continue to damage Gillette's business, causing irreparable harm for which there is no adequate remedy at law, unless Defendant is enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Gillette prays for judgment as follows:

A. That this Court adjudge and decree that the Defendant has directly infringed the '513 Patent;

B. That this Court permanently enjoin Defendant and its subsidiaries, affiliates, successors and assigns and each of their officers, directors, agents, servants, employees, licensees, and all persons acting in concert or active participation with them, or on their behalf, or within their control, from engaging in any acts that constitute infringement of the '513 Patent;

C. That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Gillette as a result of Defendant's infringement;

D. That this Court, pursuant to 35 U.S.C. § 284, enter an award to Gillette of such damages as it shall prove at trial against Defendant that are adequate to compensate Gillette for said infringement, such damages to be no less than a reasonable royalty together with interest and costs;

E. That this Court assess pre-judgment and post-judgment interest and costs, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284; and

F. That Gillette be awarded such further relief as this Court may deem just and appropriate.

**DEMAND FOR JURY TRIAL**

Gillette demands a trial by jury of all matters to which it is entitled to a trial by jury pursuant to Federal Rule of Civil Procedure 38.

OF COUNSEL:

Mark Abate
Alexandra Valenti
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Jennifer A. Albert
Charles T. Cox
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000

December 17, 2015

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiff*