IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE GILLETTE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-1158-LPS-CJB |
| | ) | |
| DOLLAR SHAVE CLUB, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | | REDACTED – PUBLIC VERSION |

# LETTER TO THE HONORABLE LEONARD P. STARK

OF COUNSEL:
Charles K. Verhoeven
Terry L. Wit
Morgan W. Tovey
James D. Judah
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

F. Christopher Mizzo
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
(202) 879-5000

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendant*

Original Filing Date: July 19, 2016
Redacted Filing Date: July 26, 2016



# SHAW KELLER LLP

David M. Fry
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0705
dfry@shawkeller.com

July 19, 2016

**BY CM/ECF AND HAND DELIVERY**
The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

**REDACTED:**
**PUBLIC VERSION**

Re: *The Gillette Co. v. Dollar Shave Club, Inc.*, C.A. No. 15-1158-LPS-CJB

Dear Chief Judge Stark:

    I write on behalf of Defendant Dollar Shave Club, Inc. ("DSC") to request that the Court stay all discovery in this action until it rules on DSC's Motion to Stay Pending Arbitration ("Arbitration Motion"). (D.I. 34.) As explained in the Arbitration Motion, there is a pending arbitration ("Arbitration") at the International Chamber of Commerce ("ICC") between Gillette ▮▮▮▮▮ regarding ▮▮▮▮▮ DSC's Arbitration Motion argues that Section 3 of the Federal Arbitration Act ("FAA") mandates a stay of this action pending resolution of the ongoing Arbitration.

    As the Third Circuit has recognized, "FAA § 3 provides that 'upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration,' the court 'shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement'" – and, therefore, "requiring the parties to submit to full discovery [prior to a ruling on an arbitrability issue] may unnecessarily subject them to the very complexities, inconveniences and expenses of litigation that they determined to avoid." *Klepper v. SLI, Inc.*, 45 Fed.Appx. 136, 139, 2002 WL 2005431 (3d Cir. 2002) (reversing district court's order permitting discovery while a motion to compel arbitration was pending) (quotations and citations omitted). Numerous other district courts addressing this very issue have reached the same conclusion, and we therefore respectfully request that the Court stay all discovery in this action pending resolution of DSC's Arbitration Motion.

**I.    Relevant Background of the Current Dispute**

    DSC launched its online membership service in March 2012, and since February 2013, ▮▮▮▮▮

---

[1] ▮▮▮▮▮ (D.I. 36, Declaration of Dan Murray ("Murray Decl.") ¶¶ 4, 7, 13.)

SHAW KELLER LLP
The Honorable Leonard P. Stark
Page 2



This litigation is an attempt by Gillette to circumvent



DSC has sought a stay of this action in its entirety pursuant to the mandatory stay provisions of the Federal Arbitration Act and the Court's inherent power to control its own docket. (D.I. 34.)

## II. The Court Should Stay Discovery Until the Arbitration Motion Is Resolved

Consistent with the mandate of the FAA and Third Circuit precedent, this Court should grant a short stay of discovery pending the Court's ruling on the Arbitration Motion, which has been fully briefed since July 8, 2016. As noted above, where an issue of arbitrability pursuant to FAA Section 3 is pending, "requiring the parties to submit to full discovery... may unnecessarily subject them 'to the very complexities, inconveniences and expenses of litigation that they determined to avoid.'" *Klepper*, 45 Fed.Appx. at 139, 2002 WL 2005431 (quoting *Suarez-Valdez v. Shearson Lehman/American Exp., Inc.*, 858 F.2d 648, 649 (11th Cir. 1988).

