IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE GILLETTE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 15-1158 (LPS) (CJB) ) |
| DOLLAR SHAVE CLUB, INC., | ) REDACTED - ) PUBLIC VERSION ) |
| Defendant. | ) |

## GILLETTE'S NOTICE OF SUPPLEMENTAL AUTHORITY

OF COUNSEL:

Mark J. Abate
Alexandra D. Valenti
Steven J. Bernstein
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Jennifer A. Albert
Charles T. Cox
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000

Elaine Herrmann Blais
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1205

Original Filing Date: July 28, 2016
Redacted Filing Date: August 4, 2016

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiff*

Pursuant to D. Del. LR 7.1.2(b), The Gillette Company ("Gillette") respectfully submits *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 2015-1970, slip op. (Fed. Cir. July 26, 2016), which is pertinent to arguments on pages 11-13 of Gillette's Answering Brief in Opposition to Dollar Shave Club Inc.'s ("DSC") Motion to Stay Action (D.I. 48).

In *Verinata Health*, a supply agreement between Illumina sued Ariosa contained "an arbitration clause and an exclusion-from-arbitration clause" providing:

> any dispute, claim or controversy arising out of or relating to the breach, termination, enforcement, interpretation or validity of this Agreement, shall be determined by arbitration…. This Section 31(c) shall not apply to, and no arbitration shall resolve, disputes relating to issues of scope, infringement, validity and/or enforceability of any Intellectual Property Rights.

*Id*. at 3-4. Illumina sued Ariosa for patent infringement. *Id*. at 4. Ariosa asserted a license defense and counterclaimed for declaratory judgments of invalidity and non-infringement and breach of contract. *Id*. at 4-5. The district court denied a motion to compel arbitration of the counterclaims because they "unambiguously relate[d] to issues of patent infringement and thus are outside the scope of the arbitration agreement." *Id*. at 8, 5.

The Federal Circuit affirmed, holding that the contract counterclaim was predicated on whether there was a license and that the scope of that license was excluded from arbitration by the language of the arbitration clause. *Id.* at 9. The Court stated the "arbitration provision is unambiguous": "disputes relating to issues of patent scope and infringement are not subject to mandatory arbitration." *Id*. The patent infringement suit "put the scope of licensed patent rights in issue." *Id*. The counterclaims for declaratory judgment of noninfringement and breach of contract "are predicated on the notion that the infringement allegations cannot stand because of the licensing provisions within the supply agreement." *Id.* "The arbitration clause [only] applies to issues identified by the supply agreement that are not patent-related…." *Id*.

The Federal Circuit held that disputes over the scope of licensed rights do not render a contract clause ambiguous for purposes of invoking the presumption in favor of arbitration. *See id*.

Here, ███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████ precludes arbitration of infringement of Gillette's '513 patent or any license defense to infringement that DSC may allege in the future. Further ███████████

███████████████████████████████████ ███████

███████████████ does not include the '513 patent, ███████████████

███████████████████████████████████████████████

███████████████████████████████ ███ Because ███

███████████ excludes patent infringement and the ███████████████ does not include the '513 patent, as the court held in *Verinata Health*, Gillette cannot be forced to arbitrate infringement of the '513 patent or any license defense that DSC may allege in the future.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Rodger D. Smith II*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
   *Attorneys for Plaintiff*

OF COUNSEL:

Mark J. Abate
Alexandra D. Valenti
Steven J. Bernstein
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Jennifer A. Albert
Charles T. Cox
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC  20001
(202) 346-4000

Elaine Herrmann Blais
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA  02109
(617) 570-1205

July 28, 2016