IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE GILLETTE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-1158-LPS-CJB |
| | ) | |
| DOLLAR SHAVE CLUB, INC., | ) | REDACTED: |
| | ) | PUBLIC VERSION |
| Defendant. | ) | |

**<u>JOINT MOTION TO REDACT TRANSCRIPT</u>**

OF COUNSEL:
Mark J. Abate
Steven Bernstein
GOODWIN PROCTER LLP
620 8th Avenue
New York, NY 10018
(212) 813-8800

Jennifer Albert
Charles Cox
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000

Elaine H. Blais
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Jack B. Blumenfeld (No. 1014)
Rodger D. Smith, II (No. 3378)
MORRIS, NICHOLS, ARSHT &
 TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
*Attorneys for Plaintiff*


OF COUNSEL:  
Charles K. Verhoeven  
Terry L. Wit  
Morgan W. Tovey  
James D. Judah  
QUINN EMANUEL URQUHART &  
  SULLIVAN, LLP  
50 California Street, 22nd Floor  
San Francisco, CA 94111  
(415) 875-6600  

F. Christopher Mizzo  
KIRKLAND & ELLIS LLP  
655 Fifteenth St., N.W.  
Washington, DC 20005  
(202) 879-5000  

Dated: September 1, 2016

John W. Shaw (No. 3362)  
Karen E. Keller (No. 4489)  
David M. Fry (No. 5486)  
SHAW KELLER LLP  
300 Delaware Avenue, Suite 1120  
Wilmington, DE 19801  
(302) 298-0700  
jshaw@shawkeller.com  
kkeller@shawkeller.com  
dfry@shawkeller.com  
*Attorneys for Defendant*

Plaintiff The Gillette Company ("Gillette") and Defendant Dollar Shave Club, Inc. ("DSC") (collectively "the parties") respectfully move the Court to redact certain limited portions of the transcript from the August 1, 2016 teleconference, the disclosure of which would cause a clearly defined and serious injury to the parties. The grounds for this motion are fully set forth below, and the requested redactions are reflected in the transcripts attached as Exhibit A (highlighted) and Exhibit B (redacted).

1. During the August 1 teleconference, the parties discussed the confidential details and terms of two confidential ▮▮▮▮ agreements between ▮▮▮▮▮▮▮▮ ▮▮▮▮ *See, e.g.*, Ex. A at 13:23-16:11, 16:14-18:4, 32:18-33:7. The parties also discussed the identity of a brand name manufacturer – the identity of which is confidential and competitively sensitive business information to DSC – ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ *See, e.g., id.* at 23:19-23:10, 23:14-24:18. DSC further disclosed selected terms of a confidential agreement between ▮▮▮▮ ▮▮▮▮ which has been produced and designated by DSC as "Highly Confidential – Outside Counsel's Eyes Only" in this case. *Id.* at 28:5-10. Specifically, the parties discussed ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ *Id.* Finally, the parties discussed the ▮▮▮▮ ▮▮▮▮▮▮▮▮ *See, e.g., id.* at 4:25-5:7, 6:10-8:13, 8:24-9:21, 9:23-10:7, 10:10-14, 13:9-22.

2. ▮▮▮▮▮▮▮▮ ▮▮▮▮

3. The ▬▬▬▬ agreements are also highly confidential and, ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.[1] In addition, they have been produced and designated by Gillette as "Highly Confidential – Outside Counsel's Eyes Only" pursuant to the Protective Order in this case.

4. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

5. Although "[t]he public has a common law right of access to judicial proceedings and records," this right "is not absolute[.]" *MOSAID Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012). "Every court has inherent supervisory power, and the Third Circuit has held that courts may exercise that power to deny access to judicial records, for example, 'where they are sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). For example, this Court has allowed redaction of "sensitive information, deemed irrelevant to [the] litigation by the Court, and that is not a matter of public record[.]" *Virgin Atl. Airways Ltd. v. Delta Airlines, Inc.*, C.A. No. 11-61-LPS-CJB, D.I. 173 (D. Del. July 7, 2013) (Ex. C).

6. A party seeking to redact a judicial transcript must establish good cause, which requires a specific showing "that disclosure will work a clearly defined and serious injury to [that party]." *Id.* (quotation marks and citations omitted). "Assessing whether good cause exists to seal a judicial transcript generally involves a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *Id.* at 507-08. In conducting this balancing process, courts in the Third Circuit may consider a variety of factors,

---

[1] To limit the distribution of these agreements, the parties have refrained from attaching them here, but will provide copies to the Court upon request.

including "whether disclosure will violate any privacy interests" and "whether the case involves issues important to the public." *Id.* at 508 n.2 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994)).[2]

7. The parties seek to redact those portions of the transcript relating to the confidential agreements, which – if disclosed to the public – would reveal competitively sensitive information about DSC, Gillette, or ▇.

