IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE GILLETTE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOLLAR SHAVE CLUB, INC., DORCO )<br>COMPANY LTD. and PACE SHAVE, INC. )<br>)<br>Defendants. ) | C.A. No. 15-1158 (LPS) (CJB)<br><br>**DEMAND FOR JURY TRIAL** |

**THE GILLETTE COMPANY'S ANSWER TO
DOLLAR SHAVE CLUB, INC.'S AMENDED COUNTERCLAIMS**

Plaintiff, The Gillette Company ("Gillette" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial on the Counterclaims filed by Defendant Dollar Shave Club, Inc. ("DSC" or "Defendant") in response to the First Amended Complaint in this action (the "Amended Counterclaims," *see* D.I. 119 at 13-18). Gillette hereby responds to the numbered paragraphs of the Amended Counterclaims, and in doing so denies the allegations of the Amended Counterclaims except as specifically stated. In answering the Amended Counterclaims, Gillette refers to the patent-in-suit in the following manner: U.S. Patent No. 6,684,513 ("the '513 Patent").

82. In response to Paragraph 82 of DSC's Amended Counterclaims, Plaintiff Gillette admits that DSC purports to state counterclaims. Gillette incorporates by reference the allegations of its First Amended Complaint, and the Introduction of this Reply.[1]

83. Upon information and belief, Gillette admits the allegations of Paragraph 83 of DSC's Amended Counterclaims.

---

[1] Gillette will follow the numbering convention used by DSC. DSC's Amended Counterclaims begin at Paragraph 82.

84. Gillette admits the allegations of Paragraph 84 of DSC's Amended Counterclaims.

85. In response to Paragraph 85 of DSC's Amended Counterclaims, Gillette admits that DSC purports to bring an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and to state counterclaims invoking the subject matter jurisdiction of the Court under 28 U.S.C. §§ 1331 and 1338. Gillette admits that the Court has personal jurisdiction over Gillette and that venue is proper in this district.

86. In response to Paragraph 86 of DSC's Amended Counterclaims, Gillette incorporates by reference the allegations of its First Amended Complaint, and Paragraphs 82-85 of this Reply.

87. Gillette admits the allegations of Paragraph 87 of DSC's Amended Counterclaims.

88. Gillette admits the allegations of Paragraph 88 of DSC's Amended Counterclaims.

89. Gillette lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Amended Counterclaims and, therefore, denies them.

90. Gillette denies the allegations of Paragraph 90 of DSC's Amended Counterclaims.

91. In response to Paragraph 91 of DSC's Amended Counterclaims, Gillette admits that an actual controversy exits between Gillette and DSC regarding DSC's infringement of the '513 Patent.

92. Gillette denies the allegations of Paragraph 92 of DSC's Amended Counterclaims.

93. In response to Paragraph 93 of DSC's Amended Counterclaims, Gillette incorporates by reference the allegations of its First Amended Complaint, and Paragraphs 82-93 of this Reply.

94. Gillette denies the allegations of Paragraph 94 of DSC's Amended Counterclaims.

95. Gillette admits that the '513 Patent includes excerpts as quoted in Paragraph 95 of DSC's Amended Counterclaims, but denies the remaining allegations of Paragraph 95.

96. In response to Paragraph 96 of DSC's Amended Counterclaims, Gillette admits that the cover page of U.S. Patent 3,402,468 ("the '468 patent") states that the '468 patent issued on September 24, 1968.  Gillette denies that col. 1, ll. 9-26 of the '468 patent describe "a thin plating of chromium" applied to the base or "an adherent coating of the polytetrafluoroethylene" applied to the plating.  Gillette denies the remaining allegations of Paragraph 96 of DSC's Amended Counterclaims.

97. In response to Paragraph 97 of DSC's Amended Counterclaims, Gillette admits that the cover page of U.S. Patent, 3,871,836 ("the '836 patent") states that the '836 patent issued on March 18, 1975.  Gillette denies the remaining allegations of Paragraph 97 of DSC's Amended Counterclaims.

98. Gillette denies the allegations of Paragraph 98 of DSC's Amended Counterclaims.

99. In response to Paragraph 99 of DSC's Amended Counterclaims, Gillette admits that an actual controversy exists between Gillette and DSC regarding the validity of the '513 Patent.

100. Gillette denies the allegations of Paragraph 100 of DSC's Amended Counterclaims.

101. Gillette denies the allegations of Paragraph 101 of DSC's Amended Counterclaims.

**PRAYER FOR RELIEF**

In response to DSC's Prayer for Relief, Gillette denies that DSC is entitled to any of the relief requested, for any reason whatsoever and further states that Gillette prays for judgment against DSC, granting Gillette the following relief:

A. That this Court adjudge and decree that the '513 Patent is valid;

B. That this Court adjudge and decree that DSC has infringed, directly and indirectly, the '513 Patent;

C. That this Court permanently enjoin DSC, and its parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, with, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, advertising and/or making use of products that infringe any of the claims of the '513 Patent, or otherwise engaging in acts of infringement of the '513 Patent, all as alleged herein and in Gillette's First Amended Complaint;

D. That this Court, pursuant to 35 U.S.C. § 284, award Gillette such damages as it shall prove at trial against DSC that are adequate to compensate Gillette for said

infringement, said damages to be no less than a reasonable royalty together with interest and costs;

E. That this Court assess pre-judgment and post-judgment interest and costs against DSC, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

F. That this Court declare this case to be exceptional and direct DSC to pay Gillette's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

G. Such other, further and different relief as may be just, equitable and proper.

## JURY DEMAND

Gillette demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Federal Rule of Civil Procedure 38.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

OF COUNSEL:

Mark J. Abate
Steven J. Bernstein
Alexandra D. Valenti
Tyler Doh
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
(212) 813-8800

Jennifer A. Albert
Charles T. Cox
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC  20001
(202) 346-4000

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiff*

Elaine Herrmann Blais
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA  02109
(617) 570-1205

October 24, 2016

Case 1:15-cv-01158-LPS-CJB   Document 159   Filed 10/24/16   Page 7 of 7 PageID #: 4193

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 24, 2016, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>SHAW KELLER LLP<br>300 Delaware Avenue, Suite 1120<br>Wilmington, DE 19801<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Charles K. Verhoeven, Esquire<br>Terry L. Wit, Esquire<br>Morgan W. Tovey, Esquire<br>James D. Judah, Esquire<br>Kevin Smith, Esquire<br>John McCauley, Esquire<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| F. Christopher Mizzo<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth St., N.W.<br>Washington, DC 20005<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)