IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE GILLETTE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 15-1158 (LPS) (CJB) |
| | ) | |
| v. | ) | REDACTED - |
| | ) | PUBLIC VERSION |
| DOLLAR SHAVE CLUB, INC., DORCO | ) | |
| COMPANY LTD. and PACE SHAVE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF THE GILLETTE COMPANY'S ANSWERING BRIEF IN OPPOSITION
TO DEFENDANT DORCO COMPANY LTD.'S MOTION TO DISMISS AND OPENING
BRIEF IN SUPPORT OF ITS MOTION, IN THE ALTERNATIVE, TO OBTAIN
<u>JURISDICTIONAL DISCOVERY FROM DORCO COMPANY LTD.</u>**

OF COUNSEL:

Mark J. Abate
Steven J. Bernstein
Alexandra D. Valenti
Tyler Doh
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
(212) 813-8800

Jennifer A. Albert
Charles T. Cox
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC  20001
(202) 346-4000

Elaine Herrmann Blais
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
(617) 570-1205

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiff*

Original Filing Date: October 31, 2016
Redacted Filing Date: November 7, 2016

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  SUMMARY OF ARGUMENT ........................................................................................ 1

II.  NATURE AND STAGE OF PROCEEDINGS ............................................................... 2

III.  STATEMENT OF FACTS .............................................................................................. 3

IV.  ARGUMENT .................................................................................................................. 6

    A.  Dorco Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction Should be
        Denied .................................................................................................................. 6

        1.  Dorco Ltd. is Subject to Personal Jurisdiction Under the Delaware
            Long-Arm Statute .................................................................................... 7

        2.  Dorco Ltd. is Subject to Personal Jurisdiction Under the Due Process
            Clause .................................................................................................. 12

            a.  Dorco Ltd. Purposefully Directs its Activities at Delaware and
                Gillette's Infringement Claim Arises From Those Activities ........ 12

            b.  Exercising Personal Jurisdiction Over Dorco is Reasonable and
                Fair ........................................................................................... 15

        3.  At a Minimum, Jurisdictional Discovery Should be Permitted .................. 16

    B.  Dorco Ltd.'s Motion to Dismiss for Improper Service Should Be Denied ............ 17

        1.  Dorco Ltd. was Properly Served Under California Law ............................ 18

        2.  Dorco was Properly Served Under Delaware Law .................................... 19

V.  CONCLUSION ............................................................................................................. 20

TABLE OF AUTHORITIES

**Cases**

*Acorda Therapeutics, Inc. v. Mylan Pharms. Inc.*,
  78 F. Supp. 3d 572 (D. Del. 2015)................................................................................ 16

*Asahi Metal Industry Co. v. Superior Court*,
  480 U.S. 102 (1987)........................................................................................... 12, 13, 14

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
  21 F.3d 1558 (Fed. Cir. 1994)................................................................................. passim

*Cephalon, Inc. v. Watson Pharms., Inc.*,
  629 F. Supp. 2d 338 (D. Del. 2009).......................................................................... 19

*Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*,
  395 F.3d 1315 (Fed. Cir. 2005).................................................................................. 16

*DNA Genotek Inc. v. Spectrum DNA*,
  159 F. Supp. 3d 477 (D. Del. 2016)........................................................................... 11

*Elecs. for Imaging, Inc. v. Coyle*,
  340 F.3d 1344 (Fed. Cir. 2003).............................................................................. 8, 15

*Energy Transp. Grp. v. William Demant Holding*,
  2008 WL 78748 (D. Del. 2008)................................................................................. 15

*Godo Kaisha IP Bridge 1 v. TCL Comm'n Tech.*,
  2016 WL 4413140 (D. Del. 2016)............................................................................. 10

*Graphics Props. Holdings, Inc. v. Asus Computer Int'l*,
  70 F. Supp. 3d 654 (D. Del. 2014)......................................................................... passim

*Intellectual Ventures I LLC v. Ricoh Co.*,
  67 F. Supp. 3d 656 (D. Del. 2014)........................................................................... 11

*Khachatryan v. Toyota Motor Sales, U.S.A.*,
  578 F. Supp. 2d 1224 (C.D. Cal. 2008) ............................................................... 18, 19

*Merial Ltd. v. Cipla Ltd.*,
  681 F.3d 1283 (Fed. Cir. 2012)................................................................................ 11

*Metcalfe v. Renaissance Marine, Inc.*,
  566 F.3d 324 (3d Cir. 2009)..................................................................................... 16

*Polar Electro Oy v. Suunto Oy*,
  829 F.3d 1343 (Fed. Cir. 2016)........................................................................ 6, 12, 13

*Power Integrations, Inc. v. BCD Semiconductor Corp.*,
  547 F. Supp. 2d 365 (D. Del. 2008)....................................................................... passim

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
  148 F.3d 1355 (Fed. Cir. 1998)................................................................................ 14

*Robert Bosch LLC v. Alberee Prods.*,
   70 F. Supp. 3d 665 (D. Del. 2014) and C.A. No. 12-574-LPS (March 17, 2016) .............. passim

*Sims v. National Eng'g Co.*,
   221 Cal. App. 2d 511 (1963) ................................................................................... 19

*Sony Corp. v. Pace PLC*,
   2016 WL 593455 (D. Del. 2016) ......................................................................... 10, 16

*Volkswagenwerk A.G. v. Schlunk*,
   486 U.S. 694 (1988) ................................................................................... 17, 18, 19

*W.L. Gore & Assocs. v. Label Techs., Inc.*,
   2009 WL 1372106 (D. Del. 2009) ....................................................................... 10, 15

*Wesley-Jessen Corp. v. Pilkington Visioncare*,
   863 F. Supp. 186 (D. Del. 1993) ............................................................................. 19

*Yamaha Motor Co. v. Superior Court*,
   174 Cal. App. 4th 264 (2009) ........................................................................... 18, 19

