IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE GILLETTE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-1158 (LPS) (CJB) |
| | ) | |
| DOLLAR SHAVE CLUB, INC., DORCO | ) | **JURY TRIAL DEMANDED** |
| COMPANY LTD. and PACE SHAVE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**THE GILLETTE COMPANY'S ANSWER TO
PACE SHAVE, INC.'S COUNTERCLAIMS**

Plaintiff, The Gillette Company ("Gillette" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial on the Counterclaims filed by Defendant Pace Shave, Inc. ("Pace" or "Defendant") in response to the First Amended Complaint in this action (the "Counterclaims," *see* D.I. 132 at 13-18). Gillette hereby responds to the numbered paragraphs of the Counterclaims, and in doing so denies the allegations of the Counterclaims except as specifically stated. In answering the Counterclaims, Gillette refers to the patent-in-suit in the following manner: U.S. Patent No. 6,684,513 ("the '513 Patent").

83. In response to Paragraph 83 of Pace's Counterclaims, Plaintiff Gillette admits that Pace purports to state counterclaims. Gillette incorporates by reference the allegations of its First Amended Complaint, and the Introduction of this Answer.[1]

84. Upon information and belief, Gillette admits the allegations of Paragraph 84 of Pace's Counterclaims.

85. Gillette admits the allegations of Paragraph 85 of Pace's Counterclaims.

---

[1] For ease of reference, Gillette will follow the numbering convention used by Pace. Pace's Counterclaims begin at Paragraph 83.

86. In response to Paragraph 86 of Pace's Counterclaims, Gillette admits that Pace purports to bring an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and to state counterclaims invoking the subject matter jurisdiction of the Court under 28 U.S.C. §§ 1331 and 1338. Gillette admits that the Court has personal jurisdiction over Gillette and that venue is proper in this District.

87. In response to Paragraph 87 of Pace's Counterclaims, Gillette incorporates by reference the allegations of its First Amended Complaint, and Paragraphs 83-86 of this Answer.

88. Gillette admits the allegations of Paragraph 88 of Pace's Counterclaims.

89. Gillette admits the allegations of Paragraph 89 of Pace's Counterclaims.

90. Gillette lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of Pace's Counterclaims and, therefore, denies them.

91. Gillette denies the allegations of Paragraph 91 of Pace's Counterclaims.

92. In response to Paragraph 92 of Pace's Counterclaims, Gillette admits that an actual controversy exists between Gillette and Pace regarding Pace's infringement of the '513 Patent.

93. Gillette denies the allegations of Paragraph 93 of Pace's Counterclaims.

94. In response to Paragraph 94 of Pace's Counterclaims, Gillette incorporates by reference the allegations of its First Amended Complaint, and Paragraphs 83-93 of this Answer.

95. Gillette denies the allegations of Paragraph 95 of Pace's Counterclaims.

96. Gillette admits that the '513 Patent includes excerpts as quoted in Paragraph 96 of Pace's Counterclaims, but denies the remaining allegations of Paragraph 96.

97. In response to Paragraph 97 of Pace's Counterclaims, Gillette admits that the cover page of U.S. Patent No. 3,402,468 ("the '468 patent") states that the '468 patent issued on September 24, 1968. Gillette denies that column 1, lines 9-26 of the '468 patent describe "a thin plating of chromium" applied to the base or "an adherent coating of the polytetrafluoroethylene" applied to the plating. Gillette denies the remaining allegations of Paragraph 97 of Pace's Counterclaims.

98. In response to Paragraph 98 of Pace's Counterclaims, Gillette admits that the cover page of U.S. Patent No. 3,871,836 ("the '836 patent") states that the '836 patent issued on March 18, 1975. Gillette denies the remaining allegations of Paragraph 98 of Pace's Counterclaims.

99. Gillette denies the allegations of Paragraph 99 of Pace's Counterclaims.

100. In response to Paragraph 100 of Pace's Counterclaims, Gillette admits that an actual controversy exists between Gillette and Pace regarding the validity of the '513 Patent.

101. Gillette denies the allegations of Paragraph 101 of Pace's Counterclaims.

102. Gillette denies the allegations of Paragraph 102 of Pace's Counterclaims.

## **PRAYER FOR RELIEF**

In response to Pace's Prayer for Relief, Gillette denies that Pace is entitled to any of the relief requested, for any reason whatsoever and further states that Gillette prays for judgment against Pace, granting Gillette the following relief:

A. That this Court adjudge and decree that the '513 Patent is valid;

B. That this Court adjudge and decree that Pace has infringed, directly and indirectly, the '513 Patent;

C. That this Court permanently enjoin Pace, and its parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, with, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, advertising and/or making use of products that infringe any of the claims of the '513 Patent, or otherwise engaging in acts of infringement of the '513 Patent, all as alleged herein and in Gillette's First Amended Complaint;

D. That this Court, pursuant to 35 U.S.C. § 284, award Gillette such damages as it shall prove at trial against Pace that are adequate to compensate Gillette for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

E. That this Court assess pre-judgment and post-judgment interest and costs against Pace, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

F. That this Court declare this case to be exceptional and direct Pace to pay Gillette's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

G. Such other, further and different relief as may be just, equitable and proper.

## JURY DEMAND

Gillette demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Federal Rule of Civil Procedure 38.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Rodger D. Smith II* |
| OF COUNSEL: | _____ |
| | Jack B. Blumenfeld (#1014) |
| Mark J. Abate | Rodger D. Smith II (#3778) |
| Steven J. Bernstein | 1201 North Market Street |
| Alexandra D. Valenti | P.O. Box 1347 |
| Tyler Doh | Wilmington, DE  19899 |
| GOODWIN PROCTER LLP | (302) 658-9200 |
| The New York Times Building | jblumenfeld@mnat.com |
| 620 Eighth Avenue | rsmith@mnat.com |
| New York, NY  10018 | |
| (212) 813-8800 | *Attorneys for Plaintiff* |
| | |
| Jennifer A. Albert | |
| Charles T. Cox | |
| GOODWIN PROCTER LLP | |
| 901 New York Avenue, N.W. | |
| Washington, DC  20001 | |
| (202) 346-4000 | |
| | |
| Elaine Herrmann Blais | |
| GOODWIN PROCTER LLP | |
| 100 Northern Avenue | |
| Boston, MA  02210 | |
| (617) 570-1205 | |
| | |
| November 7, 2016 | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 7, 2016, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>SHAW KELLER LLP<br>300 Delaware Avenue, Suite 1120<br>Wilmington, DE 19801<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Charles K. Verhoeven, Esquire<br>Terry L. Wit, Esquire<br>Morgan W. Tovey, Esquire<br>James D. Judah, Esquire<br>Kevin Smith, Esquire<br>John McCauley, Esquire<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| F. Christopher Mizzo<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, DC 20005<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)