IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE GILLETTE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | REDACTED - PUBLIC VERSION |
| v. | ) | C.A. No. 15-1158-LPS-CJB |
| | ) | |
| DOLLAR SHAVE CLUB, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM DAVID M. FRY

Jack B. Blumenfeld (No. 1014)
Rodger D. Smith II (No. 3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
*Attorneys for Plaintiff
The Gillette Company*

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
dfry@shawkeller.com
*Attorneys for Defendants Pace Shave, Inc.
and Dollar Shave Club, Inc.*

Dated: November 21, 2016



David M. Fry
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0705
dfry@shawkeller.com

November 21, 2016

**BY CM/ECF AND HAND DELIVERY**
The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801



    Re:    *The Gillette Co. v. Dollar Shave Club, Inc.*, et al., C.A. No. 15-1158-LPS-CJB

Dear Judge Burke:

    Plaintiff The Gillette Company ("Gillette") and Defendants Pace Shave Inc. ("Pace") and Dollar Shave Club, Inc. ("DSC") respectfully submit this letter in response to the Court's November 16, 2016 oral order regarding Pace and DSC's request to modify the case schedule.

    **Pace and DSC's Position**

    Gillette filed its complaint against DSC on December 17, 2015. Although Gillette knew that Pace and Dorco Company Ltd. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ it did not name either as a defendant. Accordingly, Pace did not participate in scheduling negotiations, attend the scheduling conference, or have any input into the scheduling order, which was entered on May 16, 2016. (D.I. 20). Gillette then waited until September 2, 2016—two months before the substantial production deadline and less than three months before claim construction was set to begin—to amend its complaint to add Pace and 44 newly accused Pace products. (D.I. 82).

    Following its addition to the case, Pace sought to negotiate a reasonable extension to the schedule. Pace answered on October 12, 2016, and then contacted Gillette to propose a schedule that modified certain discovery and case management deadlines without changing the dispositive motions hearing or trial dates, and thus did not affect the ultimate timeline of the case. *See* Ex. B (letter from T. Wit to J. Albert). The parties met and conferred, but Gillette insisted that Pace be held to the original schedule—despite that certain of the deadlines had already passed.

    The case schedule should be modified because it "cannot reasonably be met" by Pace. Fed. R. Civ. P. 16(b)(4), 1983 advisory committee notes; *see also, e.g., Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985) (recognizing a district court's "inherent power to conserve judicial resources by controlling its own docket"). ***First***, the deadline for substantial completion of document production was November 1, 2016—just six weeks after Pace was served with the complaint and six days ***before*** the deadline for Pace to respond to Gillette's first set of ***120*** document requests. It was not logistically possible—much less reasonable—to expect Pace to collect, review, and produce its documents six weeks after it was served, and before its responses and objections to Gillette's requests were even due.[1] Gillette's reference below to the scheduling dispute in *Invensas Corp. v. Renesas Elecs. Corp.* is inapposite, as there the movant was an existing defendant seeking a six-month extension when

---

[1] For comparison, the original schedule gave Gillette and DSC more than five months to complete document production and nearly six months until the first claim construction deadline.

**SHAW KELLER LLP**

The Honorable Christopher J. Burke
Page 2

its subsidiary was added – here Pace seeks a short extension, was not previously a party, nor took part in setting the schedule, and DSC is an independent third party not under Pace's control.

*Second*, Pace cannot meaningfully participate in claim construction before it receives infringement contentions. Gillette amended its initial charts after adding Pace, but did not chart the 44 Pace products; instead, it only added a sentence—with no analysis—stating the original three DSC products are representative of the new products. Ex. C (Gillette's cover pleading). Gillette claims that it need not supplement its charts because **Pace** has not demonstrated that the new products are materially different. But it is **Gillette's** burden to show that "representative" products are truly representative. *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, C.A. No. 04-133-KAJ, 2005 WL 3988905, at *1 n.2 (D. Del. Oct. 7, 2005) (rejecting argument that three cell phones are representative of 12 other phones when not supported by sufficient analysis); *see also Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 285-86 (D. Del. 2012) (emphasizing that the burden always remains on the plaintiff to show infringement). Gillette's refusal to chart specific claims against the 44 new Pace products prevents (i) an orderly claim construction process and (ii) Pace from meaningfully engaging in same. Neither of Gillette's authorities below is on point, as they did not involve infringement contentions, and in any event each plaintiff there presented actual evidence of representativeness, not a conclusory statement.

