# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Rodger D. Smith II**
(302) 351-9205
rsmith@mnat.com

July 17, 2018

The Honorable Leonard P. Stark　　　　　　　　　　　　　　*VIA ELECTRONIC FILING*
U.S. District Court
 for the District of Delaware
844 North King Street
Wilmington, DC  19801

　　　　Re:　*The Gillette Company v. Dollar Shave Club, Inc., et al.,*
　　　　　　C.A. No. 15-1158 (LPS)

Dear Chief Judge Stark:

　　　　Plaintiff The Gillette Company LLC ("Gillette") and Defendants Dollar Shave Club, Inc., Pace Shave Inc., and Dorco Co. Ltd. ("Defendants") jointly submit this letter to the Court as a status update and to provide proposed schedules in view of the Third Circuit Court of Appeal's lifting of the stay in this case.

## I.　Status Update

　　　　This case was stayed by the Third Circuit on October 16, 2017, pending resolution of Defendants' appeal of the Court's denial of Defendants' motion to stay the litigation pending arbitration.  On June 12, 2018, the International Chamber of Commerce ("ICC") issued a final award by a panel of three arbitrators in favor of Gillette.  The parties agreed that the Third Circuit appeal was mooted by the final award issued by the ICC.  On June 22, 2018, Pace and Dorco filed an unopposed motion with the Third Circuit to vacate the Court's order denying a stay, given that the arbitration is complete and there is no longer any need for a stay.  On July 5, 2018, the Third Circuit granted the motion to vacate and ordered that "[t]he stay pending appeal is lifted, and the case is remanded to the District Court for further proceedings as appropriate."  Case No. 17-2741, July 5, 2018 Order.

## II.　Proposed Schedule

　　　　The parties have met and conferred regarding a proposed schedule for the case now that the stay has been lifted.  The parties' respective proposed schedules, and supporting positions, are set forth below.

The Honorable Leonard P. Stark
July 17, 2018
Page 2

|  | **Previous Deadline** | **Gillette's Proposed Dates** | **Defendants' Proposed Dates** |
|---|---|---|---|
| Fact Discovery Cutoff | October 17, 2017 | August 3, 2018 | Oct. 5, 2018 |
| Opening Expert Reports | November 7, 2017 | August 13, 2018 | Nov. 5, 2018 |
| Rebuttal Expert Reports | December 5, 2017 | September 17, 2018 | Dec. 18, 2018 |
| Reply Expert Reports | December 22, 2017 | October 1, 2018 | Jan. 18, 2018 |
| Expert Discovery Cutoff | January 10, 2018 | October 26, 2018 | Feb. 8, 2019 |
| Case Dispositive and *Daubert* Motions Deadline | January 17, 2018 | November 2, 2018 | Feb. 20, 2019 |
| Answering Briefs in opposition to Case Dispositive and *Daubert* Motions | February 14, 2018 | November 28, 2018 | Mar. 27, 2019 |
| Reply Briefs in support of Case Dispositive and *Daubert* Motions | February 28, 2018 | December 7, 2018 | Apr. 15, 2019 |
| Hearing on Dispositive and *Daubert* Motions | March 3, 2018 at 3pm | December 21, 2018 (subject to court's availability) | Apr. 24, 2019 (subject to court's availability) |
| Proposed Pretrial Order | April 20, 2018 | January 14, 2019 | June 6, 2019 |
| Pretrial Conference | April 27, 2018 at 9:00 am | January 21, 2019 (subject to court's availability) | June 24, 2019 (subject to court's availability) |
| Trial | May 14, 2018 | February 4, 2019 (subject to court's availability) | July 22, 2019 (subject to court's availability) |

The Honorable Leonard P. Stark
July 17, 2018
Page 3

    A.    **<u>Gillette's Proposed Schedule</u>**

At every opportunity in this litigation, Defendants have sought to delay resolution of Gillette's patent infringement claims. As early as the first scheduling conference, Defendants asked the Court to stay this litigation for early summary judgment proceedings. D.I. 22, Case Management Conference Tr. at 19:2-23 (May 9, 2016). Defendants then sought to derail this case by seeking arbitration, arguing that Gillette's infringement claims are barred by a covenant not to sue and arbitration clause in a 2008 settlement agreement and that the arbitration should proceed while this litigation was stayed. D.I. 34, 101, 463, 483. Although never successful before this Court, on appeal of the Court's final denial of their various stay motions, Defendants convinced the Third Circuit to stay this litigation pending resolution of Defendants' appeal. In other words, Defendants managed to win by losing, obtaining the very relief they sought even though it was denied by this Court. As a result, the case has been stayed for nine months, since October 16, 2017. D.I. 550.

