IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE GILLETTE COMPANY, | : |
| Plaintiff | : |
| v. | : C.A. No. 15-1158-LPS-CJB |
| DOLLAR SHAVE CLUB, INC., DORCO COMPANY LTD. and PACE SHAVE, INC., | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this 23rd day of July, 2018:

The stay in this case having been lifted and this case having been remanded from the Court of Appeals for the Third Circuit, and having reviewed the joint status report (D.I. 563),

IT IS HEREBY ORDERED that:

1. A five-day jury trial will be held beginning on April 15, 2019. Considering the parties' competing scheduling proposals, as well as the Court's schedule, this is the earliest, reasonably appropriate date for the trial. The pretrial conference will be held on April 5, 2019 at 1:30 p.m. and the proposed pretrial order is due on March 27, 2019. A hearing on any case-dispositive and *Daubert* motions will be held on January 29, 2019 at 3:00 p.m. All briefing on such motions must be completed no later than January 18, 2019. The parties shall meet and confer and, no later than July 30, submit a proposed schedule that includes the dates given above as well as any other deadlines the parties request or require.

1

2. Having reviewed the parties' letters regarding discovery disputes[1] presented by Plaintiff The Gillette Company ("Gillette" or "Plaintiff") (D.I. 543, 545),

   a. Gillette's request that the Court compel documents logged as privileged by Defendants Dollar Shave Club, Inc., Dorco Company Ltd., and Pace Shave, Inc. ("Defendants") is DENIED. Dorco has met its burden to establish that the communications at issue are privileged because Mr. Lee is a licensed South Korean patent attorney who provided his client confidential legal advice based on input from U.S. attorneys.

   b. Gillette's request that Defendants reduce the number of prior art references and obviousness combinations they are asserting, before Gillette reduces the number of patent claims it is asserting, is DENIED. The Court agrees with both sides that this case needs to be streamlined. The parties SHALL meet and confer and, no later than July 30, 2018, submit their proposal(s) for the timing of any reduction(s) of asserted claims, to be followed by any reduction(s) of prior art references and obviousness combinations, to be followed by service of validity contentions.

   c. Gillette's request for a deposition by written questions related to Dorco's manufacturing throughput and capacity is GRANTED. The information sought is relevant and proportional to the needs of the case, not unduly burdensome, and should be provided without the parties bearing the expense of returning to South Korea for additional depositions.

3. Having reviewed the parties' letters regarding discovery disputes presented by Defendants (D.I. 542, 546),

---

[1] The July 17 status report indicates that all of the disputes that were briefed and before the Court as of the entry of the stay last October remain ripe for judicial resolution. (*See* D.I. 563 at 8-9)

      a.    Defendants' request that Gillette produce documents that form the bases of its infringement contentions is GRANTED. Gillette incorporated the select images – from testing performed by non-testifying experts – into its infringement contentions served on Defendants, purposefully disclosing such images as potential evidence on which Gillette would be relying in future stages of this case. Under the circumstances, the Court concludes that Gillette waived any protection that may have once applied to the disclosed images and that it would not further the interests of fairness or efficiency to make Defendants wait for expert discovery to learn if Gillette is relying on the images (and only thereafter be in a position to analyze and potentially take discovery on them).

      b.    Defendants' request to compel Plaintiff to supplement its infringement contentions is DENIED. The Court is not persuaded that the contentions served to date are deficient or that the additional detail sought by Defendants is not, instead, more properly the subject of expert reports.

      c.    Defendants' request for additional discovery relating to Gillette's manufacturing process is GRANTED, unless Gillette promptly provides notice that it is withdrawing its process claims. As long as such claims are asserted, the Court agrees with Defendants that the additional discovery sought by Defendants is relevant and proportional to the needs of the case.

      d.    Defendants' request with respect to validity contentions (Interrogatory No. 16) is DENIED WITHOUT PREJUDICE to renew, consistent with the Court's ruling above with respect to streamlining the case.

      e.    Defendants' request to compel an additional response to Interrogatory Nos.

20 and 22 is DENIED, as the Court is persuaded – particularly given the breadth of the interrogatories, and the age of information they seek (before 2000) – that Plaintiff has properly relied on Rule 33(d) in its response.

      f.    Defendants' request that the Court overrule Plaintiff's objection to disclosure of Plaintiff's Highly Confidential information to an invalidity expert is DENIED. Plaintiff has demonstrated good cause to support its objection, including that the expert was until recently an employee of one of Plaintiff's competitors, and is a named inventor on patent applications assigned to that former employer, which could result in him needing to assist with prosecution of those applications (or enforcement of resulting patents). Defendants may use the expert to opine on invalidity to the extent he does not require access to Plaintiff's Highly Confidential information. Further, Defendants have failed to show that they could not retain a highly-qualified invalidity expert who does not pose the same risk of inadvertent misuse of Plaintiff's Highly Confidential information. (Plaintiff does not object to either of the other two experts Defendants have already retained.) Balancing the parties' competing interests, the Court concludes Plaintiff should not have to bear the risk of inadvertent disclosure, which here could cause Plaintiff substantial harm, a risk which exists despite the expert being bound to the terms of the protective order entered in this case.

    4.    Gillette's motion to amend its complaint (D.I. 455), which is not opposed (*see* D.I. 456, 457), is GRANTED.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE