IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE GILLETTE COMPANY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | REDACTED - PUBLIC VERSION |
| v. | ) | C.A. No. 15-1158-LPS |
| | ) | |
| DOLLAR SHAVE CLUB, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**LETTER TO THE HONORABLE LEONARD P. STARK FROM DAVID M. FRY**

OF COUNSEL:
Gregory S. Arovas, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4766

F. Christopher Mizzo, P.C.
Helena D. Kiepura
Craig T. Murray
Nichole Brittany DeJulio
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
(202) 879-5000

Bao Nguyen
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1425

Dated: October 11, 2018

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendants*



David M. Fry
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0705 - Direct
dfry@shawkeller.com

October 11, 2018

**BY CM/ECF AND HAND DELIVERY**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801



Re:    *The Gillette Co. LLC v. Dollar Shave Club, Inc.*, et al, C.A. No. 15-1158-LPS

Dear Chief Judge Stark:

I write on behalf of Defendants to seek relief regarding Gillette's failure to comply with the Court's July 23, 2018 Order to produce documents related to its infringement contentions.

**I.      Gillette Withheld Razor Blade Test Results and Related Materials**

On July 23, 2018, this Court granted Defendants' motion to compel Gillette to produce discovery regarding the tests of Defendants' products that formed the basis of Gillette's infringement contentions, including both the information Gillette relied on and any other tests done on Defendants' products, finding that Gillette waived any work product that may once have existed and that Defendants should be permitted to take further discovery regarding these tests. D.I. 564 at ¶3.a. Yet, Gillette continues to withhold as work product this discovery, including refusing to permit its third-party lab EAG to produce related documents pursuant to Defendants' subpoena. On its own, Gillette's refusal violates the Court's order and prejudices Defendants. But Gillette's recent expert report compounds the prejudice. Indeed, contrary to Gillette's representation to the Court last October that the tests "were prepared by a non-testifying expert at the request of counsel," ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Gillette should therefore comply with the Court's order and produce, and demand that EAG produce, documents that have been improperly withheld, as described below.

*A. Improperly withheld undisclosed tests and results.* Although Defendants produced over 400 product samples to Gillette, Gillette and EAG produced discovery only as to testing of eleven of these samples. When asked whether it tested other samples in preparing its contentions, Gillette refused to confirm or deny, stating that if it had done other tests, those tests were work product. But Gillette has clearly tested more than eleven samples, ███████████████████████ For example, ███████████████████████████████████████████████████████████████████████████████ Gillette also produced a report underlying its January 2017 contentions, but it ***redacted*** as work product portions that appear to include additional tests. Ex. 3,

The Honorable Leonard P. Stark
Page 2

9/14/18 Cottler Email; Ex. 4. ████████████████████████████████████
████████████████████  Gillette has disclosed no such tests to Defendants.[1]

      Gillette argues that because it did not *cite* any additional tests in its infringement contentions, it allegedly did not "rely" on them and need not produce them. Gillette is wrong, and its refusal to comply with the Court's order and produce full discovery about the tests it considered when formulating its infringement contentions (and now its expert's report) is improper. Indeed, it appears that Gillette has produced only the few tests it believes support its infringement claims, choosing not to disclose information that (presumably) is unfavorable to its positions. Gillette must not be permitted to use privilege as a sword and a shield. *See Princeton Digital Image Corp. v. Office Depot Inc.*, 2017 WL 3264068, C.A. No. 13-239-LPS, at *2 (D. Del. Aug. 1, 2017).

      B. *Improperly withheld materials related to disclosed tests.* Even as to the tests for which Gillette produced some discovery, Gillette and EAG continue to withhold documents on the basis of privilege. Ex. 5, 9/10/18 Cottler Email. ████████████████████████████████████

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████  Gillette also did not produce any other information that may exist, such as raw data or other images not included in EAG's final write-ups.

      Gillette must not be permitted to hide information about how its tests were conducted. Indeed, Gillette's contentions are based on testing of microscopic coatings, using highly specialized equipment (Ex. 7 at 25:24-26:4, 37:11-23). The margin of error can be significant; thus, how the tests were performed, all results and images from all samples tested, and any other information about the tests is critical to analyzing the bases and validity of Gillette's infringement contentions and its expert's opinions.

