IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE GILLETTE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-1158 (LPS) |
| | ) | |
| DOLLAR SHAVE CLUB, INC., DORCO | ) | REDACTED - PUBLIC VERSION |
| COMPANY LTD. and PACE SHAVE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**LETTER TO THE HONORABLE LEONARD P. STARK FROM RODGER D. SMITH II
RESPONDING TO DEFENDANTS' OCTOBER 11, 2018 LETTER**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Mark J. Abate
Michael B. Cottler
Steven J. Bernstein
Alexandra D. Valenti
Tyler Doh
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
(212) 813-8800

Jennifer A. Albert
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC  20001
(202) 346-4000

Elaine Herrmann Blais
Kevin DeJong
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
(617) 570-1205

Original Filing Date: October 12, 2018
Redacted Filing Date: October 19, 2018

Dear Chief Judge Stark:

Plaintiff responds to the issues raised in Defendants' October 11, 2018 motion to compel (D.I. 617) as set forth below.

## I.      Gillette Has Not Withheld Any Discovery Pursuant to the Court Order (D.I. 542)

Defendants' motion to compel discovery relating to testing done by Gillette's non-testifying expert, EAG, that is not cited in Gillette's infringement contentions is nothing more than a veiled attempt to re-argue its prior letter motion to the Court (D.I. 542; the "Prior Motion"). It should be denied. The Prior Motion requested "Documents that Form the Basis of Gillette's Infringement Contentions," and nothing more. The Court's order granting the Prior Motion (D.I. 564; the "Prior Order") was consistent with the request, only ordering Gillette to produce "documents that form the bases of its infringement contentions." Gillette has complied with that order, and, in response to a subpoena, EAG has produced documents and will provide testimony regarding the testing that Gillette relied on in its contentions. The question before this Court is whether the Prior Order requires the production of discovery concerning testing that Gillette never relied on and that **did not** form the basis for Gillette's contentions (the "Uncited Testing"). *See* D.I. 600 at 1. Having failed to request that the Court grant this additional discovery sooner, Defendants have waived the right to do so now. Regardless, Gillette never waived any protection over the Uncited Testing.

## The Court's Order Does Not Compel Gillette to Produce Discovery Regarding Testing That Did Not Form the Basis of Gillette's Infringement Contentions

Without going into the details of either the Prior Motion or the Prior Order, Defendants baldly assert that the Prior Order compelled Gillette to produce discovery concerning Uncited Testing done by EAG. That could not be further from the truth. The Prior Order compelled Gillette to produce "documents that form the bases of its infringement contentions." D.I. 564 at 3. Gillette complied: for example, it produced the reports underlying the images that were included in Gillette's infringement contentions, and the protocol used to conduct the tests included in the reports (*e.g.*, Ex. A at 8-11). In response to subpoenas, EAG has produced standard operating procedures (*e.g.,* Ex. B), and chain of custody documents, and will provide testimony about the testing cited in Gillette's contentions. Contrary to what Defendants argue (at 1-2), neither EAG nor Gillette withheld discovery regarding those tests. One document was redacted, but only to withhold a report relating to Uncited Testing, which is not subject to the Prior Order. To suggest that Gillette is hiding the ball, Defendants try to make hay out of the number of samples Defendants produced as compared to the number of reports on which Gillette relied. *See id.* But as Dr. Ross, Gillette's infringement expert, explained, the tests of samples produced are indisputably representative. Ex. C ¶¶ 119-20; *id*. Ex. A, p. 1 n.1, Ex. B, p. 1 n.1. There was no need to test every sample, or every accused product, for that matter. And although not relevant to the dispute presented to the Court, Gillette can confirm that—also contrary to Defendants' motion—all the materials considered and relied on by Dr. Ross have been produced. Contrary to what Defendants argue (at 2), Gillette did produce "AES" test results referenced in Dr. Ross's report, and they are listed in Dr. Ross's Materials Considered. *See* Ex. C at Ex. 2, p.2 (GILLETTE-DSC-0175214, GILLETTE-DSC-0220927, and GILLETTE-DSC-0209800).

