

David M. Fry
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0705– Direct
dfry@shawkeller.com

January 2, 2019

**BY CM/ECF AND HAND DELIVERY**
The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:    *The Gillette Co. v. Dollar Shave Club, Inc.*, et al., C.A. No. 15-1158-LPS-CJB

Dear Chief Judge Stark:

    The parties in the above-referenced matter write to request the expedited scheduling of a discovery teleconference or resolution of the dispute.

    The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (by telephone) on the following dates: December 31, 2018.

| | |
|---|---|
| Delaware Counsel: | Rodger Smith of Morris, Nichols, Arsht & Tunnell LLP (Gillette) |
| | David Fry of Shaw Keller LLP (Defendants) |
| Lead Counsel: | Michael Cottler of Goodwin Procter LLP (Gillette) |
| | Helena Kiepura of Kirkland & Ellis LLP (Defendants) |

    The disputes requiring judicial attention are listed below:

- The total number of hours for the depositions of Gillette's experts Dr. Ross and Dr. Ennis.

    The parties respectfully submit brief, one-page statements of their positions below, in view of the urgency of this issue. Expert discovery closes on January 16 (with case-dispositive motion due January 21), and Gillette's expert Dr. Ross is unavailable during the last week of expert discovery for deposition. The parties respectfully request that the Court hold a teleconference or decide this issue without further briefing.

SHAW KELLER LLP
Page 2

**Defendants' Position:**  Pursuant to Fed. R. Civ. P. 26(b)(4)(A), Defendants respectfully request the Court order Gillette to make its expert Dr. Ross, who served technical reports on infringement and invalidity, available for 14 hours of deposition.  Defendants further request that the Court reject Gillette's attempt to use the dispute to truncate the deposition of its non-technical expert Dr. Ennis.

Dr. Ross is Gillette's primary liability expert witness.  Gillette has served expert reports from Dr. Ross on the technical aspects of alleged infringement and validity on the seven different asserted claims, including (contrary to Gillette's suggestion) technical issues relating to the razor blades underlying Gillette's "public use."  Dr. Ross is the only expert to opine on both core issues (as well as technical issues relating to damages).  By contrast, Dr. Ennis is not a technical expert; he does not opine on whether any product or prior art practices the asserted claims.  Instead, he is a purported expert on product marketing (which Gillette styles as "product testing"), opining on whether Gillette's marketing practices for its razors constitute "public use" or were "experimental" for purposes of invalidity.  Thus, given the breadth, scope, and primacy of Dr. Ross's opinions, Defendants requested that Gillette make Dr. Ross available for 14 hours of deposition.  Gillette refused, taking the position that Dr. Ross would only sit for 10 hours of deposition.  Despite that, Gillette has also made clear that it reserves the right to take 7-hour depositions of both Defendants' non-infringement expert (Dr. Haber) and invalidity expert (Mr. Bray).  This inconsistency—that Gillette gets 7 hours with each expert per report on a core issue, but Defendants do not—is neither reasonable nor justifiable.  Thus, consistent with this Court's practice and precedent, Defendants request that they be given 14 hours of deposition with Dr. Ross.  *See Novartis Pharmaceuticals Corp. v. Accord Healthcare Inc. et al.*, C.A. No. 18-1043-LPS, D.I. 216 (D. Del. Oct. 25, 2018) (Exh. A) (ordering 14 hours deposition time for experts covering infringement and invalidity).

Gillette makes two main arguments in response.[1]  First, it incorrectly argues that Dr. Ross's deposition should be limited to 7 hours.  Second, in the alternative, it argues that Defendants should only be given 7 hours total to depose Gillette's experts on the issue of invalidity, to be split between Dr. Ennis and Dr. Ross.  But Gillette's argument that a party should be limited to 7-hours of deposition time per expert or per issue—in this situation—is incorrect.  Under Gillette's unsupported theory, a plaintiff could stack an expert with issues (as it did with Dr. Ross), or stack experts on an issue (as it did with Dr. Ross and Dr. Ennis), and then unfairly limit the defendant to 7 hours total in taking the depositions of the stacked issues/experts.  Here, Dr. Ennis is not a technical expert; instead, Dr. Ross is the counterpart to Defendants' experts Bray and Haber.  Further, Gillette itself made the strategic decision to submit two different rebuttal validity reports (one technical and one marketing).  As such, whatever the relevance of a marketing expert, Dr. Ennis' deposition is not the cause of the time inequality.  As a result, Defendants request that the Court reject Gillette's attempt to use their marketing expert as a quid pro quo for equal deposition time with the technical experts.