As a result, courts routinely stay discovery pending the resolution of a motion to stay pending arbitration. *See, e.g., Invista S.a.r.l. v. Rhodia S.A.*, No. CIV.08-941(RBK/JS), Dkt. 29 (D. Del. Feb. 2, 2009) (granting motion to stay discovery pending resolution of defendant's motion to dismiss or stay action in favor of arbitration) (Exhibit C); *Steiner v Apple Computer, Inc.*, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (it is a "common practice" to stay discovery pending resolution of a party's motion to compel arbitration, as parties should not be forced to endure the expense of discovery in the interim).[2]

---

[2] *See also Ross v. Bank of Am., N.A. (USA)*, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (granting stay of discovery pending resolution of motion to stay pursuant to 9 U.S.C. § 3 in view of "threshold issues concerning arbitration"); *Rohn v. AT&T Mobility, LLC*, 2008 WL 4525817, at *1

SHAW KELLER LLP
The Honorable Leonard P. Stark
Page 3

Given that (i) ███████████████████ (ii) ███████
███████ (D.I. 35 at 11-14), and (iii) the FAA calls for a mandatory stay under such circumstances (*id.* at 9-11), the interests of judicial economy and "protecting the resources of the parties and the judiciary outweigh[] Plaintiff['s] interest in [pursuing] discovery before the resolution of Defendant's [Arbitration Motion]." *Roadbuilders Mach. Supply Co. v. Sennebogen, Inc.*, 2012 WL 1253265, at *3 (D. Kan. Apr. 13, 2012) (further finding that allowing discovery would require expending resources the parties sought to avoid when including the arbitration clause in the relevant agreement); *see also Andrus v. D.R. Horton, Inc.*, 2012 WL 1971326, at *3 (D. Nev. June 1, 2012) ("It is in the interest of conserving the resources of the parties and the court to stay discovery in this action pending a determination of the motion to compel arbitration."); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280-81 (D. Colo. 2004) (same; granting motion to stay in case involving third party beneficiary rights, further noting liberal policy favoring arbitration and that questions as to the scope of arbitrable issues should be resolved in favor of arbitration).

A stay is particularly necessary here because Gillette is aggressively pursuing discovery against DSC – having already served 120 Requests for Production and 11 interrogatories, as well as voluminous email custodian demands – which, absent an interim stay, will require incurring many hundreds of thousands of dollars of costs and legal fees until DSC's Arbitration Motion is decided. Indeed, Gillette has sent some 12 letters purporting to raise discovery disputes in the last three weeks alone, despite the early stage of the case, in a transparent effort to create artificial discovery activity that it has then used to try to argue that DSC has waived its ability to pursue its Arbitration Motion. (D.I. 48 at 18-19; Exhibit D (July 11, 2016 Letter from Jennifer Albert to Terry Wit).) DSC has nevertheless engaged in good faith conferral in an effort to resolve these meritless concerns, responding both telephonically and in writing (12 times) over the same period.

Significantly, the burden of this case on ███████████████████
███████████████████████████████████
███████████████ (D.I. 36; Murray Decl. at ¶ 17.) Further, Gillette has issued three broad subpoenas *duces tecum* in this action ███████████████████
███████████████████ (Exhibit E.) ███████
███████ have thus also been forced to incur great expense in responding to Gillette's improper subpoenas as well as subsequent correspondence, and will continue to do so absent an interim stay.

Finally, any prejudice to Gillette will be minimal or nonexistent. This case is in its early stages and trial is not set until May 14, 2018. (D.I. 20.) A short stay of discovery pending ruling on the Arbitration Motion will not impact the parties' ability to complete discovery by June 30, 2017, nor will it impact the availability of witnesses or documents. Additionally, DSC has produced its sales figures and core technical documents, such that Gillette can evaluate settlement options if it wishes. On the other hand, if discovery continues, DSC and several third parties will have to bear significant discovery costs that will likely be rendered moot in light of the pending arbitration.

For the above-stated reasons, DSC respectfully requests a stay of all discovery pending resolution of its fully-briefed June 10, 2016 Motion to Stay Pending Arbitration.

---

(D.V.I. Oct. 3, 2008) (same); *Brown v. CMH Mfg., Inc.*, 2014 WL 2973349, at *2 (S.D.W. Va. July 2, 2014) (granting motion to stay even where defendants "waited a considerable time since discovery began to move to stay" and discovery was set to close in six weeks).