8. With respect to ▇



▇ For example, ▇

▇ Likewise, the confidential fact that ▇

▇ For example, ▇

▇ This is a highly competitive industry where competitors look for any angle they can find to gain an advantage, and releasing this information to the public would cause serious harm to both DSC and ▇.[3]

---

[2] The remaining *Pansy* factors have no bearing on this motion. *See id.*

[3] Gillette does not join in the arguments in this paragraph but does not oppose DSC's request to redact the portions of the transcript referred to by DSC.

3

9. Further, a party learning of the details of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10. Similarly, the parties seek to redact those portions of the transcript relating to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11. Moreover, although the public may have a general interest in the outcome of this litigation, the public has no interest whatsoever in the specific terms of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See LEAP Sys., Inc. v. MoneyTRAX, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011) (affirming district court's refusal to unseal portions of a transcript that reflected the terms of a confidential settlement agreement, noting that "[t]he parties are private entities, their dispute has no impact on the safety and health of the public, and their settlement agreements demonstrate a clear intent to maintain confidentiality"). The fact that this sensitive information was discussed in a transcribed proceeding does not transform it into a matter of public interest.

12. Given the serious risk of competitive harm and the lack of any public interest in the confidential details of DSC's relationships with its suppliers, or ▮▮▮▮ and Gillette's ▮▮▮▮ practices, the parties have established good cause to redact the limited portions of the transcript highlighted in Exhibit A.

WHEREFORE, the parties respectfully request that the Court grant this motion and direct the Clerk of the Court to docket the redacted transcript attached as Exhibit B.

4

| | |
|---|---|
| OF COUNSEL:<br>Mark J. Abate<br>Steven Bernstein<br>GOODWIN PROCTER LLP<br>620 8th Avenue<br>New York, NY 10018<br>(212) 813-8800<br><br>Jennifer Albert<br>Charles Cox<br>GOODWIN PROCTER LLP<br>901 New York Avenue, N.W.<br>Washington, DC 20001<br>(202) 346-4000<br><br>Elaine H. Blais<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>(617) 570-1000 | /s/ Rodger D. Smith, II<br>Jack B. Blumenfeld (No. 1014)<br>Rodger D. Smith, II (No. 3378)<br>MORRIS, NICHOLS, ARSHT &<br>  TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com<br>*Attorneys for Plaintiff* |
| OF COUNSEL:<br>Charles K. Verhoeven<br>Terry L. Wit<br>Morgan W. Tovey<br>James D. Judah<br>QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br><br>F. Christopher Mizzo<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth St., N.W.<br>Washington, DC 20005<br>(202) 879-5000<br><br>Dated: September 1, 2016 | /s/ Karen E. Keller<br>John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>David M. Fry (No. 5486)<br>SHAW KELLER LLP<br>300 Delaware Avenue, Suite 1120<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>dfry@shawkeller.com<br>*Attorneys for Defendant* |

5

## **CERTIFICATE OF SERVICE**

I, Karen E. Keller, hereby certify that on September 1, 2016, this document was served on the persons listed below in the manner indicated:

**BY E-MAIL**

Jack B. Blumenfeld
Rodger D. Smith II
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

Elaine Herrmann Blais
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
eblais@goodwinprocter.com

Mark Abate
Alexandra Valenti
Stephen J. Bernstein
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
mabate@goodwinprocter.com
avalenti@goodwinprocter.com
sbernstein@goodwinprocter.com

Jennifer A. Albert
Charles T. Cox
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000
jalbert@goodwinprocter.com
ccox@goodwinprocter.com


*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE GILLETTE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-1158-LPS-CJB |
| | ) | |
| DOLLAR SHAVE CLUB, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] ORDER

At Wilmington this _____ day of _____, 2016, having considered Plaintiff and Defendant's Joint Motion to Redact Portions of the August 1, 2016 Teleconference, IT IS HEREBY ORDERED that the motion is GRANTED.

The Clerk of the Court shall docket a public version of the transcript containing the redacted material (Exhibit B). The Clerk of the Court shall keep the original, unredacted transcript permanently under seal.

_____
United States Magistrate Judge

# Exhibit A

**REDACTED IN ITS ENTIRETY**

# Exhibit B

**REDACTED IN ITS ENTIRETY**