**Other Authorities**

10 Del. C. § 3104 ............................................................................................... 20

28 U.S.C. §§ 1331, 1338(a) ................................................................................... 11

4 Cal. C. Civ. Pro. § 415.20 ................................................................................... 18

4 Cal. C. Civ. Pro. § 416.10 ................................................................................... 18

Del. Super. Ct. R. Civ. P. 4(f) ........................................................................... 19, 20

Fed. R. Civ. P. 4(e) ............................................................................................. 17

Fed. R. Civ. P. 4(h) ............................................................................................. 17

Fed. R. Civ. P. 4(k) ............................................................................................. 11

## I.     SUMMARY OF ARGUMENT

Dorco Company Ltd.'s ("Dorco Ltd.") motion to dismiss should be denied.  Dorco Ltd. manufactures and imports infringing razors that are distributed in the United States and in Delaware by Dorco Ltd.'s U.S. subsidiary Pace Shave Inc. ("Pace"), national retailers ███████ ███████████████████.   The Gillette Company's ("Gillette") original complaint named DSC as the sole defendant.  ██████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████.

Dorco Ltd. is subject to personal jurisdiction under Delaware's long-arm statute by acting in concert with ████████████████████████ Pace, ████████ to market, distribute and sell Dorco Ltd. razors in Delaware.  Dorco Ltd. imports razors into the United States ██ ██████████████████████████████████████████ through Pace and national retailers ███████ and Kmart, knowing that its razors will be marketed and sold in Delaware. Dorco Ltd. does not allege a lack of knowledge that its razors are marketed, distributed and sold in Delaware or that it does not intend its razors to be marketed, distributed and sold in Delaware. Dorco Ltd. razors are currently available for purchase in Delaware ███████████████ for delivery to Delaware.

Dorco Ltd. has not taken any action to exclude its razors from the Delaware market.  The best Dorco Ltd.'s declarant can say is that "Dorco has made no direct sales of products to customers in Delaware," D.I. 137 ¶ 23 – a tacit admission that it markets, distributes and sells razors indirectly to customers in Delaware through Pace, national retailers ██████████.

Moreover, Due Process is satisfied under both the "stream of commerce" and "purposeful direction" tests.  Dorco Ltd. ships its razors into the United States through an established distribution network, including its subsidiary Pace and national retailers, knowing that its razors

will be marketed and sold in Delaware.  Dorco Ltd. allows its razors to be marketed and sold in

Delaware using Dorco Ltd.'s name and trademarks.  Dorco Ltd. admits to establishing channels

to provide customer advice to U.S. consumers.  Moreover, Dorco Ltd. designed its razors ▮

███████████████████████████  The exercise of jurisdiction here is not unreasonable or

unfair as ██████████████████████████████████████████████

█████████████  Dorco's Ltd. familiarity with U.S. law is further demonstrated through ▮

██████████████████ and its U.S. patents and trademarks.

        Lastly, Dorco Ltd. cannot run from service.  Gillette has complied with the Federal Rules

by serving Dorco Ltd.'s President in San Diego and also by serving Pace, ███████████

███████████████████  Gillette's service on Dorco Ltd. is valid under both

California and Delaware law and is expressly allowed under the Federal Rules as an alternative

to serving a foreign corporation through the Hague Convention.

## II.    NATURE AND STAGE OF PROCEEDINGS

        Gillette filed its complaint against DSC on December 17, 2015.  Shortly after DSC

answered and counterclaimed, ██████████████████████████████████

████████████  D.I. 16 at 3; ████████████████████████████

████████████████; D.I. 35 at 6-7; D.I. 36 ¶ 17.[1]  A Scheduling Order was

entered on May 16, 2016.  D.I. 20.  The parties have served and answered written discovery,

provided infringement and validity claim charts and are producing documents.[2]   D.I. 99;

D.I. 131; D.I. 79; D.I. 141.



---

[1]      Exs. 1-35 are exhibits to the Declaration of Mark J. Abate in support of this brief.
Exs. A-O are exhibits to the Declaration of John M. Perry, D.I. 85.

[2] ████████████████████████████████████████████████
█████████████  Exs. 2-4, 6-8.

On September 12, 2016, Gillette amended its complaint to add Dorco Ltd. and Pace as defendants. As to personal jurisdiction over Dorco Ltd., Gillette's amended complaint provides:

> Defendant Dorco is subject to personal jurisdiction in this judicial district because <u>Dorco</u> itself, and <u>through its subsidiaries</u>, has engaged in continuous and systematic contacts with Delaware and/or <u>purposefully availed itself of this forum by</u>, amongst other things, <u>marketing</u>, importing, making, <u>shipping</u>, using, <u>offering to sell or selling</u>, or <u>causing others to</u> use, <u>offer to sell, or sell the Accused Products, in Delaware</u>, and <u>deriving substantial revenue from such activities</u>. For example, <u>Dorco</u> continually <u>distributes</u> and/or has distributed <u>the Accused Products through established distribution channels in Delaware, including</u>, but not limited to, upon information and belief, <u>Dollar Shave Club, Costco, Sam's Club, K-Mart, Bed Bath & Beyond, Walgreens, Family Dollar, Dollar General</u>, Dorco USA, Inc., <u>Pace Shave, Inc., and CVS</u>, and <u>has knowledge that its infringing products are sold and/or have been sold through these channels</u>. Upon information and belief, <u>Dorco has not made efforts to exclude Delaware from its distribution networks</u>. Upon information and belief, Dorco has committed, or aided, abetted, contributed to, induced, and or participated in the tortious action of patent infringement that has led to foreseeable harm and injury to Gillette.

D.I. 98 ¶ 10 (emphasis added); *id.* ¶¶ 8, 12, 17-25.[3]

## III.   STATEMENT OF FACTS

Dorco Ltd. is a Korean manufacturer and exporter of razors and blades. Ex. 12. Its website refers to sales of its razors in North America under Dorco, Pace and private label brands through national retailers CVS, K-Mart, Dollar General and others. Ex. 12.