Finally, the current scheduling issues were caused by Gillette's own delay, which undermines any claim of prejudice it might make (despite there being no trial delay in Pace's proposal). Gillette served Pace with a third-party subpoena on May 27, 2016, five months after the complaint was filed. (D.I. 29, Ex. C). After Pace objected and refused to produce documents, Gillette waited another month to send a response to Pace's objections. Pace replied to that letter within two weeks (in July), but Gillette never responded or took any other actions. If Gillette needed the documents immediately (or wished to ensure that Pace was collecting them), it should have pursued its requests or moved to amend at that time. It did neither, and Pace should not be forced into an unworkable case schedule because of Gillette's delay. For these reasons, Pace and DSC respectfully request that the Court adopt the proposed case schedule attached as Exhibit A, which allows Pace to meaningfully participate, without prejudicing Gillette and without delaying the ultimate summary judgment and trial deadlines.

**Gillette's Position**

Gillette expressed willingness to address legitimate concerns over the discovery deadlines. For example, Gillette offered to extend Pace's document production deadline and suggests a 60 day extension. Gillette also would agree to brief extensions for filing the joint claim construction chart and claim construction briefs. However, because Pace's request is based on two false premises—that Pace's joinder was somehow late and Gillette's initial infringement claim charts are insufficient—there is no basis to rewrite the entire schedule.

[redacted] As this dispute unfolded and discovery proceeded, including Pace's refusal to provide discovery in response to a third-party subpoena, the need to join Dorco/Pace became clear. Gillette moved to

SHAW KELLER LLP

The Honorable Christopher J. Burke
Page 3

amend its complaint on September 2, before the deadline in the Scheduling Order for joinder of parties. D.I. 20 at 2; D.I. 82.[2] Pace waited over two months, until November 7, to first contact Gillette concerning the schedule. Exh. B. Because Gillette moved to join Dorco/Pace before the joinder deadline, the remaining deadlines in the Scheduling Order presumptively should be maintained. *See Invensas Corp. v. Renesas Elecs.*, No. 11-448-GMS-CJB, Mem. Order, D.I. 105, at *2, 8-9 (D. Del. Apr. 24, 2013) (denying request to modify case schedule when a party was added by deadline). Indeed, that is one of the reasons for the joinder deadline.

With respect to Gillette's initial infringement claim charts, Pace improperly attempts to use a scheduling conference to challenge their sufficiency. Pace should be required to follow the procedure for resolution of discovery disputes. D.I. 6 (referral order); D.I. 20 at 7-8 (procedure for discovery disputes). Moreover, Gillette's claim charts refer to DSC's "Humble Twin", "The 4X" and "The Executive" razors. Gillette amended its initial infringement claim charts on October 6 to state that those razors are representative of Dorco/Pace razors, which they are. D.I. 36, ¶¶6, 9, 10; D.I. 102 at 7.

Further, Gillette's investigation prior to amending the complaint revealed that

Therefore, Gillette's charting of representative products is proper. *See Kenexa Brassring, Inc. v. Taleo Corp.*, 751 F. Supp. 735, 746-47 (D. Del. 2010) (one product demonstrated infringement of all products); *Riverbed Tech. Inc., v. Silver Peak Sys.*, 2014 WL 266303, *4 (D. Del. Jan. 24, 2014) (one software version representative of all versions).[3]

Pace's claim that its needs more time to consider claim construction rings hollow. Pace's request is another attempt to delay this case while

---

[2] Gillette did not have a proper basis to allege that              at the time Gillette filed its original complaint.

[3] The Amended Complaint added one new product line—3 bladed razors.
The so-called "44 new products" include ten replacement cartridges—*e.g.* "Pace 6 Plus" razor (SXA 5000) and "Pace 6 Plus" cartridges (SXA 5040), D.I. 98, ¶2, .g. the "Pace 6" has "Torq" and disposable versions SXB 100, SXB 200 and SXB 300, D.I. 98, ¶2.