While Gillette's infringement action was stayed, the co-pending arbitration on Defendants' licensing defense proceeded to briefing and a hearing on the merits—a costly endeavor for Gillette.[1] On June 6, 2018, a unanimous panel of three arbitrators issued their decision: The 2008 agreement has nothing to do with Gillette's infringement claims in this case, and the arbitration (filed two years earlier in June 2016) should never have been initiated in the first place. Following that decision, on July 5, the Third Circuit lifted the stay and dismissed Defendants' appeal as moot. No. 17-2741 Order (3d Cir. July 5, 2018).

To be clear: Gillette's ability to obtain compensation and injunctive relief for Defendants' patent infringement has been delayed **_over nine months_** because of baseless allegations that Gillette's infringement claims were subject to a covenant not to sue and agreement to arbitrate.

Only *one* day of fact discovery remained when the case was stayed in this Court. Although there were discovery disputes outstanding that remain so today, including the disputes presented to the Court (*see* D.I. 542; D.I. 543; D.I. 545; D.I. 546), the parties stood ready to complete all other aspects of fact discovery, including new and supplemental written discovery responses and final document productions. As referred to by Defendants in their third point below, the parties have already agreed to much of the remaining outstanding discovery, all of which will be complete in the near future. Gillette will produce documents today, and Defendants have agreed to produce the majority of their agreed-upon documents by this Friday, July 20, and the remaining documents by early August. Defendants will take a deposition next week for a witness (the only outstanding agreed-upon fact witness deposition) that they noticed less than two weeks before the stay was imposed.

---

[1]     The arbitral tribunal held that it had jurisdiction over Dorco/Pace's claims and would hear argument on the merits. That decision was inconsistent with this Court's ruling that it, and not the arbitrators, should decide whether an agreement to arbitrate covered any of Gillette's claims. D.I. 459 at 4-5, 10.

The Honorable Leonard P. Stark
July 17, 2018
Page 4

In an attempt to further delay this litigation, Defendants raise additional discovery disputes that are irrelevant, unduly burdensome, and plainly expand the scope of discovery in this case. Gillette will only briefly address here the merits of the "new" issues raised by Defendants. First, all but one of the issues—Defendants' request for documents concerning Gillette3 and Gillette5—are not actually new. The parties had exchanged correspondence regarding these issues before the stay was entered, yet Defendants never sought an extension of fact discovery due to these issues prior to the stay.[2] There is no reason why those same issues should cause any delay now. Defendants have already deposed three other named inventors on the patent-in-suit, and Gillette does not intend to call the other two inventors as witnesses in support of their case. Moreover, Gillette has already told Defendants that: 1) it has already produced its documents on patent marking that it could locate after a reasonable search and, in any event, Gillette will not rely on patent marking, obviating Defendants' request for a corporate deposition on that topic; 2) it has already searched for and produced relevant documents regarding Mach3; and 3) it has already produced licenses and settlement agreements in response to Defendants' requests. No further dispute should remain as to these issues. As for documents regarding the Gillette3 and Gillette5 products, Defendants' request is overbroad and unduly burdensome because those products did not launch until after the stay was entered.

As such, Gillette proposes closing fact discovery on August 3, about a month from the date that the Third Circuit lifted the stay and almost two months after the arbitration decision. And Gillette's proposed trial date is pushed back about nine months, from May 2018 to February 2019,[3] reflecting the length of time the case was stayed. Gillette's choice not to seek preliminary injunctive relief is immaterial and does not justify further delaying this case. In any event, Gillette is harmed each and every day that this case proceeds without resolution.

Defendants claim that Gillette's proposal is inconsistent with the Court's form scheduling order, but Gillette's proposed schedule provides essentially the same amount of time between deadlines as the agreed-upon schedule previously entered in this case. In contrast, Defendants, taking advantage of the stay, propose delaying the case even further. Indeed, although the parties had discussed taking a deposition after the close of fact discovery (which was noticed just before the fact discovery close), Defendants never requested an extension of fact

---

[2] Defendants allege that "the parties had been discussing extending fact and expert discovery deadlines to account for many of these outstanding issues." Those discussions did not happen. But even Defendants acknowledge that there was never any discussion of "changing all other pre-existing case deadlines."