      At bottom, Gillette put *all* of its testing-related information at issue as soon as it selectively included tests of Defendants' products in its infringement contentions. And any doubt about the scope of its discoverability was resolved when its ████████████████████████████████████████
████████████████████████████  Defendants are now in the position the Court sought to avoid in the July 23 Order, noting that "it would not further the interests of fairness or efficiency to make Defendants wait for expert discovery to learn if Gillette is relying on the images (and only thereafter be in a position to analyze and potentially take discovery on them)." D.I. 564 ¶ 3.a. Accordingly, Defendants respectfully request that the Court enforce its order compelling Gillette and its testing lab EAG to produce this information, and, given Gillette's delay, to produce it in an organized manner that conveys which results and materials match which samples, reports and protocols.

## II.  Gillette's Refusal to Provide a Corporate Witness on Gillette's Testing

      A. *Privilege Objection.* In the Court's July 23 Order, it recognized that Gillette's improper withholding of testing related materials prevented Defendants from obtaining relevant discovery.

---

[1] On September 14, 2018, Gillette served updated infringement contentions. To the extent Gillette considered any other testing in preparing those contentions, including any testing as to Defendants' ████ products—which it previously reserved the right to accuse but then refused to accuse after Defendants produced samples—Gillette has improperly withheld those materials as well.

The Honorable Leonard P. Stark
Page 3

Thus, shortly after the Court issued its Order, Defendants sought Rule 30(b)(6) testimony from Gillette regarding the testing materials as well as a deposition from EAG.  Ex. 8; Ex. 9.  Gillette, however, maintained its privilege objections and refused to permit any testimony, whether from Gillette or EAG, regarding tests not expressly *cited* in its infringement contentions.  That position should be rejected for the reasons described in Section I above, and both Gillette and EAG should be compelled to provide the full scope of testimony sought by Defendants.[2]

      B.  *Refusal to Provide Rule 30(b)(6) Testimony*.  Gillette also refused to designate a Gillette corporate representative on three additional grounds, (*see* Ex. 10) each of which should be rejected.  First, Defendants' deposition notice was timely.  Gillette withheld discovery until August 2018, producing it only after being ordered to do so.  Defendants served the notice *after* Gillette's belated partial production, and more than a month before the close of fact discovery.  Ex. 11; Ex. 8.  And the notice clearly falls within the scope of discovery allowed by the Court following the stay, as it is based on information that Gillette had "untimely withheld."  D.I. 574; D.I. 570 at 2.

      Second, any argument that Defendants seek testimony duplicative of prior 30(b)(6) topics is baseless, as Gillette refused to provide *any* discovery about these tests before the Court's order.  Prior topics concern testing of Defendants' razor products "*prior to filing suit against Defendants*;" by contrast, Defendants now seek testimony regarding Gillette's ▮▮▮▮▮▮▮▮▮▮▮ post-filing testing.  *Compare* Ex. 12 at Topic 20 *with* Ex. 13 (testing conducted post-filing).

      Third, Gillette's representation that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  To the extent any privilege applied, the Court has already found waiver.  And the law is clear that Gillette has "control" over the information possessed by its attorneys and EAG, because it has the "legal right to obtain [this information] on demand" from them and thus must provide a witness to testify about this information, which is "reasonably available" to it.  *See Cradle IP LLC v. Tex. Instruments, Inc.*, 2013 WL 1794992, at \*3-4 (D. Del. Apr. 29, 2013), *Poole v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000) (collecting cases); *see also Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004) (citing *Poole* approvingly).  Further, Gillette could designate a third-party witness, such as one from EAG, should it believe it is less burdensome, as it has done in the past.  Ex. 15; Ex. 16 (designating third-party White); *see also* Ex. 17 at 5:9-16; 46:6-16.

      In sum, on the issue of depositions, Defendants respectfully request the Court compel Gillette to designate a corporate representative to testify as to the full scope of Topic Nos. 68-74 and compel EAG to produce a witness to testify as to the full scope of Defendants' subpoena.  Given Gillette's delay and the fact that the parties are now well into expert discovery, Defendants further request that all witnesses be produced in Washington, D.C., at the offices of Defendants' counsel.

---

[2] Gillette's counsel already agreed to make EAG available for a deposition limited in scope by its privilege objection.  The parties agreed that they will seek the Court's permission to take EAG's deposition out of time after the Court's resolution of this issue, so as not to burden a third party with two depositions.