The Honorable Leonard P. Stark
October 12, 2018

        Regardless, the Prior Order does not require Gillette to produce Uncited Testing—that is the issue now before the Court.  The Court need not read further than the introduction of the Prior Motion to see that Defendants only asked for "***Documents that Form the Basis of Gillette's Infringement Contentions***."  D.I. 542 at 3 (emphasis added).[1]  Defendants argued that those contentions "***rely on select images and results from tests*** of Defendants' products" and that Gillette allegedly refused to "produce ***documents regarding those tests***, such as those regarding the testing conditions and protocols, the underlying data, other images, or test reports."  *Id.* (emphasis added).  Those are the only documents that Defendants identified.  Nowhere was there any suggestion that Defendants sought discovery regarding testing aside from that relied on in Gillette's contentions, or that Defendants contended that the alleged waiver by Gillette extended to Uncited Testing.  Indeed, none of the cases cited in the Prior Motion stand for the proposition that disclosure of testing by a non-testifying expert waives protection over testing on which the producing party never relied—and Defendants never argued otherwise.  The only harm Defendants alleged was that they did "not know how Gillette performed the testing that it alleges shows infringement."  *Id.*  Now that Defendants have that discovery, they argue (without support) that "Gillette put all of its testing-related information at issue…," but that was a position Defendants never took before.  Gillette's response to the Prior Motion reflects the limitations of what Defendants sought.  The response began with: "Defendants' motion to compel the production of all ***data underlying test results contained in Gillette's contentions*** should be denied."  D.I. 546 at 1 (emphasis added).  Had Gillette believed that Defendants were also seeking discovery regarding Uncited Testing, Gillette would have vigorously disputed that the alleged waiver extended to that testing.

        Mirroring the Prior Motion, the Prior Order compelled Gillette to produce "documents that form the bases of its infringement contentions."  D.I. 564 at 3.  The Court explained that "Gillette incorporated the select images – from testing performed by non-testifying experts – into its infringement contentions…."  The Court then ruled that "Gillette waived any protection that may have once applied ***to the disclosed images***…."  *Id.* (emphasis added).  Like the parties' letters (D.I. 542 & 546), the Prior Order is limited to the production of discovery underlying the testing cited in Gillette's contentions.  It did not grant Defendants unlimited discovery of any testing by EAG concerning products manufactured or sold by Defendants, including any Uncited Testing.  For at least these reasons, Defendants' request for discovery, including from EAG, regarding Uncited Tests, should be denied.

**The Court Should Reject Defendants' Belated Attempt to Seek More Discovery**

        Defendants now attempt to argue a discovery motion that is remarkably different from the prior one.  That is impermissible.  But even if the Court looks past its Prior Order, it should still deny Defendants' motion.  First, the time for moving to compel discovery concerning the Uncited Testing has passed.  Defendants were just as aware of the possible existence of such testing when they filed the Prior Motion, but for whatever tactical reason, they chose not to pursue it.  The Court's August 2018 Order (D.I. 574) adopting Defendants' proposal limiting further discovery (D.I. 570 at 2) after the stay, did not permit discovery motions that were ripe before the stay.

---

[1]    *See also* D.I. 526 at 3 (raising the issue:  "Gillette's refusal to produce documents related to its testing of Defendants' products relied upon by Gillette in its infringement contentions….").