---

[1] Gillette also argues that any extension beyond 7 hours is "always" done on an agreed basis as part of the scheduling order.  Defendants disagree.  And in any event, there is no dispute that Gillette did not inform Defendants that it intended to have Dr. Ross opine on infringement and validity, and Dr. Ennis on validity until December 2018.

SHAW KELLER LLP
Page 3

**Plaintiff's Position:** The issue is whether Defendants should get a total of 21 hours to depose Gillette's two experts on validity and infringement—14 hours with Dr. Ross, and 7 hours with Dr. Ennis—while Gillette gets only 14 hours total with Defendants' two experts—Mr. Bray and Dr. Haber—on the same topics. Defendants contend that they should have more time than Gillette because Gillette divided its rebuttal case on validity between Drs. Ross and Ennis, with the effect that Dr. Ross addressed both infringement and a portion of validity. Under the Federal Rules of Civil Procedure and as a matter of fairness, Defendants' position is unsupported.[2]

By way of background, Defendants' validity expert Mr. Bray is an industry consultant. He relied on five alleged prior art references—three patents and two tests conducted by Gillette—in his validity report. With respect to the tests, Mr. Bray argues that they constitute public uses of the invention. Gillette's expert Dr. Ross is a Professor of Material Sciences and Engineering at MIT. Her reports address infringement and validity. As to validity, she focused on the three patents cited in Mr. Bray's report. Dr. Ennis is an expert in product testing (he is not a "marketing" expert), with substantial product testing experience and doctorates in Mathematical and Statistical Psychology and Biometrics. His report addressed whether the tests were public, and if so, whether they were experimental.

As a matter of law, Defendants' proposal to depose Dr. Ross for 14 hours contravenes Rule 30's limit of 7 hours to depose a witness. Fed. R. Civ. P. 30(d)(1). While parties sometimes agree to extended time in patent cases in which a single expert addresses multiple subjects, that always is done on an agreed basis before the scheduling conference, so that the parties know the rules governing depositions well in advance. In the scheduling order in this case, the parties agreed to abide by Rule 30 and did not request an exception to account for the number of issues an expert addressed. Defendants do not cite a single case, and Gillette counsel is not aware of any, where a party sought to change the time limit on the eve of depositions. Defendants' proposal also is manifestly unfair. It would give Defendants a total of 21 hours of deposition time to explore the very same technical subjects as to which Gillette will only get 14 hours. Defendants' proposal boils down to this: because Dr. Ross addressed not only infringement but also aspects of the validity case, they should get twice as much time to depose her. There is no reason in equity why Defendants should get 7 hours to depose Dr. Ross on a subset of the validity case, when Gillette has only 7 hours to depose Mr. Bray with respect to all validity issues. Defendants also ignore the overlap in Dr. Ross's reports (e.g. her background, the technical background, discussion of the patent specification, claims and construction) such that two full days are not fairly needed.

As a compromise, Gillette proposed reallocating time from Dr. Ennis to Dr. Ross—allowing Dr. Ross to be deposed for 9-10 hours, so long as the extra time was subtracted from Dr. Ennis's deposition. This would give both parties 14 hours to depose the other side's technical experts, while recognizing that Dr. Ross is Gillette's witness for both infringement and a portion of validity (and conversely that Dr. Ennis, unlike Mr. Bray, did not address all validity issues). Defendants refused. Gillette will not agree to give Defendants 50% more time than Gillette to depose the same number of technical experts on the same topics.

---

[2] The two other experts in this case, Dr. Ugone (for Gillette) and Dr. Malackowski (for Defendants) each served two reports addressing damages and validity issues, but neither side is demanding more deposition time. Dr. Haber also addresses novelty and damages issues.

SHAW KELLER LLP
Page 4

                                                Respectfully submitted,

                                                */s/ David M. Fry*

                                                David M. Fry (No. 5486)

cc:    Clerk of the Court (by hand delivery)
        Counsel of Record (by CM/ECF)