SHAW KELLER LLP
The Honorable Leonard P. Stark
Page 4

                                                    Respectfully submitted,

                                                    */s/ David M. Fry*

                                                    David M. Fry (No. 5486)

cc:     Clerk of the Court (by hand delivery)
         Counsel of Record (by CM/ECF & e-mail)

# Exhibit A

**Redacted In Its Entirety**

# Exhibit B

# Redacted In Its Entirety

# Exhibit C

(Docket Entry No. 7)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| INVISTA S.à.r.l., et al., | : | |
| | : | |
| Plaintiffs, | : | Civil No. 08-941 (RBK) |
| | : | |
| v. | : | **ORDER** |
| | : | |
| RHODIA S.A., | : | |
| | : | |
| Defendant. | : | |
| | : | |

    THIS MATTER having come before the Court upon a motion by Defendant Rhodia, S.A. ("Defendant") to stay discovery proceedings pending the resolution of Defendant's motion to dismiss or stay this action in favor of arbitration; and

    IT APPEARING TO THE COURT that Plaintiffs Invista S.à.r.l., et al. ("Plaintiffs") filed this action in the Delaware Court of Chancery; and

    IT FURTHER APPEARING TO THE COURT that Defendant removed this action to this Court pursuant to 9 U.S.C.A. § 205; and

    IT FURTHER APPEARING TO THE COURT that Plaintiffs seek discovery on the merits of this case, and not discovery for the purpose of Defendant's motion to dismiss or stay this action in favor of arbitration; and

    THE COURT NOTING that if Defendant's motion to dismiss or stay this action is granted, litigation will proceed in the arbitral forum and "responsibility for the conduct of discovery [will lie] with the arbitrators," CIGNA Health Care of St. Louis, Inc. v. Kaiser, 294

F.3d 849, 855 (7th Cir. 2002); and

THE COURT NOTING FURTHER that "[i]f the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court," Beiser v. Weyler, 284 F.3d 665, 675 (5th Cir. 2002); and

THE FINDING that the interests of judicial economy and preservation of the resources of the parties would be served by a stay of discovery in this matter;

IT IS HEREBY ORDERED that Defendant's motion to stay discovery pending the resolution of Defendant's motion to dismiss or stay this action in favor of arbitration is GRANTED.

Dated: 2-2-09    /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

# Exhibit D



| | Jennifer A. Albert | Goodwin Procter LLP |
|---|---|---|
| | 202.346.4322 | 901 New York Avenue NW |
| | JAlbert@goodwinlaw.com | Washington, DC 20001 |
| | | T: 202.346.4000 |
| | | F: 202.346.4444 |

July 11, 2016

**VIA EMAIL**

Terry Wit
Quinn Emanuel Urquhart
 & Sullivan, LLP
50 California Street
22nd Floor
San Francisco, CA  94111-4788

      Re:   *The Gillette Company* v. *Dollar Shave Club, Inc.*
             Civil Action No. 15-1158-LPS-CJB

Dear Terry:

This responds to your letter dated July 6, 2016.

We disagree that Gillette's discovery requests 

Per our meet and confer on Friday, July 8, Gillette is not willing to forego an argument that DSC's participation in discovery in this case, including its participation in meet and confer conferences, constitutes a waiver of any alleged rights DSC has ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄▄▄▄ the Federal Arbitration Act or any other relevant authority.  DSC has Answered the Complaint, and has asserted counterclaims, thereby subjecting itself to the Delaware Court's jurisdiction.  The Court has entered an order in this case that discovery proceed.  To the extent DSC refuses to comply with its discovery obligations, it is in violation of the Court's Order.

Finally, Gillette's concerns with respect to the deficiencies in DSC's responses to Gillette's First Sets of Requests for Production of Documents and Interrogatories, as set forth in my June 27 and July 8 letters to you, stand.  If you have issues concerning Gillette's responses and objections to



Terry Wit
July 11, 2016
Page 2

DSC's first set of discovery requests, please let us know. However, we reiterate our request to have a meet and confer concerning DSC's deficient discovery responses. As we discussed on Friday's meet and confer, please let us know your availability this week for such a conference.

Sincerely,

*[signature: Jennifer A. Albert]*

Jennifer A. Albert


cc:     Counsel of Record

# Exhibit E

**Redacted In Its Entirety**