Dorco Ltd. 

D.I. 137 ¶¶ 7, 8. Pace is a wholly-owned subsidiary of Dorco Ltd. and

*Id;* Ex. 13. Dorco Ltd. D.I. 136 ¶ 11;

D.I. 137 ¶¶ 38-40 (title transfers in U.S.). Pace has

Ex. 14; D.I. 136 ¶¶ 13-16.

---

[3]   The underlined allegations are not disputed by Dorco Ltd.'s declarants and are sufficient to establish personal jurisdiction. *See infra* Section IV.A.

Pace also ███████████████████████████████████████████ Ex. 15;
D.I. 136 ¶ 12.

"By strategically aligning with Dorco, Pace Shave ███████████ ha[ve] been able to introduce the pinnacle of shaving innovation to the U.S. consumer…." Ex. 18-20. "Pace Shave offers a full array of private label and OEM services to business customers nationwide.  With mass distribution centers located in Texas and in Georgia, the company can readily meet the demands of its business customers."  Ex. 19.  Pace's website identifies Dorco-manufactured razors available for purchase at its "retail partners'" "nationwide locations" and includes a "Find a Store" feature to locate retailers in Delaware that sell those razors under Dorco, Pace and private label brands.  Ex. 14.  Dorco Ltd. and Pace are also engaged in joint marketing efforts using social and other on-line media.[4]

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████   ████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████

Dorco Ltd. holds 24 U.S. trademark registrations, including trademarks on the name Dorco, a red styled D logo and the name Pace for use on razors.  Exs. 21, 23-25.  Dorco Ltd. also holds over 45 U.S. patents and patent applications.  Ex. 26.

---

[4]  *See* https://www.facebook.com/DorcoPace (displaying Dorco and Pace trademarks); https://www.facebook.com/DorcoShai (same); https://twitter.com/DorcoPace (same); https://twitter.com/DorcoShai (same).

Gillette arranged for the purchase of Dorco, Pace ████ razors in Delaware in August 2016.   Dorco-branded Comfort Thin II razors were purchased at Kmart in Rehoboth Beach.   D.I. 85 ¶ 7; Exs. K-M.   The packaging of those razors indicates that they were manufactured under license from Dorco Ltd. and that the razor blades were manufactured in Korea.  D.I. 85 ¶ 7; Ex. M.  Further, the packaging includes the Dorco brand name and its red stylized D logo (at right).  D.I. 85 ¶ 7; Ex. L.



Dorco-manufactured razors were also purchased at Family Dollar in Laurel, Delaware.   D.I. 85 ¶¶ 4-6; Exs. D-J.  The packaging of those razors indicate that they were distributed by Pace and that the razor blades were manufactured in Korea.  D.I. 85 ¶¶ 4-6; Exs. F, H, J.  Further, the packaging includes the Dorco brand name and its red stylized D logo and provides "Dorco Inside" (at right).  D.I. 85 ¶¶ 4-6; Exs. F, H, J.



████████████████████████████████████

████████████████████████████████████

██████████████████████████████

On September 13, 2016, Gillette attempted service on Dorco Ltd. by hand delivery of the summons and amended complaint to Pace, Dorco USA and Dorco America.  Ex. 9.  Service was refused.  On September 26, 2016, Gillette served Dorco Ltd. by hand delivery of the summons and amended complaint to:   (a) Ju Shik Hong (Dorco Ltd.'s President) at Dorco America's offices in San Diego; and (b) Gina Chung (Pace's CFO) at Pace's offices in San Diego.  D.I. 153 at 2, 4; Exs. 10, 11, 33.   The process server left the summons and complaint with persons of suitable age at each location.  D.I. 153 at 2, 4.  That same day, the process server also mailed the

summons and complaint to Pace and Dorco America's offices in San Diego.  D.I. 153 at 3, 5.

Previously, on September 21, 2016, Gillette's Delaware counsel had served Dorco Ltd. by

sending the summons and amended complaint by Federal Express to Dorco Ltd. at the offices of

Pace, Dorco USA and Dorco America in San Diego.  D.I. 121.[5]

## IV.    ARGUMENT

### A.    Dorco Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction Should be Denied

To establish personal jurisdiction, service on the defendant must be allowed under the

forum state's long-arm statute and the assertion of personal jurisdiction must not violate Due

Process.  *Graphics Props. Holdings, Inc. v. Asus Computer Int'l*, 70 F. Supp. 3d 654, 658-59

(D. Del. 2014); *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1348 (Fed. Cir. 2016).

Delaware's long-arm statute "has been broadly construed to confer jurisdiction to the maximum

extent possible under the due process clause."  *Id.* at 660.   Even if no one provision of

Delaware's long-arm statute provides a basis for jurisdiction, courts may apply "dual

jurisdiction" or "stream of commerce" theory based on partial satisfaction of subsections (c)(1)

and (c)(4).  *Id.* at 659, 662; *Polar Electro*, 829 F.3d at 1352.   Personal jurisdiction under the

stream of commerce theory requires that the:  (i) "defendant displays an intent to serve the

Delaware market"; (ii) "this intent results in the introduction of [a] product into the market"; and

(iii) "plaintiff's cause of action arises from injuries caused by that product."  *Graphics Props.*, 70

F. Supp. 3d at 660, 662; *Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d

365, 374 (D. Del. 2008).

"A non-resident firm's intent to serve the United States market is sufficient to establish

an intent to serve the Delaware market, unless there is evidence that the firm intended to exclude

---

[5]    Dorco Ltd.'s brief refers to ███████████████████████████████████████████

████████████████████████████████████████    *See* D.I. 129; D.I. 140.