SHAW KELLER LLP

The Honorable Christopher J. Burke
Page 4

                                        Respectfully,

                                        */s/ David M. Fry*

                                        David M. Fry (No. 5486)

cc:     Clerk of the Court (by hand delivery)
         Counsel of Record (by CM/ECF)

# Exhibit A

**Pace and DSC's Proposed Modified Case Schedule**

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Initial Infringement Contentions (Pace Products) | N/A | December 16, 2016 |
| Initial Invalidity Contentions (Pace) | N/A | January 17, 2017 |
| Identification of Claim Terms and Proposed Constructions | November 14, 2016 | January 27, 2017 |
| Joint Claim Construction Chart | December 7, 2016 | February 17, 2017 |
| Interim Status Report | January 4, 2017 | March 1, 2017 |
| Substantial Completion of Document Production (Pace) | N/A | March 8, 2017 |
| Opening Claim Construction Briefs and Technology Tutorials | January 18, 2017 | March 20, 2017 |
| Responsive Claim Construction Briefs and Responses to Technology Tutorials | February 13, 2017 | April 10, 2017 |
| Claim Construction Hearing | March 6, 2017 | Week of April 24, 2017 |
| Final Infringement Contentions | May 26, 2017 | July 10, 2017 |
| Motions to Amend to Allege Inequitable Conduct | June 2, 2017 | July 14, 2017 |
| Supplemental Identification of Accused Products and Invalidity References | June 9, 2017 | July 31, 2017 |
| Final Invalidity Contentions | June 16, 2017 | July 31, 2017 |
| Close of Fact Discovery | June 30, 2017 | August 17, 2017 |
| Opening Expert Reports | July 17, 2017 | August 28, 2017 |

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Rebuttal Expert Reports | August 28, 2017 | October 2, 2017 |
| Reply Expert Reports | September 18, 2017 | October 23, 2017 |
| Close of Expert Discovery | October 13, 2017 | November 3, 2017 |
| Summary Judgment and *Daubert* Motions | October 19, 2017 | November 9, 2017 |
| Answering Summary Judgment and *Daubert* Briefs | November 20, 2017 | December 8, 2017 |
| Reply Summary Judgment and *Daubert* Briefs | December 4, 2017 | December 29, 2017 |
| Summary Judgment and *Daubert* Hearing | January 23, 2018 | Unchanged |
| Pretrial Order | April 20, 2018 | Unchanged |
| Pretrial Conference | April 27, 2018 | Unchanged |
| Trial | May 14, 2018 | Unchanged |

# Exhibit B

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
(415) 875-6331

WRITER'S INTERNET ADDRESS
terrywit@quinnemanuel.com

November 7, 2016

**VIA ELECTRONIC MAIL**

Jennifer A. Albert
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001
jalbert@goodwinprocter.com

Re:   *The Gillette Company v. Dollar Shave Club, Inc.*, C.A. No. 15-1158 (LPS)

Dear Jennifer:

As a result of Gillette's delay in seeking to join Pace Shave as a defendant, modifications to the case schedule will be necessary in order to accommodate the addition of a new party and avoid duplication of effort and inefficiency for the Court and the litigants – e.g. combining the claim construction process for all parties, as opposed to having one process for Dollar Shave Club ("DSC") and then a later process for Pace Shave.

A revised schedule is also necessary given that Gillette has yet to provide specific initial infringement contentions as to the forty-four new Pace Shave products that were added to the First Amended Complaint. As we have previously noted, Gillette's existing claim charts do not satisfy its obligations under Delaware's Default Standard for Discovery because they only include charts for the three DSC products that have been in the case since December 2015, not the forty-four new Pace Shave products Gillette accused for the first time in September.