[3] Defendants state that their lead counsel has conflicting trial and hearing in February and March 2019. Defendants are represented by two national law firms, each having a number of first-chair trial lawyers that could try this case. Indeed, Defendants are represented with two lead trial counsel from each firm (Messrs. Wit and Tovey of Quinn Emanuel and Messrs Arovas and Mizzo of Kirkland & Ellis). The notion that Defendants would not be able to prepare for and try this case in early 2019 with its extensive manpower is absurd. Moreover, as in all civil cases, there is a substantial likelihood that those cases may settle or be postponed so that there is no reason to delay trial in this case based on the pendency of any other suits.

The Honorable Leonard P. Stark
July 17, 2018
Page 5

discovery despite the same discovery issues that they raise here.  Yet Defendants now ask this Court to further delay the case for *three more months* to allow additional fact discovery—a delay Defendants do not dispute is only possible because of their unsuccessful detour into arbitration.  Defendants have also delayed in negotiating with Defendants on a proposed schedule.  Shortly after receiving the favorable arbitration decision, Gillette sent Defendants a proposed schedule on June 21, 2018, and did not receive Defendants' counter-proposal until July 11.

Moreover, Gillette's complete victory in the arbitration further streamlines the case by eliminating Defendants' licensing defense.  There is no longer any need for certain discovery that Defendants were seeking at the time the stay was entered.  *See, e.g.*, D.I. 524 (Notice to Take Deposition of Kevin Johnson); D.I. 533 (Notice of Subpoena Directed to David Bassett); Defs.' Req. for Prod. Nos. 188-93; Defs.' Req. for Admission Nos. 58-59, 62-75.  Most notably, the parties also agree that the previously scheduled "mini-trial" on arbitrability is no longer necessary in view of Gillette's victory in the arbitration.  *See* D.I. 525 (Oral Order requesting dates for trial on arbitrability); D.I. 554 (Oral Order removing January trial dates from the Court's calendar).  This is further reason that the case can and should be set for trial as soon as possible.

Gillette therefore proposes a schedule that would resume the case where it left off, with similar time between deadlines as the schedule last entered by the Court.  In the alternative, while recognizing the Court's overburdened docket, Gillette respectfully requests that the Court set trial in this matter for the earliest available date in 2019.  Gillette believes that setting a trial date will allow the parties to negotiate a reasonable schedule leading up to trial, and would avoid further burdening the Court with scheduling matters.

B.   **Defendants' Proposed Schedule**

Defendants' proposed schedule is reasonable as it (1) allows sufficient time for Defendants to obtain the fact discovery to defend itself in this action, including that sought in Defendant's pending motion to compel (D.I. 542) and that which will be part of a subsequent motion in view of Gillette's ongoing obstruction of discovery, (2) provides sufficient time between other deadlines consistent with this Court's ordinary schedules, and (3) avoids unnecessary conflicts with Defendants' counsel's current trials already scheduled for early 2019.  Conversely, Gillette's proposed schedule is unnecessarily and unreasonably expedited, attempting to foreclose Defendants from obtaining important fact discovery by providing less than three weeks for that discovery, and conflicts with the Court's standing scheduling order.  For the reasons set forth herein, Defendants respectfully request that their proposed schedule be adopted.

*First*, the parties each have pending motions to compel before the Court (D.I. 542-43, 545-46).  While Gillette's motion concerns a handful of discrete issues, Defendants' motion concerns many issues of significance, such as Gillette's refusal to produce documents and a corporate deponent on the manufacturing of the alleged commercial embodiments of the patent in suit, and its refusal to allow an inspection of its manufacturing facility, despite the fact that Gillette demanded and received the exact same discovery from Defendants.  D.I. 542 at 2-3.  Defendants' motion also seeks, *inter alia*, important information

The Honorable Leonard P. Stark
July 17, 2018
Page 6

that is missing from Gillette's infringement case. *Id*. at 1-2. This fact discovery is relevant to, and will impact expert discovery on, non-infringement, invalidity, and damages. Gillette's proposed schedule does not provide sufficient time for Defendants to receive this discovery, and would require the parties come back to the Court to change the remainder of the schedule, including expert discovery deadlines and the trial date.