The Honorable Leonard P. Stark
Page 4

Respectfully submitted,

*/s/ David M. Fry*

David M. Fry (No. 5486)

cc:    Clerk of the Court (via hand delivery)
       All Counsel of Record (via e-mail)

# Exhibit 1



REDACTED

# Exhibit 2



REDACTED

# Exhibit 3

| | |
|---|---|
| **From:** | Cottler, Michael |
| **To:** | Buenrostro, Alejandra |
| **Cc:** | DG-Gillette Goodwin; SKDollarShaveClub; #DollarShave_Gillette; "Smith, Rodger <RSmith@MNAT.com> (RSmith@MNAT.com)" |
| **Subject:** | RE: Gillette v. DSC: Correspondence |
| **Date:** | Friday, September 14, 2018 10:31:55 AM |

Helena,

This responds to your September 12, 2018 letter regarding various discovery issues.

**YouTube and Gary Videos**:  We can agree to Defendants' proposals, with the understanding that we can see the Gillette videos before making the actual stipulation, and that Defendants stipulate to the authenticity and admissibility of the following DSC and Dorco videos that Gillette produced, GILLETTE-DSC-0257809 and GILLETTE-DSC-0141494.

**Survey**:  You may have misinterpreted what I said.  To clarify, the survey was produced.  We trust that this resolves the issue.

**Welcome Back Ads**: We produced what was found following a reasonably targeted search, including coupons.  We fail to see what remaining issue there is to bring to the Court.

**Infringement Contentions and EAG**:  The technical issues you reported with respect to GILLETTE-DSC-0281049 and GILLETTE-DSC-0281175 were inadvertent, and we will re-produce them.  GILLETTE-DSC-0281175, however, will not be unredacted.  In that document, Gillette redacted information concerning tests that were not done on any accused product, and that did not underlie Gillette's infringement contentions.  Because Gillette has not relied on such tests, they are protected work product and not subject to the Court's order.  And Gillette is certainly under no obligation to log work product generated during this litigation.

You state:  "Your email also confirms that EAG and Gillette are withholding responsive documents and information relating to the documents underlying Gillette's infringement contentions…, and we will raise this issue with the Court…."  That is a gross mischaracterization of Gillette's email.  Gillette and EAG made clear that it has produced, and has otherwise agreed to make available, non-privileged discovery relating to the testing underlying Gillette's infringement contentions, and testing protocols relating to those tests (*i.e.*, discovery that would ordinarily be made available during the course of expert discovery, to the extent relied upon by a testifying expert).

Thank you for confirming that you intend to take the EAG deposition only once.  We of course reserve the right to challenge any attempt by Defendants to extend the EAG deposition based on objections lodged at the deposition.

**Additional Targeted Searches**:  We can confirm we produced any documents resulting from the additional targeted searches.

**Mach3**:  We can agree to supplement Gillette's response to interrogatory no. 32 to address the thicknesses of the blade coatings in the Mach3 product when it launched in 1998. We trust that this resolves the issue.

Thanks,
Mike

**From:** Buenrostro, Alejandra [mailto:abuenrostro@kirkland.com]
**Sent:** Wednesday, September 12, 2018 3:50 PM
**To:** Cottler, Michael
**Cc:** DG-Gillette Goodwin; SKDollarShaveClub; #DollarShave_Gillette; 'Smith, Rodger <RSmith@MNAT.com> (RSmith@MNAT.com)'
**Subject:** Gillette v. DSC: Correspondence

Counsel,

Please see attached correspondence.

Best regards,

**Alejandra Buenrostro**
Paralegal
---------------------------------------------------
**KIRKLAND & ELLIS LLP**
333 South Hope Street, Los Angeles, CA 90071
**T** +1 213 680 8619
**F** +1 213 680 8500
---------------------------------------------------
alejandra.buenrostro@kirkland.com


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# Exhibit 4



**HOW** DO YOU PUT SCIENCE TO WORK FOR YOU?

# TEM ANALYSIS

| | |
|---|---|
| Company: | **Goodwin Procter LLP** |
| Job Number: | **V1GVE249** |
| EAG Project Manager: | **Adrienne Hoeglund** |
| EAG Analyst: | **Udit Sharma** |
| Date: | **Jan 04, 2017** |

**ISO 17025**



**Testing Cert. #2707.01**



GILLETTE-DSC-0281175

 ANALYSIS OVERVIEW

**Analysis Scope:**

TEM analysis of blades in cross-section. Selected area diffraction patterns (SADP) and High Resolution (HR)TEM imaging. Bright Field (BF)TEM and Dark Field (DF)TEM images were also acquired.