The Honorable Leonard P. Stark
October 12, 2018

    Second, Gillette never waived any protection over the Uncited Testing afforded by Fed. R. Civ. P. 26(b)(4)(D) and 26(b)(3)(A). Rather, the Court concluded that Gillette waived any protection of the "disclosed images," and nothing more. D.I. 564 at 3. And Defendants have not proven that such a disclosure gave rise to a broader waiver of protection over Uncited Testing. The law concerning Fed. R. Civ. P. 26(b)(4)(D), which protects the work of a non-testifying expert and controls here, clearly limits any waiver to the disclosed material. *See, e.g.*, *Eidos Display v. Chunghwa Picture Tubes*, 296 F.R.D. 3, 8 (D.D.C. 2013) (disclosure of a non-testifying expert declaration waived, if anything, only the declaration itself); *Hollinger Int'l v. Hollinger Inc.*, 230 F.R.D. 508, 521-22 (N.D. Ill. 2005) (disclosure of select portions of non-testifying expert's work product did not waive Rule 26(b)(4)(D) protection of withheld information or the entirety of expert's work). Likewise here, any waiver was limited to the testing that Gillette relied on in its contentions.

    Defendants cite (at 3) just ***one*** case, *Princeton Digital*, but their reliance on it is just as flawed as their interpretation of the Prior Order. *Princeton Digital* did not concern waiver of protection afforded by Fed. R. Civ. P. 26(b)(4)(D). Rather, it concerned a party's selective disclosure of attorney-client communications and waiver under Fed. R. Evid. 502(a), and therefore is inapt. *See Vanguard Sav. & Loan Ass'n, VSL Serv. Corp. v. Banks*, No. CIV. A. 93-4627, 1995 WL 71293, at *2-*3 (E.D. Pa. Feb. 17, 1995) (non-testifying opinion protection is distinct from the work product privilege and any waiver is governed by Rule 26(b)(4)(D)). Regardless, even if it applied, Defendants do not explain why Fed. R. Evid. 502(a) would require discovery of Uncited Testing. Nor could they. For example, fairness does not dictate production of that testing because Defendants have documents concerning the tests underlying Gillette's contentions. Defendants could hire an expert to do the same testing on Defendants' products that EAG performed, and compare that testing to the reports produced by Gillette. Also, fairness does not dictate that Gillette produce testing of products that are not accused of infringement.

    Finally, the fact that Dr. Ross considered certain EAG testing does not open the door to additional discovery: Fed. R. Civ. P. 26 only requires disclosure of what she actually considered. For these additional reasons, Defendants' motion should be denied.

## II.  Defendants' Request for Rule 30(b)(6) Testimony Should be Denied

    The Court should deny Defendants' motion to compel a Rule 30(b)(6) deposition of Gillette regarding ***EAG*** testing. Gillette has no direct knowledge of that testing, and as discussed in Section I, the Uncited Testing is protected by privilege. Defendants' motion, couched as seeking discovery from Gillette, actually seeks information from EAG, a separate entity, which as discussed above, will be deposed. A deposition of Gillette would be wasteful and unhelpful, and the discovery sought can and will be obtained from a "more convenient and less burdensome" source, EAG. *See Chechele v. Ward*, No. CIV–10–1286–M ,2012 WL 4383405, at *2-*3 (W.D. Okla. Sept. 25, 2012) (quashing Rule 30(b)(6) notice where no corporate representative would have direct knowledge, and the testimony could be obtained elsewhere). Furthermore, Defendants' reliance on *Cradle IP* is misplaced because that involved a third-party deposition, and the court conditioned compliance with the subpoena on the third party having knowledge, without imposing an obligation to acquire knowledge from another entity. Also, *Poole* and *Mercy Catholic* are inapt, as neither requires a company to manufacture knowledge in response to a Rule 30(b)(6) notice.

The Honorable Leonard P. Stark
October 12, 2018

                              Respectfully,

                              /s/ Rodger D. Smith II

                              Rodger D. Smith II (#3778)


RDS/rah
Enclosures
cc:      Clerk of Court (by hand delivery; w/enclosures)
         All Counsel of Record (by electronic mail; w/enclosures)

# Exhibit A

# REDACTED
# IN ITS
# ENTIRETY

# Exhibit B

REDACTED
IN ITS
ENTIRETY

# Exhibit C

REDACTED
IN ITS
ENTIRETY