6

from its marketing and distribution efforts some portion of the country that includes Delaware." *Graphics Props.*, 70 F. Supp. 3d at 662.  That is, "Delaware's courts do not require evidence that Delaware itself was specifically targeted (which, given the size of this state, would presumably exist rarely if ever)."  *Power Integrations*, 547 F. Supp. 2d at 373-74.

Due Process is satisfied if there are "minimum contacts" between the forum and defendant "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" and "it should reasonably anticipate being haled into court there." *Graphics Props.*, 70 F. Supp. 3d at 659, 663.

### 1. Dorco Ltd. is Subject to Personal Jurisdiction Under the Delaware Long-Arm Statute

Dorco Ltd. is subject to personal jurisdiction under Delaware's long-arm statute by acting in concert with its subsidiary Pace ████████ to market, distribute and sell Dorco razors in Delaware.  Dorco Ltd. markets, distributes and sells its razors directly to Pace ████████ D.I. 137 ¶¶ 38-40; D.I. 136 ¶ 11.  Pace serves as Dorco Ltd.'s ████████████████ and markets, distributes and sells Dorco razors to national retailers, including Kmart, Dollar General, and Family Dollar, who in turn sell those razors to customers in Delaware.  Exs. 13, 14; D.I. 136 ¶¶ 14-16; D.I. 85 ¶¶ 3-7.  Pace's website directs customers to retail stores in Delaware where Dorco Ltd.'s razors can be purchased.  Ex. 14 ("Find a Store" feature).  Dorco razors have been purchased in Delaware and the packaging of those razors bear the Dorco name and logo, which are subject to trademarks owned by Dorco Ltd.  D.I. 85 ¶¶ 4-7; Exs. F, H, J, L.  In addition, Pace ████████████████████ market, distribute and sell Dorco razors over the Internet to customers in Delaware.  Ex. 15; *supra* n.4; D.I. 137 ¶¶ 9, 39; D.I. 85 ¶¶ 8-18; Exs. N, O.  Through Pace, national retailers ████████ Dorco Ltd. has directly targeted the U.S. market, including Delaware.  Exs. 12-14, 18-20, 29, 30.  Dorco Ltd. does not, and indeed cannot, offer

evidence of actions taken to exclude Delaware from its marketing, distribution and sales.  Dorco

Ltd. also knows that its razors are being sold in Delaware because national retailers are identified

on its website and Pace's website and specific retail stores in Delaware selling Dorco razors are

identified on Pace's website.  Exs. 12, 14 ("Find a Store" feature); D.I. 136 ¶¶ 13-16.

Dorco Ltd.'s declarants do not dispute the following allegations in the amended

complaint:  (1) Dorco Ltd. has knowledge that its razors are being marketed, distributed and sold

in Delaware; (2) Dorco Ltd. derives substantial revenue from sales of its razors in Delaware;

(3) Dorco Ltd. has targeted the U.S. market by taking actions directed to introducing its razors

into the U.S. market; and (4) Dorco Ltd. has not affirmatively taken steps to exclude its razors

from the Delaware market.  *See supra* Section II.[6]  Those facts alone, which should be accepted

by the Court along with all factual inferences in Gillette's favor, are sufficient to satisfy the

Delaware long-arm statute.[7]

Dorco Ltd. only takes issue with whether it has made "direct sales" and shipments to

customers in Delaware and whether it has "direct relationships" with "physical retailers" in

Delaware.   D.I. 137 ¶¶ 23, 41, 42.   Through those statements Dorco Ltd. tacitly admits to:

(1) indirectly selling and shipping razors through Pace, national retailers ▮▮▮▮▮ to customers

in Delaware; and (2) ▮▮▮▮▮▮▮▮▮▮▮▮, which markets, distributes

and sells razors to customers in Delaware.  Those admissions alone are sufficient to establish

personal jurisdiction.  *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563

---

[6]    Dorco Ltd.'s brief obliquely references ▮▮▮▮▮▮▮▮▮▮ without Dorco
Ltd.'s "knowledge or control."  D.I. 135 at 16.  However, the declarations do not support a lack
of knowledge and, in fact, studiously avoid the question of whether Dorco Ltd. has knowledge of
its razors being sold in Delaware.  *See* D.I. 137 ¶¶ 21-23, 40, 41.

[7]    Gillette need only make a prima facie showing that Dorco Ltd. is subject to personal
jurisdiction in the forum state.  *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir.
2003).  The Court should accept uncontroverted allegations in the complaint as true and resolve
factual disputes in Gillette's favor.  *Id.*

(Fed. Cir. 1994) (personal jurisdiction where defendant "only denies *direct* shipments and sales by Ultec into Virginia"); *Graphics Props.*, 70 F. Supp. 3d at 662.

Thus, the three-part test for personal jurisdiction under a "stream of commerce" theory is satisfied. Dorco Ltd. displays an intent to serve the Delaware market by directing its razors to the U.S. market through Pace, national retailers ███████ and not taking steps to exclude its razors from the Delaware market. Dorco Ltd.'s intent to serve the Delaware market results in the introduction of infringing razors into that market as manifest by the infringing razors purchased in Delaware. Gillette's cause of action for patent infringement arises from injuries caused by those sales of infringing razors. The razors purchased in Delaware are accused of infringement in this case. Accordingly, Dorco Ltd.'s activities satisfy Delaware's long-arm statute.

Dorco Ltd.'s activity is similar to other cases in which the Delaware long-arm statute has been found to reach the activity of foreign corporations. For example, in *Graphics Properties*, ASUS Taiwan sold computers to ASUS Singapore in Taiwan or China. 70 F. Supp. 3d at 658. ASUS Singapore sold the computers to ASUS California at ports in California and then ASUS California sold the products to retailers throughout the U.S., including Delaware. *Id.* A key fact for the Court was that ASUS's products were available in at least three Best Buy retail stores in Delaware and ASUS Taiwan and ASUS Singapore were "aware of and actively utilize these reseller outlets to  sell the accused devices."  *Id*. at 662.  On those facts, the Court exercised personal jurisdiction over ASUS Taiwan and ASUS Singapore. *Id.* at 662, 664.