Accordingly, we propose the following amended schedule, which maintains the existing trial date and later-stage deadlines from the prior Scheduling Order, while adjusting some interim deadlines in light of the new posture of the case:

| EVENT | CURRENT SCHEDULE | PROPOSED SCHEDULE |
|---|---|---|
| **Initial Claim Charts (Pl.) as to Pace Accused Products** | | Friday, December 16, 2016 |
| **Initial Invalidity Contentions (Def.) (Pace)** | | Tuesday, January 17, 2017 |

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

| | | |
|---|---|---|
| **Claim Construction Issue ID** | Monday, November 14, 2016 | Friday, January 27, 2017 |
| **Joint Claim Construction Chart** | Wednesday, December 7, 2016 | Friday, February 17, 2017 |
| **Interim Status Report** | Wednesday, January 4, 2017 | Wednesday, March 1, 2017 |
| **Document Production Substantial Completion (Pace)** | | Wednesday, March 8, 2017 |
| **Initial Claim Construction Brief and Tutorial** | Wednesday, January 18, 2017 | Monday, March 20, 2017 |
| **Responsive Claim Construction Brief; Objections to Tutorial** | Monday, February 13, 2017 | Monday, April 10, 2017 |
| **Hearing on Claim Construction** | Monday, March 6, 2017 | Monday, April 24, 2017 |
| **Final infringement contentions (Pl.)** | Friday, May 26, 2017 | Monday, July 10, 2017 |
| **Amendment for Allegations of Inequitable Conduct** | Friday, June 2, 2017 | Friday, July 14, 2017 |
| **Supplemental ID of Accused Products and Invalidity References** | Friday, June 9, 2017 | Monday, July 31, 2017 |
| **Final Invalidity Contentions (Def.)** | Friday, June 16, 2017 | Monday, August 7, 2017 |
| **Discovery Cutoff - Fact** | Friday, June 30, 2017 | Thursday, August 17, 2017 |
| **Initial Disclosure of Expert Testimony** | Monday, July 17, 2017 | Monday, August 28, 2017 |
| **Supplemental Expert Disclosure to Contradict or Rebut** | Monday, August 28, 2017 | Monday, October 2, 2017 |
| **Reply Expert Reports** | Monday, September 18, 2017 | Monday, October 23, 2017 |
| **Case Dispositive Motions Open** | Monday, October 9, 2017 | Monday, October 30, 2017 |
| **Discovery Cutoff – Expert** | Friday, October 13, 2017 | Friday, November 3, 2017 |
| **Case Dispositive Motions and Daubert Motions Deadline** | Thursday, October 19, 2017 | Thursday, November 9, 2017 |
| **Opposition Briefs to Dispositive and Daubert Motions** | Monday, November 20, 2017 | Friday, December 8, 2017 |
| **Reply Briefs to Dispositive and Daubert Motions** | Monday, December 4, 2017 | Friday, December 29, 2017 |
| **Hearing on Dispositive and Daubert Motions** | Tuesday, January 23, 2018 | Tuesday, January 23, 2018 |
| **Proposed Pretrial Order** | Friday, April 20, 2018 | Friday, April 20, 2018 |
| **Pretrial Conference** | Friday, April 27, 2018 | Friday, April 27, 2018 |
| **Trial** | Monday, May 14, 2018 | Monday, May 14, 2018 |

| Jennifer Albert | 3 | November 7, 2016 |
|---|---|---|

Please let us know if Gillette will join our request for a Case Management Conference to implement a revised schedule. Although we would prefer that the parties speak jointly on this issue, given the pending deadlines and Gillette's apparent effort to seek to hold a brand new defendant, Pace Shave, to an ongoing schedule entered some six months ago without Pace Shave's input,[1] we need to raise this issue with the Court no later than Wednesday, November 9. Accordingly, if Gillette does not agree with our proposal, please let us know when you are available to meet and confer either on Tuesday, November 8, or Wednesday prior to 2:00 p.m. EST.

Sincerely,

*[signature: Terry Wit]*

Terry L. Wit

*cc:*   Mark J. Abate, Rodger D. Smith II

---

[1]  Both DSC and Pace Shave have pending motions to stay this action in its entirety pending the resolution of the ongoing ICC arbitration. This request for an amended scheduling order is made without prejudice to, or waiver of, DSC's or Pace Shave's positions set forth in those motions to stay, and is necessitated by Gillette's refusal to agree to stay these proceedings in favor of the arbitration, while at the same time (i) waiting some nine months into this action to name Pace Shave as a defendant and (ii) attempting to hold Pace Shave to major case deadlines coming barely a few weeks after it was served with the First Amended Complaint.