**Second**, the parties have reached an impasse on a number of Defendants' discovery requests, which will unfortunately require Defendants to seek further intervention of the Court. The parties recently met and conferred and reached an impasse on many of those issues, including:

- Gillette's counsel's refusal to make available for deposition two named inventors of the patent in suit even though their testimony is relevant to many issues in this case, including Gillette's claim that the '513 patent is entitled to an earlier priority date based in part on the work they performed;[4]

- Gillette's refusal to provide documents and information on two razor products released after the stay order (Gillette3 and Gillette5) that are relevant to at least Gillette's damages claim for lost profits and a reasonable royalty;

- Gillette's refusal to provide documents and a corporate deponent regarding Gillette's marking its alleged commercial embodiments with non-asserted patents and not the '513 patent, despite arguing in this case that the '513 patent is an important patent and that it is entitled lost profits and a reasonable royalty;

- Gillette's refusal to produce documents on its prior art Mach 3 product, such as documents describing how the different coatings were applied to the blades, or the target values for each coating; and

- Gillette's refusal to produce relevant patent licenses and settlement agreements, which are relevant to its damages theories.

This withheld discovery bears on a number of important issues, including alleged priority, invalidity and lost profit and reasonable royalty damages.[5] Defendants respectfully submit the new case schedule should provide sufficient time for Defendants to obtain discovery on these issues including briefing and decision on the motion to compel if necessary, follow-up as appropriate, and adequate time to use it in expert discovery. Gillette's proposed schedule does not permit this, and instead seeks to avoid providing this relevant and responsive discovery, in substantial part necessary in view of Gillette's own contentions.

---

[4]   Those inventors no longer work for Gillette, but were timely served subpoenas in 2017 and are represented by Gillette's counsel.

[5]   Despite the relevance of this discovery, Gillette argues that Defendants are not entitled to it. Defendants disagree and that is why there is an impasse necessitating additional motion practice. Indeed, as two examples, Gillette is refusing to produce two settlement agreements concerning razors, and has made clear that it has not and will not produce documents describing how coatings were deposited on the prior art Mach3 products.

***Third***, there is still a significant amount of agreed-upon discovery that needs to take place, including at least one fact deposition, collection of updated financial documents, and responses to over forty Requests for Admission, fifteen Requests for Documents, and nearly ten Interrogatories served by Defendants before the stay order. Gillette has proposed serving responses on July 27, one week before its proposed close of fact discovery. That, however, does not provide sufficient time for Defendants to evaluate Gillette's discovery responses and document productions, meet and confer with Gillette to address any deficiencies, to seek, if necessary, the assistance of the Court to remedy those deficiencies, and to provide both sides' experts time to consider and include any additional information ordered by the Court into their work.

***Fourth***, Gillette's schedule conflicts with the Court's standing scheduling order. Specifically, Gillette has proposed that the hearing on dispositive and *Daubert* motions occur on December 21, 2018, and that the pretrial conference be set one month later, on January 21, 2019. But the Court's standing order states that "[t]he parties should propose a date approximately two months prior to the requested pretrial conference date" for this hearing. Revised Patent Scheduling Order at ¶ 17(c).

As Defendants have explained to Gillette, even pushing Gillette's schedule by a few weeks is not feasible. Defendants' lead counsel, Greg Arovas, is also lead counsel in a jury trial in the Eastern District of Texas scheduled for a pretrial conference on January 29, 2019, with jury selection to begin February 19, 2019 (2:17-CV-00676), and a hearing at the International Trade Commission scheduled for March 5-8, 2018. ITC Inv. No. 337-TA-1097, Order No. 15 (July 3, 2018).[6] In contrast, Defendants' proposed schedule takes both the Court's standing scheduling order and Defendants' trial conflicts into account.

Gillette argues that the Court should adopt its compressed schedule because the resolution of the arbitration "streamlines" the case and, before the stay was ordered, fact discovery was about to close and Defendants had allegedly "never requested an extension of fact discovery." Gillette's arguments, however, miss the mark and are incorrect. While the arbitration has concluded and Defendants do not seek to re-litigate that licensing defense, the outstanding discovery issues that bear directly on the issues to be tried—including infringement, invalidity and damages—have in no way been resolved. And, contrary to Gillette's suggestion, the parties had been discussing extending fact and expert discovery deadlines to account for many of these outstanding issues without changing all the other pre-existing case deadlines. Here, however, the prior schedule is no longer applicable. Defendants respectfully submit the new schedule should take into account the issues described above, including Gillette's ongoing withholding of relevant discovery and prior trial commitments of lead counsel.