**Sample Identification:**

Work Product

P3R –    Pace 3 Razor

P6DR – Pace 6 Disposable Razor

P3DR – Pace 3 Disposable Razor

P4DR – Pace 4 Disposable Razor

GILLETTE-DSC-0281176

Work Product



GILLETTE-DSC-0281177

Work Product



GILLETTE-DSC-0281178

Work Product



GILLETTE-DSC-0281179

Work Product



GILLETTE-DSC-0281180

Work Product



GILLETTE-DSC-0281181

Work Product



GILLETTE-DSC-0281182

Work Product



GILLETTE-DSC-0281183



Work Product

GILLETTE-DSC-0281184



Work Product



**P3R  -- Pace 3 Razor**

GILLETTE-DSC-0281186





## BFTEM Image

GILLETTE-DSC-0281187







BFTEM Images

GILLETTE-DSC-0281188







BFTEM Images

GILLETTE-DSC-0281189



SADPs









GILLETTE-DSC-0281190







DFTEM Image

GILLETTE-DSC-0281191





HRTEM Image

GILLETTE-DSC-0281192





HRTEM Image

GILLETTE-DSC-0281193





HRTEM Image

GILLETTE-DSC-0281194





HRTEM Image

GILLETTE-DSC-0281195



**P6DR – Pace 6 Disposable Razor**

GILLETTE-DSC-0281196







BFTEM Images

GILLETTE-DSC-0281197






BFTEM Images

GILLETTE-DSC-0281198







BFTEM Images

GILLETTE-DSC-0281199







SADPs





GILLETTE-DSC-0281200







DFTEM Image

GILLETTE-DSC-0281201





HRTEM Image

GILLETTE-DSC-0281202





HRTEM Image

GILLETTE-DSC-0281203





HRTEM Image

GILLETTE-DSC-0281204





HRTEM Image

GILLETTE-DSC-0281205



## P3DR – Pace 3 Disposable Razor

GILLETTE-DSC-0281206







BFTEM Images

GILLETTE-DSC-0281207







BFTEM Images







BFTEM Images

GILLETTE-DSC-0281209



SADPs









GILLETTE-DSC-0281210







DFTEM Image

GILLETTE-DSC-0281211





HRTEM Image

GILLETTE-DSC-0281212





HRTEM Image

GILLETTE-DSC-0281213





HRTEM Image

GILLETTE-DSC-0281214





HRTEM Image

GILLETTE-DSC-0281215



**P4DR – Pace 4 Disposable Razor**

GILLETTE-DSC-0281216





BFTEM Images

GILLETTE-DSC-0281217







BFTEM Images

GILLETTE-DSC-0281218







BFTEM Images

GILLETTE-DSC-0281219



SADPs









GILLETTE-DSC-0281220







DFTEM Image

GILLETTE-DSC-0281221





HRTEM Image

GILLETTE-DSC-0281222





HRTEM Image

GILLETTE-DSC-0281223





HRTEM Image

GILLETTE-DSC-0281224





HRTEM Image

GILLETTE-DSC-0281225

Exhibit 5

| | |
|---|---|
| **From:** | Cottler, Michael |
| **To:** | Kiepura, Helena D. |
| **Cc:** | DG-Gillette Goodwin; SKDollarShaveClub; #DollarShave_Gillette; "Smith, Rodger <RSmith@MNAT.com> (RSmith@MNAT.com)" |
| **Subject:** | RE: Gillette v. DSC: Correspondence |
| **Date:** | Monday, September 10, 2018 5:18:15 PM |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

Helena,

I write this email in response to your September 7, 2018 letter sent at 3:49PM.