Likewise, in *Robert Bosch LLC v. Alberee Prods.*, 70 F. Supp. 3d 665 (D. Del. 2014) and C.A. No. 12-574-LPS (March 17, 2016) (Ex. 31), defendant API Korea Co. manufactured windshield wiper blade components and sold them to Alberee Products in Korea. 70 F. Supp. 3d at 671.  Alberee imported those components into the U.S. and worked with Saver Products to

assemble them into wiper blades which were marketed and sold to U.S. retailers including Costco. *Id.* The Court found personal jurisdiction over the foreign manufacturer where "jurisdictional discovery ha[d] shown that API is not only aware that the components it ships to Alberee are used in wiper blade products sold in the U.S. through a U.S. distribution chain involving Alberee, Saver, and Costco, but also knows that Costco is one of the largest distributors in the U.S." Slip Op. at 5. The Court noted that the accused wiper blades were actually sold by Costco in Delaware and that "[i]n the absence of any evidence that API intended to exclude Delaware from the U.S. distribution of the finished wiper blade products containing the API components, the Court finds that API had an intent to serve the Delaware market." Slip Op. at 5-6;[8] *see Godo Kaisha IP Bridge 1 v. TCL Comm'n Tech.*, 2016 WL 4413140, at *7 (D. Del. 2016) ("intent to distribute the products throughout the United States is sufficient to establish … intent to serve the Delaware market specifically."); *Sony Corp. v. Pace PLC*, 2016 WL 593455, at *4 (D. Del. 2016) (supply chain from manufacturer to importer to resellers established manufacturer's intent to serve Delaware).[9]

Dorco Ltd. argues that sales in the U.S. occur without its "influence, direction or control." D.I. 137 ¶ 40. However, a non-resident's "intent to serve the United States market is

---

[8]     Dorco Ltd. ignores the later opinion in *Robert Bosch*, Ex. 31.

[9]     *See also W.L. Gore & Assocs. v. Label Techs., Inc.*, 2009 WL 1372106, at *3 (D. Del. 2009) (LTI sold vents to Valeo that were incorporated into Valeo's automotive headlamps and that were in turn incorporated into cars at a Delaware manufacturing plant; "the court finds it difficult to accept that LTI did not have the intent and purpose to serve the Delaware market."); *Power Integrations*, 547 F. Supp. 2d at 372 ("[I]n *Boone,* the Superior Court found the manufacturer's intent and purpose to serve Delaware implicit in its intent to serve the United States as a whole through its distributor[,] in the actual shipment of asbestos through distribution channels into Delaware, and in evidence that the manufacturer derived substantial revenue from Delaware.") ("The French defendants who challenged jurisdiction in *Wright* licensed various U.S. entities to manufacture and sell diet pills throughout this country. Finding a 'clear pattern of repeated activity' in Delaware, evidenced by substantial sales in Delaware, the *Wright* Court found … the French defendants' intent and purpose to serve Delaware implicit in their interactions with third parties who in turn served the Delaware market.").

sufficient to establish an intent to serve the Delaware market, unless there is evidence that the firm intended to exclude from its marketing and distribution efforts some portion of the country that includes Delaware." *Graphics Props.*, 70 F. Supp. 3d at 662; *Power Integrations*, 547 F. Supp. 2d at 373. There is no evidence that Dorco Ltd. acted to exclude Delaware.

Dorco Ltd.'s authorities are distinguishable. In *Intellectual Ventures I LLC v. Ricoh Co.*, 67 F. Supp. 3d 656, 661 (D. Del. 2014), there was no personal jurisdiction over a Japanese company because title over its products was transferred in Japan before importation in the U.S. such that the Japanese company was "doing business solely in Asia." Here, Dorco Ltd.'s razors are imported into the U.S., where title is transferred and are marketed and sold in Delaware by Pace, national retailers ███████ *See supra* Section III.

In *DNA Genotek Inc. v. Spectrum DNA*, 159 F. Supp. 3d 477, 481-82 (D. Del. 2016), personal jurisdiction was lacking where the defendant delivered its product to its customer (Ancestry)—████████████████ and not a wholly owned subsidiary—and had no distribution contract with Ancestry. Here, Dorco Ltd. imports and sells its razors to Pace, █ ███████ and wholly-owned subsidiary. In addition, Dorco Ltd. imports and sells razors to ████████████████████[10]

---

[10] If the Court accepts Dorco Ltd.'s argument that Delaware's long-arm statute does not apply, long-arm jurisdiction under Fed. R. Civ. P. 4(k)(2) would be triggered. Under that rule, a district court can exercise personal jurisdiction if "(1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to personal jurisdiction in the courts of any state, and (3) the exercise of jurisdiction satisfies due process requirements." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1293-94 (Fed. Cir. 2012). This patent-infringement case arises under federal law, satisfying the first factor. *See* 28 U.S.C. §§ 1331, 1338(a). As to the second factor, Dorco Ltd.'s arguments apply equally to all of U.S. *See* D.I. 135 at 4 (no business "anywhere else in the U.S."). Dorco Ltd. has not provided evidence of personal jurisdiction in another state. 681 F.3d at 1293-94. Finally, personal jurisdiction is consistent with Due Process. *See infra.*

2. **Dorco Ltd. is Subject to Personal Jurisdiction Under the Due Process Clause**

Due Process requires consideration of "(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Polar Electro*, 829 F.3d at 1348. The first two prongs correspond to having sufficient "minimum contacts" with the forum state. *Id.* Exercising personal jurisdiction over Dorco Ltd. is consistent with Due Process because it has minimum contacts with Delaware and the exercise of personal jurisdiction is not unreasonable or unfair.

a. **Dorco Ltd. Purposefully Directs its Activities at Delaware and Gillette's Infringement Claim Arises From Those Activities**