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE GILLETTE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 15-1158 (LPS) (CJB) |
| | ) |
| DOLLAR SHAVE CLUB, INC., DORCO | ) |
| COMPANY LTD. and PACE SHAVE, INC. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF THE GILLETTE COMPANY'S PARAGRAPH 4(C)**
<u>**AMENDED INITIAL CLAIM CHARTS**</u>

Plaintiff The Gillette Company ("Gillette") hereby serves its amended initial claim charts pursuant to Paragraph 4(c) of the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Delaware Default Standard for Discovery") to Defendants Dollar Shave Club, Inc. ("DSC"), Dorco Company Ltd. ("Dorco"), and Pace Shave Inc. ("Pace," collectively "Defendants") regarding U.S. Patent No. 6,684,513 ("the '513 Patent"). Gillette provides this disclosure based on information reasonably available to it as of the date of this disclosure, without the benefit of any substantial discovery in this case. DSC has provided limited technical documentation regarding its products to Gillette in the course of discovery to date. Moreover, Gillette has not yet received any discovery from Dorco or Pace, as both were recently added as Defendants. Gillette may amend or supplement this disclosure upon further investigation and upon receiving additional discovery in this case. In particular, Gillette reserves the right to provide additional claim charts and infringement contentions after inspection and testing of the product samples that were previously produced by DSC, and samples that may later be produced by Dorco and Pace. Gillette specifically reserves the right to amend, revise, correct, supplement, or clarify any of its claim charts at any time. In

10529287.1

particular, Gillette reserves the right to amend, supplement, or revise its claim charts based upon further investigation; fact or expert discovery; production of documents or witnesses for deposition; Defendants' invalidity contentions, noninfringement contentions, or proposed claim constructions; or any claim construction of the Court.

These amended initial claim charts are without any concession, agreement, admission, or waiver of any determination of relevance, admissibility, or discoverability of particular information for any purpose, and without waiver of any attorney-client privilege, work product, or other privilege or immunity.

## I. DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS

Subject to ongoing discovery and investigation, Gillette hereby contends that Defendants directly and/or indirectly infringe claims 1-2, 6, 8, 15-17, 19-20, 23, 24, 28-29 and 31-38 under one or more of 35 U.S.C. § 271 (a), (b), (c) and (g) by using, selling, offering for sale and/or importing into the United States the Accused Instrumentalities set forth in Part II below. Gillette may supplement its position as to infringement after receiving adequate discovery concerning the Accused Instrumentalities.

## II. DISCLOSURE OF ACCUSED INSTRUMENTALITIES AND CONTENTIONS

As detailed in Gillette's Initial Disclosure Pursuant to Paragraph 4(a) of the Delaware Default Standard for Discovery, the '513 Patent is asserted against at least "The Humble Twin," "The 4X" and "The Executive" and cartridges thereto ("DSC's Accused Products"), and the "Pace 6 Plus" razor (SXA 5000), "Pace 6 Plus" cartridges (SXA 5040), the "Pace 6" razor (SXA 1000), "Pace 6" cartridges (SXA 1040), the "Pace 4" razor (FRA 1000), "Pace 4" cartridges (FRA 1040), the "Pace 3" razor (TRA 1000), "Pace 3" cartridges (TRA 1040), the "Pace 3 & 4 Try Me" razor (FRA 1005), the "Comfort Thin II" razor (TNA 3006),