Gillette also argues that its compressed schedule is justified because it was prejudiced by the Third Circuit's stay. But Gillette has not sought a preliminary injunction or

---

[6]   Gillette incorrectly argues that Defendants have four lead counsel to avoid the conflict issue. Defendants' lead counsel for this trial is Mr. Arovas from Kirkland & Ellis. Defendants' arbitration counsel, Quinn Emanuel, has already filed a request to withdraw from this matter.

The Honorable Leonard P. Stark
July 17, 2018
Page 8

shown that the remedies available at law are inadequate. Moreover, the need for additional time for discovery lies at the hands of Gillette, which could have simply provided the requested information after the stay was lifted rather than delay its production of certain discovery until July 27 (even though doing so might aid the parties in resolving at least some of the open discovery issues), and force Defendants to litigate multiple motions to compel. In any case, although Gillette complains here that the arbitration itself was unwarranted, the panel did not hold that the proceedings were brought in bad faith or were in any way improper. Simply put, the arbitration stay does not justify Gillette seeking a schedule that would allow it to prejudice Defendants by avoiding its discovery obligations when Defendants have met theirs.

Last, Gillette argues that Defendants have delayed negotiating the case schedule. Not true. On July 6, the day after the stay was lifted, Defendants sent Gillette a four-page letter that identified Gillette's outstanding fact discovery deficiencies and stated that the case schedule should allow for this discovery. Defendants asked Gillette to voluntarily produce discovery to resolve open areas of dispute; Gillette refused. On July 10, Gillette sent a revised proposed schedule. The next day, Defendants sent their proposed schedule. On July 12, the parties met and conferred about the schedule and discovery issues, and reached additional impasses regarding Gillette's discovery obligations as described above.

In short, because a new schedule has to be set, Defendants respectfully ask the Court to enter their proposed schedule, which provides Defendants sufficient time to obtain the relevant discovery they have sought, does not conflict with preexisting trial obligations, and is consistent with the Court's standing scheduling order. There is no reason to set a compressed schedule, which will ultimately require further extensions, when a realistic schedule can be set now.

### III. Pending Discovery Disputes

At the time the stay was imposed on October 6, 2017, certain discovery disputes were fully briefed, awaiting a decision by the Court. On July 12, 2018, the parties again conferred on these issues and remain at an impasse, and therefore respectfully request that the Court rule on the issues. Specifically, the disputes identified below remain outstanding:

**Discovery Issues Raised by Gillette (*see* D.I. 543; D.I. 545)**

- Gillette's challenge to Dorco's assertion of attorney-client privilege over communications involving Mr. Taeyoung Lee;
- Gillette's request to limit Defendants' voluminous invalidity contentions; and
- Gillette's request to serve a notice for a deposition by written questions as to a Rule 30(b)(6) topic for which Dorco's designee was unable to provide adequate oral testimony.

The Honorable Leonard P. Stark
July 17, 2018
Page 9

**Discovery Issues Raised by Defendants (*see* D.I. 542; D.I. 546)**

- Defendants' motion to compel Gillette's production of documents related to its testing of Defendants' products relied upon by Gillette in its infringement contentions and as incorporated into Gillette's Response to DSC's Interrogatory No. 4;
- Defendants' claim that Gillette's Final Infringement Contentions are deficient, and Gillette's refusal to supplement or withdraw its contentions at least as to certain products;
- Defendants' claim that Gillette's interrogatory responses are deficient, and Gillette's refusal to agree to supplement its responses to DSC's interrogatory requests Nos. 15, 16, 20, 21, and 22, including its improper use of Rule 33(d);
- Defendants' motion to compel Gillette's production of discovery concerning its manufacturing process for the coatings of the razor blades of the products it contends embody the asserted '513 patent, including documents describing the coating process and parameters, inspection of Gillette's manufacturing facility where this process occurs, and deposition testimony on this process;
- Gillette's objection to Defendants' expert receiving Gillette's confidential information.

Respectfully,

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)

RDS/bac

cc: Clerk of Court (by hand delivery)
All Counsel of Record (by electronic mail)