**EAG Subpoenas and Four 30(b)(6) Notice to Gillette**

We stand by EAG's objections to the subpoenas.  To clarify, in our view, the protocols and chain of custody documents referenced in my September 4th email are not responsive to the subpoena, but we have agreed to produce them.  Moreover, the documents underlying the tests cited in Gillette's earlier infringement contentions are not being produced in response to the subpoena, but rather in response to your request for such documents before the subpoenas were served.  Between the documents produced by EAG and Gillette, defendants have, or will have, all non-privileged documents reflecting the tests cited in Gillette's infringement contentions.  EAG will make a witness available with respect to Topics 1, 2-9, and 16-17, subject to Gillette's objections and limited in scope to the tests cited in Gillette infringement contentions.  Gillette will stipulate that the EAG deposition can happen after close of fact discovery, with the understanding that (1) the EAG deposition will happen only once, and (2) Defendants would similarly stipulate that any Court-ordered depositions of Defendants, as a result of the pending dispute regarding ████ blades, can take place after the close of fact discovery.

We agree that we are otherwise at an impasse regarding the scope of the Court's order regarding Gillette's infringement contentions and whether Gillette is obligated to produce a witness in response to the fourth 30(b)(6) notice.

**Defendants' Financial Information**

I think the parties have addressed this issue several times already.  On Friday, we sought confirmation that you would update Dorco's interrogatory response so that we may differentiate financial information for ████ coating from ████████ coating for the one product that now uses ████ blades.

**████ Blades**

We agree that the parties are at an impasse.

**YouTube**

Gillette stands by the objections in its last correspondence about the collection and production of YouTube videos.  You stated:  "We further understand Gillette is representing that the videos may be downloaded legally and permissibly by following the instructions in your email of September 4."  What we can represent is that Gillette gives you permission to download those videos for this lawsuit as per the instructions in my email, and we would expect that we similarly have consent from DSC to do the same with respect its online videos.  Gillette proposes that the parties mutually agree that neither party will (a) make any authenticity objections with respect to videos based on the fact that they are downloaded, as opposed to being produced by the originating party, or (b) otherwise raise any objection to the use or introduction of such videos that would not apply had the originating party produced the video from its files.  Gillette, however, cannot agree that "it will not seek to admit, introduce, or otherwise use any Gillette YouTube video in this litigation other than those produced by Defendants."  Online commercial videos for both DSC and Gillette are publicly available to all parties, and we see no reason why the videos must be produced now for either party to use them during expert discovery or to be identified in the final pretrial order.  Experts, for example, frequently rely on publicly available materials that were never produced during fact discovery.  Please confirm that you agree to the above proposal.

Thanks,
Mike

---

**From:** Buenrostro, Alejandra [mailto:abuenrostro@kirkland.com]
**Sent:** Friday, September 07, 2018 3:49 PM
**To:** Cottler, Michael
**Cc:** DG-Gillette Goodwin; SKDollarShaveClub; #DollarShave_Gillette; 'Smith, Rodger <RSmith@MNAT.com> (RSmith@MNAT.com)'
**Subject:** Gillette v. DSC: Correspondence

Counsel,

Please see attached correspondence.

Best regards,

**Alejandra Buenrostro**
Paralegal
------------------------------------------------------
**KIRKLAND & ELLIS LLP**
333 South Hope Street, Los Angeles, CA 90071
**T** +1 213 680 8619
**F** +1 213 680 8500
------------------------------------------------------
alejandra.buenrostro@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and

may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


*****************************************************************

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*****************************************************************

# Exhibit 6
## REDACTED

# Exhibit 7



REDACTED

# Exhibit 8

## REDACTED

# Exhibit 9



REDACTED

# Exhibit 10

## REDACTED

# Exhibit 11

 **GOODWIN**

Mark J. Abate
+1 212 459 7031
MAbate@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
goodwinlaw.com
+1 212 813 8800

August 3, 2017

**VIA E-MAIL**

Terry Wit
Quinn Emanuel Urquhart  & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111-4788

F. Christopher Mizzo
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005

**Re:**     ***The Gillette Company v. Dollar Shave Club, Inc., et al.*, 1:15-cv-1158-LPS-CJB (D. Del.)**

Dear Terry and Chris:

We are producing documents bearing Bates numbers GILLETTE-DSC-0258371 through GILLETTE-DSC-0258434 via secure file transfer. The password will be emailed separately.

By producing these documents, Gillette does not waive its written objections, whether provided in Gillette's written responses to defendant's discovery requests or in correspondence to or meet and confers with defendant, and Gillette specifically reserves its rights, including its right to supplement those objections.