Dorco Ltd. has minimum contacts with Delaware under both tests set forth in *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112, 117 (1987). With respect to Justice Brennan's test, Dorco Ltd. has introduced its razors into the U.S. stream of commerce, fully aware that they would end up across the U.S., including in Delaware. *See supra* IV.A.1. With respect to Justice O'Conner's test, a number of activities by Dorco Ltd. satisfy the "additional conduct" requirement. *Power Integrations*, 547 F. Supp. 2d at 375. First, Dorco Ltd. purposefully ships its product across the U.S., including Delaware, through an established distribution network and supply chain formed by Pace, ▆▆ and various national retailers, such as Dollar General, Family Dollar, and K-Mart. *See supra* Section III. Through these established channels, Dorco Ltd. purposefully avails itself of the privilege of conducting activities in Delaware, constituting sufficient contacts with Delaware to sustain specific jurisdiction. *Beverly Hills*, 21 F.3d at 1564-66 (defendants' distribution channel including another party satisfied "minimum contacts" because "the defendants knew, or reasonably could have foreseen, that a termination point of the channel was [the forum State]"); *Polar Electro*, 829 F.3d at 1350-51

(defendant's "acting in consort" with sister company which took title outside of the U.S. and supplied Delaware constituted "minimum contacts"); *Graphics Props.*, 70 F. Supp. 3d at 664 (distribution channels formed by defendant's U.S. subsidiary and Best Buy to ship products throughout the U.S., including Delaware, satisfied "minimum contacts"); *Robert Bosch*, Slip Op. at *7-8 (distribution channel involving various entities including retailer Costco "targeting the U.S. market" constituted minimum contacts with Delaware).

Dorco Ltd.'s attempt to distinguish this line of cases based on an alleged "lack of control" is unavailing. First, like defendants in *Beverly Hills*, *Polar Electro*, *Graphics Props.* and *Robert Bosch*, Dorco Ltd. controls its shipments to the U.S. such that it knew, or reasonably could have foreseen, that a termination point was Delaware. Indeed, Dorco Ltd. maintains title and control until the products are provided to Pace ████ in the U.S. D.I. 137 ¶¶ 38-40.

Second, Dorco Ltd. "markets [its] product[s] through a distributor who has agreed to serve as the sales agent in" Delaware. *Asahi*, 480 U.S. at 112. Dorco Ltd provides razors to Pace ████ who provide those razors to national retailers and customers in Delaware. D.I. 137 ¶¶ 7, 8, 38-40; Ex. 13, ████████ Dorco Ltd.'s website advertises that its razors are available at "CVS, Walgreen, K-Mart [and] Dollar General." Ex. 12. As advertised, Dorco Ltd.'s razors were purchased in Delaware at Dollar General, K-Mart and Family Dollar ████████ D.I. 85 ¶¶ 3-18; *see Beverly Hills*, 21 F.3d at 1565-66 ("[I]f the sale ... is not simply an isolated occurrence, but arises from the efforts of the [defendant] to serve, directly or indirectly, the market for its product ..., it is not unreasonable to subject it to suit. And [t]he forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."). Dorco Ltd. and Pace

13

are engaged in joint marketing efforts.  Exs. 13, 25, *supra* n.4.  Indeed, the razors purchased in Delaware included Dorco's name and the red stylized D, which are registered trademarks of Dorco Ltd., evidencing the intentional nature of its marketing and advertising efforts in Delaware.  Exs. 23, 24, D.I. 85 ¶¶ 4-7; Exs. F, H, J, L; *see Beverly Hills*, 21 F.3d at 1567-68 (purchases made after defendant aware of infringement allegation such that "defendants' conduct in this case was equally intentional."); *Robert Bosch*, Slip Op. at *7.

Third, Dorco Ltd. has established "channels for providing regular advice to customers" in Delaware.  *Asahi*, 480 U.S. at 112.  Dorco Ltd. admits that it receives customer inquiries about its products on its website ███████████████████████ D.I. 137 ¶¶ 26-28.  It is immaterial that Dorco Ltd. may not directly answer the inquiries.  Dorco Ltd. established "channels" for customer advice by designing its website to accept inquiries from the U.S., by receiving those inquires, organizing them by location and ███████████████

Fourth, Dorco Ltd. "purposefully availed itself of the privileges and laws of Delaware by designing products for the U.S. market."  *Robert Bosch*, Slip Op. at *7-8.  Dorco Ltd.'s products ████████████████████████ enjoy protection under U.S. patent and trademark laws. Ex. 1 ████████████ Exs. 21, 23-26, 32.  Contrary to Dorco Ltd.'s arguments, a particular focus on Delaware regulations, as opposed to U.S. regulations, by is not required here.[11]

Furthermore, Gillette's patent infringement claims arise out of Dorco Ltd.'s above-described activities.  *See Graphics Props.*, 70 F. Supp. 3d at 664.  Therefore, the first two prongs of the Due Process analysis are met.

---

[11]    Dorco Ltd.'s reliance on *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998), a declaratory judgment case, is misplaced.  There, personal jurisdiction was lacking over a patent holder where the cause of action related to a cease-and-desist letter sent into the forum state.  "[S]uch letters cannot satisfy the second prong of the Due Process inquiry … when [the patent holder's] only contacts with that forum were efforts to give proper notice of its patent rights."  *Id.*

**b.** **Exercising Personal Jurisdiction Over Dorco is Reasonable and Fair**

When the plaintiff has established that there are minimum contacts in the Due Process

analysis, the burden shifts to the defendant to prove that personal jurisdiction is unreasonable.