2

"Comfort Thin II" cartridges (TNA 3050), the "Pace 6 Disposable" razor (SXA 200 and SXB 100), the "Pace 4 Disposable" razor (FRA 100), the "Pace 3 Disposable" razor (TRB 100, TRA 400, TRA 200 and TRA 100), the "Pace Twin Blade Disposable" razor (TG 1101M, TG 710M, TG 711M and TG 708), "Pace Twin Blade" cartridges (TGP 100), the "Shai 6 Smooth Touch" razor (SXA 2000), "Shai 6 Smooth Touch" cartridges (SXA 2040), the "Shai 6" razor (SXA 3000), "Shai 6" cartridges (SXA 3040), the "Shai 4" razor, (FRA 2000), "Shai 4" cartridges (FRA 2040), the "Shai 3" razor (TRA 2000), "Shai 3" cartridges (TRA 2040), the "Shai 3 & 4 Try Me" razor (FRA 2002), the "Shai 6 Disposable" razor (SXA 400), the "Pace 6 Disposable" razor (SXA 300), the "Shai 4 Disposable" razor (FRA 200), the "Shai 3 Disposable" razor (TRA 100, TRA 200, TRA 400 and TRA 500), the "Lady Pace Twin Blade Disposable" razor (TG1101), the "Pace Twin Blade Disposable" razor (TG 710 and TG 711), the "Torq" razor, the "Swipe" razor, and private label brands of any of the above razors or cartridges (collectively, the "Accused Instrumentalities"). The three claim charts attached hereto as Attachments A-C taken together, show each element of each asserted claim in the '513 Patent that Gillette contends are infringed by the Accused Instrumentalities. The charts specifically identify each infringing step or element practiced by DSC's The Humble Twin, The 4X, and The Executive products, which are representative of the Accused Instrumentalities. These charts are initial exemplary claim charts only and may be supplemented or supplemental infringement contentions may be provided in response to interrogatories requesting Gillette's infringement contentions as discovery progresses.

The following acronyms are used in the attached claim charts:

| BFTEM | Bright Field Transmission Electron Microscopy |
|-------|-----------------------------------------------|
| STEM  | Scanning Transmission Electron Microscopy     |

3

| EDS | Energy Dispersive Spectrometry |
|---|---|
| SADP | Selected Area Diffraction Pattern |

Defendants directly infringe each of the asserted claims at least by virtue of its selling, offering for sale and/or importation into the United States of the Accused Instrumentalities.

In addition, Defendants have been inducing and/or contributing to consumers' direct infringement of the '513 Patent claims by selling, offering for sale and/or importing into the United States the Accused Instrumentalities for subsequent infringing use by Defendants' consumers. Defendants perform such acts with full knowledge of Gillette's patent rights.

DSC has been aware of the '513 Patent since no later than the filing of the Complaint on December 17, 2015. On information and belief, Dorco and Pace have been aware of the '513 Patent since shortly after the filing of the Complaint on December 17, 2015, and in any event no later than the filing of the First Amended Complaint on September 12, 2016. Notwithstanding its knowledge of the '513 Patent, and its claims, Defendants continue to infringe and, on information and belief, unless enjoined, will continue to do so.

At this time, Gillette contends that every claim limitation is literally satisfied by the Accused Instrumentalities. To the extent Defendants dispute that the claims are literally infringed or that any claim limitation is not literally satisfied, Gillette may rely on the doctrine of equivalents. To the extent that Defendants contend that the Accused Instrumentalities do not have the claimed coatings, Gillette may, for example, contend that the Accused Instrumentalities include an outer layer of PTFE and a carbon-chromium structure with a compositional gradient. This carbon-chromium structure together with the PTFE layer in the Accused Instrumentalities

4

is insubstantially different from and performs substantially the same function, in substantially the same way, to achieve substantially the same results as the limitations recited in the claims. Gillette may amend, revise, correct, supplement, clarify, or augment its position on infringement under the doctrine of equivalents of any asserted claim limitations after obtaining discovery in this case and/or the Court's claim construction.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Rodger D. Smith II* |
|  | Jack B. Blumenfeld (#1014) |
|  | Rodger D. Smith II (#3778) |
|  | 1201 North Market Street |
| OF COUNSEL: | P.O. Box 1347 |
|  | Wilmington, DE  19899 |
| Mark J. Abate | (302) 658-9200 |
| Steven J. Bernstein | jblumenfeld@mnat.com |
| Alexandra D. Valenti | rsmith@mnat.com |
| Tyler Doh |  |
| GOODWIN PROCTER LLP | *Attorneys for Plaintiff* |
| The New York Times Building |  |
| 620 Eighth Avenue |  |
| New York, NY  10018 |  |
| (212) 813-8800 |  |

Jennifer A. Albert
Charles T. Cox
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC  20001
(202) 346-4000

Elaine Herrmann Blais
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
(617) 570-1205

November 1, 2016