Sincerely,

Mark J. Abate

cc:     Counsel of Record

ACTIVE/92014229.1

# Exhibit 12

## REDACTED

# Exhibit 13



# STEM-EDS ANALYSIS

Company:            **Goodwin Procter LLP**

Job Number:         **V1GVA145**

Date:               **January 09, 2017**



GILLETTE-DSC-0280804



**Analysis Scope:** Analyze blade edge in cross section via Scanning Transmission Electron Microscope (STEM) and Energy Dispersive Spectrometry (EDS).

**Sample IDs:**

**PACE 3 Disposable Razor Sample PACE-TI-000141**

© 2016 EAG, Inc.

2

GILLETTE-DSC-0280805



# PACE 3 DISPOSABLE RAZOR SAMPLE PACE-TI-000141





GILLETTE-DSC-0280806



PACE 3 Disposable Razor Sample PACE-TI-000141



ZC

O

Cr

Fe

C

F (-Fe signal)

GILLETTE-DSC-0280807



PACE 3 Disposable Razor Sample PACE-TI-000141
EDS Linescan from Maps (RAWDATA)



GILLETTE-DSC-0280808



PACE 3 Disposable Razor Sample PACE-TI-000141
EDS Linescan from Maps (Semiquant)



GILLETTE-DSC-0280809



**HOW DO YOU PUT SCIENCE TO WORK FOR YOU?**

# TEM ANALYSIS

Company: **Goodwin Procter LLP**
Job Number: **V1GVE249**
Date: **January 04, 2017**

ISO 17025



**Testing Cert. #2707.01**



 **ANALYSIS OVERVIEW**

**Analysis Scope:**

TEM analysis of blades in cross-section. Selected area diffraction patterns (SADP), Bright Field (BF)TEM and Dark Field (DF)TEM images were also acquired.

**Sample Identification:**

**PACE 3 Disposable Razor Sample PACE-TI-000141**

GILLETTE-DSC-0280811







## BFTEM Images







## BFTEM Images







## BFTEM Images

GILLETTE-DSC-0280814







SADP1



SADP3

**SADPs**



SADP2

GILLETTE-DSC-0280815







DFTEM Image

GILLETTE-DSC-0280816

# Exhibit 14



REDACTED

Exhibit 15

| From: | Abate, Mark |
|---|---|
| To: | Kiepura, Helena D.; DG-Gillette Goodwin |
| Cc: | Smith, Rodger <RSmith@MNAT.com> (RSmith@MNAT.com) (RSmith@MNAT.com); *kkeller@shawkeller.com; *dfry@shawkeller.com; jshaw@shawkeller.com; #DollarShave_Gillette; QE-DSC (QE-DSC@quinnemanuel.com) |
| Subject: | RE: Gillette v. DSC: Revised List of 30(b)(6) Deposition Topics |
| Date: | Friday, May 26, 2017 8:34:35 PM |

Helena,

Pursuant to the agreement during the May 17 meet and confer, below is the revised list of topics on which Gillette's witnesses are designated, subject to Gillette's objections to Defendants' Rule 30(b)6 deposition notice which were served on May 9, 2017.

**Date**

**Topics**

June 14

17 (public disclosure, sale, offer for sale), 18 (public disclosure, sale, offer for sale), 19, 20, 21, 22 (factual information set forth in the Maziarz declaration),  23-43, 46, 50, 57

June 21

14 (sales in relation to commercial success), 47, 48 (Gillette's prices and pricing in relation to Defendants' infringement)

July 20

3-6, 11, 12 (identification of prior art known to the inventors at the time of filing the '513 patent), 16, 17 (use, manufacture), 18 (structure, design, development, manufacture, testing, use)

With respect to your letters of May 22 & 25, we previously advised you that Gillette would supplement interrogatory no. 2.  In addition, please note that Gillette intends to supplement at least some of its other interrogatory responses before the depositions of its Rule 30(b)6 designees.  Relatedly, as depositions of Defendants' Rule 30(b)6 witnesses are underway, Gillette requests immediate supplementation of Defendants' interrogatory responses concerning the importer of record of their products.