*Elecs. for Imaging*, 340 F.3d at 1351-52.  A defendant must "present a compelling case that the

presence of some other considerations would render jurisdiction unreasonable." *Id.*

Dorco Ltd. cannot plausibly argue that it will have an undue burden litigating this case,



Moreover, Dorco Ltd.

should have "reasonably anticipate[d] being haled into court" in Delaware as Dorco Ltd. knew,

or reasonably should have known, that its razors were distributed and sold in Delaware.  That

Dorco Ltd. is a foreign company ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ does not constitute

an undue burden as "progress in communications and transportation has made the defense of a

lawsuit in a foreign tribunal less burdensome." *Beverly Hills*, 21 F.3d at 1569; *see Energy*

*Transp. Grp. v. William Demant Holding*, 2008 WL 78748, at *5 (D. Del. 2008).  Over twenty

years after *Beverly Hills*, this statement is even more true today.  *See W.L. Gore*, 2009 WL

1372106 at *4 ("Delaware's interest in this dispute is significant" and "is not outweighed by the

burden on LTI of litigating this action in Delaware.").

Dorco Ltd. also cannot profess ignorance of U.S. law and its judicial system.  It has

routine business dealings ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

*Beverly Hills*, 21 F.3d at 1569 (knowledge of U.S. judicial system through "business dealings");

Ex. 1 ⬛⬛⬛⬛⬛⬛⬛ D.I. 16 at 3; D.I. 35 at 6-7; D.I. 36 ¶ 17, Exs. 27, 28.

Further, Dorco Ltd. has filed numerous patent and trademark applications, Exs. 21, 23-26, ███

███████████████████████████████████████████████████████████ This is

evidence of at least some knowledge of U.S. corporate law, contract law, patent and trademark

law, regulatory law and federal court practice.

Relying on *Acorda Therapeutics, Inc. v. Mylan Pharms. Inc.*, 78 F. Supp. 3d 572, 598

(D. Del. 2015), Dorco Ltd. argues that "the *Acorda Therapeutics* party most like [Dorco] was the

parent defendant, Mylan, Inc."  D.I. 135 ¶ 20.  However, there, the Court allowed jurisdictional

discovery.  *Id.* at 598.  Moreover, *Acorda Therapeutics* was a Hatch-Waxman case where

infringement is triggered by the regulatory filing of an ANDA and Mylan, Inc. was not

responsible for the ANDA's filing.  *Id.* at 597.

### 3.    At a Minimum, Jurisdictional Discovery Should be Permitted

If the Court concludes that the existing record is insufficient to exercise jurisdiction over

Dorco, Gillette respectfully requests an opportunity to take jurisdictional discovery.  Such

discovery is appropriate when a plaintiff makes factual allegations that suggest the *possible*

existence of requisite contacts between the defendant and Delaware.  *Commissariat a L'Energie*

*Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005).

Jurisdictional discovery is "particularly important where the defendant is a corporation," and

should be allowed unless a plaintiff's claim of personal jurisdiction is "clearly frivolous."

*Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009).[12]

Gillette has shown that Dorco Ltd. has an established distribution network that results in

sales of its products in Delaware.  At the very least, Gillette has made a *prima facie* showing for

---

[12]    This Court has granted requests for jurisdictional discovery against foreign defendants.
*See, e.g.*, *Robert Bosch*, 70 F. Supp. 3d at 681(discovery from Korean manufacturer); *Power*
*Integrations*, 547 F. Supp. 2d at 376-77 (discovery from Chinese company); *Sony Corp.*, 2016
WL 593455, at *5 (discovery from Japanese corporation).

jurisdictional discovery with factual allegations that suggest the possible existence of requisite contacts between Dorco Ltd. and Delaware. *See Commissariat*, 395 F.3d at 1323. Jurisdictional discovery is particularly appropriate here because Dorco Ltd.'s own factual allegations are suspect. Dorco Ltd. relies on a declaration from an *R&D* employee who likely does not have first-hand knowledge of Dorco Ltd.'s relationship ███████████████████████ or its advertising, marketing and sales directed to Delaware. *See* D.I. 137 ¶ 1. Other statements and omissions in the declaration raise further questions:

- Ms. Ahn's tacit admissions that Dorco indirectly markets, distributes, and sells razors to Delaware customers and directly markets, distributes, and sells razors to ██████ █████████ D.I. 137 ¶¶ 23, 41.

- Ms. Ahn's failure to address whether Dorco intends for its products to be distributed, marketed, or sold in Delaware, or if Dorco knows that its products are distributed, marketed, and sold in Delaware.

- Ms. Ahn's omission of Dorco's ownership of U.S. patents and trademarks, including the trademarks on the names Dorco and Pace, which are used on Dorco razors sold in Delaware. *Id.* ¶ 12.

- Ms. Ahn states that ████████████████████████████████ ███████████████████████████████████

If the Court concludes the record is insufficient, it should permit Gillette to obtain the requested documents, and to take depositions of Dorco Ltd.'s declarants.

### B.      Dorco Ltd.'s Motion to Dismiss for Improper Service Should Be Denied

Dorco Ltd. would have this Court believe that the Hague Convention offers the only pathway to serving a foreign company. That is simply not true. The Federal Rules provide several avenues to serve a foreign corporation. Fed. R. Civ. P. 4(h)(1). Service is effective pursuant to the law of "the state where the district court is located or of the state where service is effected." Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). Gillette properly served Dorco Ltd. under both

California and Delaware law by serving its President in San Diego, and its agent, Pace, in San Diego. *Volkswagenwerk A.G. v. Schlunk*, 486 U.S. 694, 706-08 (1988) (foreign corporation served through U.S. subsidiary without implicating The Hague).[13]

### 1.      Dorco Ltd. was Properly Served Under California Law

Gillette properly served Dorco Ltd. through its President Mr. Hong by substitute service on September 26, 2016.  The summons and amended complaint were left at Mr. Hong's San Diego office and mailed to his office, in compliance with California law.  D.I. 153 at 4-5; Ex. 33; 4 Cal. C. Civ. Pro. § 416.10(b) (service of corporation by delivering summons and complaint to its President); 4 Cal. C. Civ. Pro. § 415.20(a) (service by leaving documents at a person's office and then mailing copies to the same address).[14]  Serving Dorco Ltd.'s President at his office and mailing address "is reasonably calculated, under all the circumstances, to apprise [Dorco Ltd.] of the pendency of the action and afford [Dorco Ltd.] an opportunity to present [its] objection." *Volkswagenwerk*, 486 U.S. at 707.