Finally, Gillette proposes that the parties address scheduling of Dorco's Rule 30(b)6 witnesses and the parties' individual witnesses as part of the June 8 meet and confer concerning Dorco's objections to Gillette's Rule 30(b)6 notice.  Gillette can make some individual witnesses available in July and August and would like dates in July and August for Dorco's Rule 30(b)6 witnesses and Defendants individual witnesses as well.

Regards,

Mark

**From:** Kiepura, Helena D. [mailto:helena.kiepura@kirkland.com]
**Sent:** Friday, May 26, 2017 7:02 PM
**To:** DG-Gillette Goodwin
**Cc:** Smith, Rodger <RSmith@MNAT.com> (RSmith@MNAT.com)
(RSmith@MNAT.com); kkeller@shawkeller.com; dfry@shawkeller.com;
jshaw@shawkeller.com; #DollarShave_Gillette; QE-DSC (QE-
DSC@quinnemanuel.com)
**Subject:** Gillette v. DSC: Revised List of 30(b)(6) Deposition Topics

Counsel,

Pursuant to our agreement during the May 17 meet and confer, below is the revised
list of 30(b)(6) topics on which Pace and DSC witnesses are designated, subject to
our objections.

Regards,

Helena

**DSC, May 24, Raechelle Hoki**

1st Notice: 24, 25 (to the extent this topic relates to sales and marketing strategies for
the selling and sale of the accused products)

2nd Notice: 26

**Pace, June 2, Ken Hill**

2nd Notice: 2, 3, 4, 5, 6, 8, 14, 15, 22, 23, 35, 36, 38


**DSC, June 7, Mark Kallick**

1st Notice: 16, 17, 18, 22, 25 (to the extent this topic relates to pricing strategies), 35
(to the extent this topic relates to sales)

2nd Notice: 6, 11, 12, 13

**DSC, June 13**

1st Notice: 19, 20, 21, 23, 25 (to the extent this topic relates to market surveys and
market research)

2nd Notice: 2, 5, 7, 8

**DSC, June 15**

1st Notice: 2, 4, 5, 6, 7, 8, 32, 33, 34, 35 (to the extent this topic relates to distribution)

**Pace, June 22**

2nd Notice: 16, 18, 19, 20, 34, 37, 39, 40

**Pace, June 27**

2nd Notice: 26, 33

**Pace, July 12**

2nd Notice: 11, 12, 13, 17 (to the extent this topic relates to projections for sales revenue)

**DSC, July 20**

1st Notice: 9, 10, 12, 14, 27, 28, 29, 30, 31

2nd Notice: 1, 3, 4, 14, 17, 23, 24, 25

**Pace, July 26**

2nd Notice: 17 (to the extent this topic relates to projections for units sold), 24, 25

**Helena D. Kiepura**
--------------------------------------------------------
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W., Washington, D.C. 20005
**T** +1 202 879 5264  **M** +1 847 321 5883
**F** +1 202 879 5200
--------------------------------------------------------
helena.kiepura@kirkland.com


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Exhibit 16

| From: | Abate, Mark |
|---|---|
| To: | Kiepura, Helena D. |
| Cc: | DG-Gillette Goodwin; Smith, Rodger; QE-DSC (QE-DSC@quinnemanuel.com) (QE-DSC@quinnemanuel.com); jshaw@shawkeller.com; #DollarShave_Gillette |
| Subject: | Gillette v. DSC: disclosure of Rule 30b6 witness |
| Date: | Friday, July 7, 2017 7:58:19 AM |
| Attachments: | EAS |

Helena,

Per the meet and confer conference last week, Gillette's identifies Charles White as its Rule 30b6 witness being offered on July 20.  Per the parties agreement, if defendants would like to take his deposition in his individual capacity, that deposition will proceed on July 20 as well.   In addition to the topics in Defendants' Rule 30b6 notice mentioned in my May 26 email, Mr. White will testify under topic 14 as to factual information concerning secondary considerations of nonobviousness other than commercial success.  Mr. White will be produced at the offices of Shaw Keller. For building security purposes, please note that Charles Cox and I will attend the deposition.  We will arrive by 8:30 am.

Regards,

Mark

**Mark J. Abate**

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7031
m +1 973 525 4222
f   +1 646 558 4048
MAbate@goodwinlaw.com | goodwinlaw.com


*******************************************************************

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or oth

Attachments:
      image001.png (2162 Bytes)

# Exhibit 17



REDACTED