Gillette also properly served Dorco Ltd. through in-person service and substitute service on Pace.  California allows for service of a corporation by delivering a copy of the summons and complaint on a "general manager," which includes domestic subsidiaries of foreign corporations. 4 Cal. C. Civ. Pro. § 416.10; *Yamaha Motor Co. v. Superior Court*, 174 Cal. App. 4th 264, 274 (2009) (Yamaha Japan properly served through its U.S. subsidiary and exclusive distributor); *Khachatryan v. Toyota Motor Sales, U.S.A.*, 578 F. Supp. 2d 1224, 1227-28 (C.D. Cal. 2008)

---

[13]      To ensure enforceability of the judgment in this case, Gillette also commenced service of Dorco Ltd. through The Hague Convention.  Ex. 5.  On October 11, 2016, Gillette mailed a request for service abroad of extrajudicial documents, including translations, to the Hague Central Authority for Korea.  Ex. 5 ¶ 4.  The request was delivered to the Hague Central Authority for Korea on October 13, 2016.  Ex. 5 ¶ 5.  If the Court determines that Dorco Ltd. has not been served, Gillette nonetheless respectfully requests that Dorco Ltd.'s motion to dismiss be denied to allow service through The Hague Convention to be perfected.

[14]      The San Diego address of Dorco America is registered with the California Secretary of State as an address for Mr. Hong.  Ex. 11.

(Toyota Japan properly served through its U.S. subsidiary, "exclusive sales agent" and distributor). Gillette served Dorco Ltd. by leaving the summons and complaint at Pace's office and by mailing them to that office. D.I. 153 at 2-3.

Pace is the ███████████████████████████████ Ex. 13; provides marketing, ████████████████████████████████████████████████ Exs. 14, 15; D.I. 137 at 26-28; and uses Dorco Ltd.'s logo and trademarks in its marketing materials, Exs. 23-25; D.I. 85 ¶¶ 4-7, Exs. F, H, J, L. Pace provides Dorco Ltd. "substantially the business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents in the state [which is] sufficient to render [Pace] a general manager for service of process." *See Khachatryan*, 578 F. Supp. 2d at 1227 (U.S. subsidiary used trademarks and logos of Toyota Japan); *Yamaha*, 174 Cal. App. 4th at 268; *Sims v. National Eng'g Co.*, 221 Cal.App.2d 511, 515 (1963). Accordingly, service on Dorco Ltd. was also effective under California law by serving Pace.[15]

### 2.    Dorco was Properly Served Under Delaware Law

Dorco Ltd. was also properly served under Delaware law, which allows for service on a foreign defendant by delivering copies of the summons and complaint to a managing or general agent. Del. Super. Ct. R. Civ. P. 4(f)(1)(III). Agency focuses not only on control but also on the arrangement between the parent and the subsidiary, the authority bestowed and its relation to plaintiff's claim. *See Wesley-Jessen Corp. v. Pilkington Visioncare*, 863 F. Supp. 186, 188-89 (D. Del. 1993). "[A]n agency relationship may exist between corporate affiliates with close business ties." *Id.* at 188 (manufacturer and distributor "present[ed] themselves as a unified

---

[15]    The summons and complaint need not have been mailed overseas to effectuate service in California. *Yamaha*, 174 Cal. App. 4th at 267 ("when service is valid under state law on the American subsidiary of a foreign manufacturer, there is no need to serve papers in accord with the Hague Service Convention"); *Volkswagenwerk*, 486 U.S. at 706–708.

entity to their employees and to the marketplace"); *Cephalon, Inc. v. Watson Pharms., Inc.*, 629

F.Supp.2d 338, 348 (D. Del. 2009).

Pace is Dorco Ltd.'s general or managing agent because it is a wholly-owned subsidiary,

D.I. 136 ¶ 5; Dorco Ltd. and Pace ████████████████████████████████████

████████ D.I. 137 ¶ 35; ████████████████████████████ Ex. 13; ████████

████████████████████████████████████ Exs. 1, 27, 28.  Further,

Dorco Ltd. fosters a view of itself and Pace as unified entities in the marketplace through its

ownership of Dorco Ltd. and Pace trademarks and through joint marketing efforts including use

of those trademarks by both Dorco and Pace.  Exs. 13, 14, 23-25; *supra* n.4; D.I. 85 ¶¶ 4-7,

Exs. F, H, J, L.  Indeed, Dorco Ltd. and Pace have presented themselves as a unified entity with a

"global network" including the U.S. and a "corporate foot print[] in the United States."  Exs. 29,

30.  Therefore, service on Pace as Dorco Ltd.'s general manager was effective as to Dorco Ltd.[16]

## V.    CONCLUSION

Gillette respectfully requests that the Court deny Dorco Ltd.'s motion to dismiss or, in the

alternative, allow for jurisdictional discovery and an opportunity to supplement this opposition.

---

[16]    Pace need not have mailed the summons and complaint overseas.  Del. Super. Ct.
Rule 4(f)(1)(III); 10 Del. C. § 3104(d).

Morris, Nichols, Arsht & Tunnell LLP

*/s/ Rodger D. Smith II*

_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Mark J. Abate
Steven J. Bernstein
Alexandra D. Valenti
Tyler Doh
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
(212) 813-8800

Jennifer A. Albert
Charles T. Cox
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC  20001
(202) 346-4000

Elaine Herrmann Blais
Goodwin Procter LLP
100 Northern Avenue
Boston, MA  02210
(617) 570-1205

October 31, 2016