# EXHIBIT A

Case 1:15-cv-01592-LPS Document 64-1 Filed 01/23/19 Page 2 of 27 PageID #: 22979
Case 1:18-cv-01043-LPS Document 21-6 Filed 10/23/18 Page 2 of 26 PageID #: 1777
Case 1:18-cv-01038-LPS Document 47-1 Filed 10/23/18 Page 1 of 26 PageID #: 627

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | Civil Action No. 18-cv-01038-LPS |
| APOTEX INC. AND APOTEX CORP., | ) ) | |
| DEFENDANTS. | ) ) ) | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | Civil Action No. 18-cv-01039-LPS |
| TEVA PHARMACEUTICALS USA, INC. AND ACTAVIS ELIZABETH LLC, | ) ) ) | |
| DEFENDANTS. | ) ) | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | Civil Action No. 18-cv-01040-LPS |
| SUN PHARMACEUTICAL INDUSTRIES, LTD. ET AL., | ) ) ) | |
| DEFENDANTS. | ) ) | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | Civil Action No. 18-cv-01043-LPS |
| ACCORD HEALTHCARE INC., ET AL., | ) ) | |
| DEFENDANTS. | ) ) ) | |

MEI 28408017v.1

## [PROPOSED] SCHEDULING ORDER

Pursuant to the August 10, 2018 Oral Order (C.A. No. 18-cv-01043, D.I. 84), the parties[1] have met and conferred as to the proposed scheduling order. The parties have determined that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration.

IT IS ORDERED on this 25th day of October 2018 that:

The above-captioned matters shall be consolidated[2] for all pre-trial purposes. This consolidation shall have no impact on any issue of estoppel. The parties are to file all papers on the lead case docket above (C.A. 18-cv-01043-LPS).

1.      For purposes of this Scheduling Order, all defendants in the above-captioned cases are referred to collectively as "Defendants."

2.      Apotex has moved the Court to stay the proceedings in *Novartis Pharm. Corp. v. Apotex Inc. and Apotex Corp.* (C.A. 18-cv-01038-LPS) pending Federal Circuit review of the Patent Trial and Appeal Board's final written decision in IPR No. 2017-00854 (D.I. 11) ("Apotex Stay Motion"). As such, Apotex's position is that its case should be stayed for all the reasons set forth in the memorandum in support of the Apotex Stay Motion (D.I. 12).

3.      Defendants Nostrum Laboratories Inc., Nostrum Pharmaceuticals, LLC, MSN Laboratories Pvt. Ltd, and MSN Pharmaceuticals Inc. (collectively Nostrum/MSN) intend to join Apotex's motion and request the Court to stay the present case with respect to them. As such, a

*(handwritten margin note: GJ/ The Court will deal with the stay motions in due course.)*

---

[1]  Defendant Mylan Pharmaceuticals Inc. joins in the proposed Orders to facilitate discussions amongst the parties, without prejudice to the Court's decision on Mylan's pending motion to dismiss for improper venue in *Novartis Pharm. Corp. v. Accord Healthcare Inc.* (C.A. 18-cv-01043-LPS) (D.I. 118-120), or Mylan seeking alternative relief from the Court, if needed, in light of the Court's recent decision in *Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*, No. 17-374-LPS (D. Del. Oct. 18, 2018) (granting Mylan's motion to dismiss from Delaware for improper venue).

[2]  As set forth below, Apotex Inc. and Apotex Corp. (collectively "Apotex") have moved to stay proceedings of *Novartis Pharm. Corp. v. Apotex Inc. and Apotex Corp.* (C.A. 18-cv-01038-LPS). In the event the Court denies this motion, Apotex is not opposed to the coordination of the above-captioned matters.

stay would disrupt the scheduling in this case.  Nostrum/MSN therefore requests that a joint Scheduling Order in the present case not be entered as to Nostrum/MSN until the Apotex Stay Motion is decided.

4.      **Common Discovery.**  The parties shall coordinate activities to reduce duplicative and cumulative discovery that is common to all Defendants ("Common Discovery Issues"). Common Discovery Issues include, but are not limited to, claim construction and validity of the patent-in-suit.

5.      **Rule 26(a)(l) and Default Standard Para. 3 Initial Disclosures.**  The parties will exchange by **September 17, 2018** the information required by Fed. R. Civ. P. 26(a)(l) and Paragraph 3 of the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Default Standard") identifying custodial search locations for electronic information.   The parties agree that materials containing a Defendant's Highly Confidential Information shall be served only on Plaintiff.

6.      **Service and Timing.**  The parties consent to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  The parties agree that service on any party by email shall be made on both local and national counsel of that party.

7.      **Joinder of Other Parties and Amendment of Pleadings.**

(a)      All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **December 14, 2018**.

(b)      Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

(c)      Within **seven (7)** days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed **five (5)** pages.

3

(d)     Within **three (3)** days thereafter, the moving party may file a reply letter, not to exceed **two (2)** pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

8.     **Motions to Strike**

(a)     Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed **three (3)** pages, describing the basis for the requested relief, and shall attach the document to be stricken.

(b)     Within **seven (7)** days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed **five (5)** pages.

(c)     Within **three (3)** days thereafter, the moving party may file a reply letter, not to exceed **two (2)** pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

9.     **Motion(s) for Preliminary Relief**

(a)     Plaintiff anticipates possible preliminary injunction proceedings in this matter, in view of the August 18, 2019 expiration date on U.S. Pat. No. 5,604,229, which this Court previously upheld as valid (C.A. 14-cv-01487-LPS, D.I. 309). The schedule herein envisions trial by March 2020, seven months after expiration of the '229 patent. Absent agreement from all Defendants to a stipulation and order precluding selling, offering for sale, marketing, or in any way acting on an approval from FDA for generic Gilenya before a full and final resolution of the present action, Plaintiff currently intends to file a preliminary injunction seeking such relief. To ensure that the Court has adequate time to consider and rule on any such motion, the parties shall adhere to the following procedures:

(i)     Each Defendant Party shall notify Plaintiff no later than **January 2, 2019** whether or not that Defendant Party will agree to enter a stipulation and proposed order

4

MEI 28408017v.1

prohibiting the Defendant Party from selling, offering for sale, marketing, or in any way acting on an approval from FDA for generic Gilenya before the present action is resolved.

(ii)     If any Defendant Party has provided notice that it will not agree to such a stipulation and proposed order, then Plaintiff shall serve and file any motion for a preliminary injunction seeking such relief as to that/those Defendant Party(ies) no later than **February 2, 2019**. Plaintiff and all Defendants involved in preliminary injunction proceedings shall promptly confer and submit by January 15, 2019 a proposal for the length of briefing and format of PI hearing (i.e., oral argument or evidentiary hearing) for the Court's consideration. The Court will schedule an oral hearing on any such motion at a date to be determined, to permit full consideration of the motion and a ruling before the August 18, 2019 expiration date of the '229 patent.

(iii)     Any Party participating in preliminary injunction proceedings shall be permitted to submit evidence in support or opposition, including but not limited to documentary evidence, expert testimony, and fact witness testimony. Any Party submitting witness testimony shall make such witness(es) available for deposition at least two weeks after serving the witness(es)' testimony, and at least two weeks before the opposing parties' next papers are due. Any witness(es) submitted in support of Plaintiff's reply papers shall be made available for deposition at least a week before the oral argument date set by the Court.

(iv)     In the event preliminary injunction proceedings are begun, the Parties reserve the right to seek modification of all dates in the remainder of this schedule, to account for the need to devote resources to the preliminary injunction process. In the event a Party seeks to modify any date in this schedule, that Party shall meet and confer with the other Parties to attempt to reach agreement on any such modification. Any unresolved disputes shall be submitted pursuant to the Court's procedures for resolving discovery disputes.

(v)     Any party can move for leave to file a motion for summary judgment.

5

10. **Discovery.** Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

(a) **Order for Discovery of Electronically Stored Information ("ESI Order").** The parties shall meet and confer regarding a protocol for ESI. If the parties are not able to reach agreement, they shall submit their dispute pursuant to the Court's procedure for discovery disputes by **October 23, 2018**.

(b) **Discovery Cut Off.** All fact discovery shall be commenced in time to be completed by **June 4, 2019**. Requests for Admission shall not be considered "discovery" for purposes of the discovery cutoff, and shall be permitted at any time.

(c) **Document Production.**

(1) **Patent, File History, and Identification of Accused Products.** On or before **August 31, 2018**, Plaintiff shall produce the patent-in-suit, including its file history, and identify the accused products.

(2) **ANDA and Related Documents.** On or before **September 7, 2018**, Defendants shall produce any ANDAs seeking approval to market a generic version of Gilenya, including any amendments or supplements filed to date.

(3) **Substantial Completion of Document Production.** Discovery of paper and electronically-stored information shall be substantially completed on or before **January 15, 2019**. No deposition shall be scheduled prior to that date.

(d) **Requests for Admission.** A maximum of **fifty (50)** common requests for admission are permitted for Plaintiff directed to all Defendants, and a maximum of **fifty (50)** common requests for admission are permitted for all Defendants directed towards Plaintiff. No more than an additional **fifteen (15)** individual requests for admission are permitted for Plaintiff directed toward each Defendant Party, and no more than an additional **fifteen (15)** individual requests for admission are permitted for each Defendant Party directed towards Plaintiff. Notwithstanding the foregoing, there is no limitation on the number of requests for admission

6

relating to the authenticity of documents, which shall be served in time to be completed prior to the close of fact discovery.

        (e)     **Interrogatories.** A maximum of **twenty-five (25)** common interrogatories are permitted for Plaintiff directed to all Defendants, and a maximum of **twenty-five (25)** common interrogatories are permitted for all Defendants directed towards Plaintiff. No more than an additional **ten (10)** individual interrogatories are permitted for Plaintiff directed toward each Defendant Party, and no more than an additional **ten (10)** individual interrogatories are permitted for each Defendant Party directed towards Plaintiff. Contention interrogatories shall be served in time to permit responses on the schedule below in view of the time for responding to interrogatories set forth in Fed. R. Civ. P. 33. The adequacy of the parties' respective contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

        (1)     **Infringement Contentions and Production of NDA and IPR materials**. On **October 31 2018**, Plaintiff shall serve their infringement contentions consistent with the requirements of Paragraph 4.c. of the Court's Default Standard of Discovery, as well as produce the NDA and IPR materials.

        (2)     **Invalidity Contentions**. On **December 13, 2018**, Defendants shall serve their invalidity contentions consistent with the requirements of Paragraph 4.d. of the Court's Default Standard for Discovery.

        (f)     **Depositions.**

        (1)     **Limitation on Hours for Deposition Discovery.** [~~Plaintiff's proposal~~: Defendants may collectively take a maximum of **one-hundred (100)** hours of deposition testimony of up to **fifteen (15)** party and non-party fact witnesses, including no more than ~~ten (10)~~ twelve (12) hours for deposition testimony noticed under Fed. R. Civ. P. 30(b)(6). Plaintiff may take a maximum of **twenty five (25)** hours of deposition testimony of up to 5 witnesses from each Defendant Party, including no more than **eight (8)** hours for any deposition noticed under Fed. R. Civ. P. 30(b)(6). Plaintiff may take a maximum of **twenty five (25)** hours of

*LPP*

ME1 28408017v.1

deposition testimony from non-party fact witnesses. ~~Unless otherwise agreed to by the parties, the deposition of an individual witness testifying in an individual capacity shall be limited to~~ **seven (7)** ~~hours. If a translator is required, each 1.5 hours of actual deposition time will count as 1 hour toward the total time permitted~~. If an individually-noticed deponent is also designated as a Rule 30(b)(6) witness, the Rule 30(b)(6) portion of that testimony shall not count towards the individual deposition time limit to the extent that the deponent has been designated to provide testimony that is unrelated to the deponent's personal knowledge.] **[Defendants' proposal:** ~~Defendants may collectively take a maximum of~~ **one-hundred (100)** ~~hours of deposition testimony of up to~~ **fifteen (15)** ~~party and non-party fact witnesses. Plaintiff may take a maximum of~~ **twenty-five (25)** ~~hours of deposition testimony of up to 5 witnesses from each Defendant Party. Plaintiff may take a maximum of~~ **twenty five (25)** ~~hours of deposition testimony from non-party fact witnesses.~~ Unless otherwise agreed to by the parties, the deposition of an individual witness testifying in an individual capacity shall be limited to **seven (7)** hours, except for listed inventors of the patent who may be deposed for up to **fourteen (14)** hours. If a translator is required, each 2 hours of actual deposition time will count as 1 hour toward the total time permitted.]

   (2) **Location of Depositions.** Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the Parties, and the parties intend to meet and confer on the location of each deposition. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

   (g) **Expert Discovery**. Expert discovery shall be commenced in time to be completed by **October 31, 2019.**

   (1) **Expert Reports**. For the party with the initial burden of proof on an issue addressed in expert testimony (e.g., Plaintiff infringement reports and Defendant

8

invalidity reports), expert reports under Fed. R. Civ. Pro. 26(a)(2) are due **July 1, 2019**. Rebuttal expert reports shall be due **August 15, 2019**. Supplemental reports from Defendants limited to secondary considerations of non-obviousness shall be served on or before **September 5, 2019**. No other expert reports, including supplementations under Fed. R. Civ. P. 26(e), will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

   (2) **Expert Reports Supplementation**. The parties agree they will permit expert declarations to be filed in connection with the motions briefing (including case dispositive motions). The parties reserve the right to take depositions of such experts outside the formal expert discovery period, including if the expert has been deposed already, on the subject matter of such a declaration, provided that such subject matter is new and was not already addressed in any of the expert's report(s) that already had been served.

   (3) **Expert Depositions**. [Plaintiff's Proposal: Each deposition of an expert witness shall be limited to a maximum of **seven (7)** hours, except that if an expert is testifying on both validity and infringement, then the expert may be deposed for up to an additional **seven (7)** hours.] [**Defendants' Proposal**: Each deposition of an expert witness shall be limited to a maximum of **seven (7)** hours, except that if an expert is testifying on both validity and infringement, then the expert may be deposed for an additional amount of time to be decided by agreement of the parties.]

   (4) **Objections to Expert Testimony**. To the extent any objection to **expert** testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm ., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **December 2, 2019**, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

   (h) **Discovery Matters and Disputes Relating to Protective Orders.**

(1)     Any discovery motion filed without first complying with the

following procedures will be denied without prejudice to renew pursuant to these procedures.

(2)     Should counsel find, after good faith efforts—including verbal

communication among Delaware and Lead Counsel for all parties to the dispute—that they are

unable to resolve a discovery matter or a dispute relating to a protective order, the parties

involved in the discovery matter or protective order dispute shall submit a joint letter in

substantially the following form:

> Dear Judge Stark: The parties in the above referenced matter write
> to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel
> and at least one Lead Counsel per party, participated in a verbal
> meet-and-confer (in person and/or by telephone) on the following
> date(s):
>
> Delaware Counsel: _____.
>
> Lead Counsel: _____.
>
> The disputes requiring judicial attention are listed below: [provide
> here a non-argumentative list of disputes requiring judicial
> attention]

(3)     On a date to be set by separate order, generally not less than **forty**

**eight (48)** hours prior to the conference, the party seeking relief shall file with the Court a letter,

not to exceed **three (3)** pages, outlining the issues in dispute and its position on those issues.  On

a date to be set by separate order, but generally not less than **twenty-four (24)** hours prior to the

conference, any party opposing the application for relief may file a letter, not to exceed **three (3)**

pages, outlining that party's reasons for its opposition.

(4)     Each party shall submit **two (2) courtesy copies** of its discovery

letter and any attachments.

(5)     Should the Court find further briefing necessary upon conclusion

of the telephone conference, the Court will order it.  Alternatively, the Court may choose to

ME1 28408017v.1

resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

           (6)     No motions to compel or motions for protective order shall be filed absent approval of the Court. Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

    11.    **Application to Court for Protective Order**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by October 23, 2018. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 10(i) above.

          Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    12.    **Papers Filed Under Seal**. When filing papers under seal, counsel shall deliver to the Clerk an original and **one (1) copy** of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within **seven (7) days** of the filing of the sealed document.

         Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the

ME1 28408017v.1

start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

13. **Courtesy Copies**. Other than with respect to "discovery matters," which are governed by paragraph 10(i), and the final pretrial order, which is governed by paragraph 23, the parties shall provide to the Court **two (2) courtesy copies** of all briefs and **one (1) courtesy copy** of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

14. **ADR Process**. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

15. **Interim Status Report**. On **January 25, 2019**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16. **Tutorial Describing the Technology and Matters in Issue**. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than **thirty (30)** minutes. The tutorial should focus on the technology at issue and should not be used for argument. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than **five (5)** pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim

12

ME1 28408017v.1

construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

17. **Claim Construction Issue Identification**. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **January 22, 2019** the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted to the Court on **January 29, 2019**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

18. **Claim Construction Briefing**. Opening claim construction briefs are due **February 28, 2019**. Responsive construction briefs are due **April 2, 2019**. Local Rule 7.1.3(a)(4) shall control the page limitations for initial (opening) and responsive (answering) briefs.

19. **Hearing on Claim Construction**. Beginning at **2 p.m. on April 23, 2019**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within **sixty (60)** days of the conclusion of the claim construction hearing. If the Court is

13

unable to meet this goal, it will advise the parties no later than **sixty (60)** days after the conclusion of the claim construction hearing.

20. **Supplementation.** Absent agreement among the parties, and approval of the Court, no later than **February 21, 2019**, the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

21. **Case Dispositive Motions.** Absent agreement between the parties, the Court will generally not hear case dispositive motions in ANDA cases.

22. **Applications by Motion.** Except as otherwise provided herein, any application to the Court shall be by written motion filed with the clerk. Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

23. **Pretrial Conference.** A pretrial conference will be held on **February 21, 2020 at 4 p.m.** Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order - Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before **January 6, 2020.** Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(l)-(4) for the preparation of the joint proposed final pretrial order. The parties shall provide the Court **two (2)** courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order - Patent, the parties shall include in their joint proposed final pretrial order, among other things:

(a) A request for a specific number of *hours* for their trial presentations, as well as a requested number of days, based on the assumption that in a typical bench trial day there will be 6 to 7 hours of trial time;

14

(b)    Their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of inconsistency;

(c)    Their position as to whether the Court should rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

(d)    Their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break and whether such motions may be supplemented in writing.

The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

24.    **Motions *in Limine*.** Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to **three (3)** *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of **three (3)** pages of argument and may be opposed by a maximum of **three (3)** pages of argument, and the party making the *in limine* request may add a maximum of **one (1)** additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single **three (3)** page submission (and, if the moving party, a single **one (1)** page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15

25.     **Trial.** This matter is scheduled for a **four (4) day** bench trial, to be held starting on **March 2-6, 2020 at 8:30 a.m.**, with the subsequent trial days also beginning at 8:30 a.m. The trial day will end no later than 5:00 p.m. each day.

26.     **Post-Trial Briefing.** The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

27.     The parties reserve the right to revisit the deadlines and limitations set forth herein in the event this case is consolidated with any other matters involving different defendants.

ME1 28408017v.1

### EXHIBIT A

## CASE
## DEADLINES

| | |
|---|---|
| Patent, File History, Identification of Accused Products | August 31, 2018 |
| ANDA Production | August 31, 2018 |
| Fed. R. Civ. P. 26(a)(1) and Del. Para 3 disclosures | September 17, 2018 |
| Submit ESI and Protective Orders | October 23, 2018 |
| Produce IPR materials | October 17, 2018 |
| Infringement Contentions and Production of NDA | October 31, 2018 |
| Invalidity Contentions and Production of References | December 13, 2018 |
| Substantial Completion of Document Production | January 15, 2019 |
| Joinder of Parties/Amend or Supplement Pleadings | December 14, 2018 |
| Fact Discovery Cut Off | June 4, 2019 |
| Supplementation of Accused Products and Invalidity References | February 21, 2019 |
| Interim Status Report | February 21, 2019 |
| Exchange of Claim Terms Needing Construction | January 22, 2019 |
| Joint CC Chart | January 29, 2019 |
| Opening CC Briefs | February 28, 2019 |
| Responsive CC Briefs | April 2, 2019 |

ME1 28408017v.1

| Hearing on Claim Construction | April 23, 2019 |
|---|---|
| Opening Expert Reports | July 1, 2019 |
| Rebuttal Expert Reports (Plaintiff addresses secondary considerations of non-obviousness) | August 15, 2019 |
| Supplemental Expert Reports (Defendants' address secondary considerations of non-obviousness) | September 5, 2019 |
| Expert Discovery Completion | October 31, 2019 |
| Daubert Motion Deadline | December 2, 2019 |
| Final Pretrial Order | January 6, 2020 |
| Pretrial Conference | February 21, 2020 |
| Bench Trial (4 days) | March 2-6, 2020 |

18

ME1 28408017v.1

McCARTER & ENGLISH, LLP

/s/
_____
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
*mkelly@mccarter.com*
*dsilver@mccarter.com*
*bsmyth@mccarter.com*


OF COUNSEL:
Jane M. Love, Ph.D.
Robert Trenchard
Paul E. Torchia
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
*JLove@gibsondunn.com*
*RTrenchard@gibsondunn.com*
*PTorchia@gibsondunn.com*

Andrew P. Blythe
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
*ABlythe@gibsondunn.com*

*Attorneys for Novartis Pharmaceuticals*
*Corporation*




SHAW KELLER LLP

POTTER ANDERSON & CORROON LLP

/s/
_____
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. Byrne (#4446)
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, DE 19801
(302) 984-6000
*dmoore@potteranderson.com*
*bpalapura@potteranderson.com*
*sobyrne@potteranderson.com*

OF COUNSEL:
T.O. Kong
WILSON SONSINI GOODRICH & ROSATI
One Market Street
Spear Tower Suite 3300
San Francisco, CA 94105
Tel: (415) 947-2000

Dennis Gregory
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Tel: (212) 497-7764

Mary Procaccio-Flowers
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: 650-849-3025

Diyang Liu
WILSON SONSINI GOODRICH & ROSATI
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746
Tel: 512-338-5403

*Attorneys for Apotex Inc., Apotex Corp.*


HEYMAN ENERIO GATTUSO & HIRZEL
LLP

19

| | |
|---|---|
| /s/ | /s/ |
| John W. Shaw (No. 3362) | Dominick T. Gattuso (No. 3630) |
| Karen E. Keller (No. 4489) | 300 Delaware Ave., Suite 200 |
| I.M. Pei Building | Wilmington, DE 19801 |
| 1105 North Market Street, 12th Floor | (302) 472-7300 |
| Wilmington, DE 19801 | dgattuso@hegh.law |
| (302) 298-0700 | |
| jshaw@shawkeller.com | OF COUNSEL: |
| kkeller@shawkeller.com | Charles B. Klein |
| | Jovial Wong |
| OF COUNSEL: | WINSTON & STRAWN LLP |
| Amanda Hollis | 1700 K Street, N.W. |
| KIRKLAND & ELLIS LLP | Washington, D.C. 20006 |
| 300 North LaSalle | (202) 292-5000 |
| Chicago, IL 60654 | CKlein@winston.com |
| (312) 862-2000 | JWong@winston.com |
| ahollis@kirkland.com | |
| | Zachary L. Sorman |
| Sarah K. Tsou | WINSTON & STRAWN LLP |
| Gregory Springsted | 35 West Wacker Drive |
| KIRKLAND & ELLIS LLP | Chicago, Illinois 60601 |
| 601 Lexington Avenue | (312) 558-5600 |
| New York, NY 10022 | zsorman@winston.com |
| (212) 446-4800 | |
| stsou@kirkland.com | *Attorneys for Sun Pharmaceutical Industries,* |
| greg.springsted@kirkland.com | *Ltd., Sun Pharmaceutical Industries, Inc., and* |
| | *Sun Pharma Global FZE* |
| *Attorneys for Teva Pharmaceuticals USA,* | |
| *Inc. and Actavis Elizabeth LLC* | |

| | |
|---|---|
| SMITH, KATZENSTEIN & JENKINS LLP | MORRIS JAMES LLP |
| /s/ | /s/ |
| Neal C. Belgam (No. 2721) | Kenneth L. Dorsney (#3726) |
| Eve H. Ormerod (No. 5369) | 500 Delaware Ave., Suite 1500 |
| 1000 West Street, Suite 1501 | Wilmington, DE 19801-1494 |
| Wilmington, DE 19801 | (302) 888-6800 |
| (302) 652-8400 | kdorsney@morrisjames.com |
| nbelgam@skjlaw.com | |
| eormerod@skjlaw.com | OF COUNSEL: |
| | Timothy H. Kratz |
| OF COUNSEL: | George J. Barry III |
| Andrew J. Miller | KRATZ & BARRY LLP |
| Ajay Kayal | 1050 Crown Pointe Parkway |
| Louis H. Weinstein | Suite 500 |

20

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
973-379-4800
amiller@buddlarner.com
akayal@buddlarner.com
lweinstein@buddlarner.com

*Attorneys for Accord Healthcare, Inc., Dr.
Reddy's Laboratories, Inc., Dr. Reddy's
Laboratories, Ltd., Torrent Pharmaceuticals
Ltd., and Torrent Pharma Inc.*

Atlanta, GA 30338
Tel: (404) 341-6600
*tkratz@kratzandbarry.com*
*gbarry@kratzandbarry.com*

*Attorneys for Aurobindo Pharma Limited,
Aurobindo Pharma USA, Inc.*


PHILLIPS, GOLDMAN, MCLAUGHLIN &
HALL, P.A.

/s/
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
*jcp@pgmhlaw.com*
*mch@pgmhlaw.com*

OF COUNSEL:
Stephen P. Benson
Kimberly A. Beis
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe St.
Chicago, IL 60661
(312) 902-5200
*stephen.benson@kattenlaw.com*
*kimberly.beis@kattenlaw.com*

*Attorneys for Biocon Limited, Biocon
Pharma, Inc.*

MORRIS JAMES LLP

/s/
Kenneth L. Dorsney (#3726)
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
*kdorsney@morrisjames.com*

OF COUNSEL:
Howard S. Suh
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
(212) 513-3200
*howard.suh@hklaw.com*

*Attorneys for Bionpharma Inc., Hetero USA Inc.,
Hetero Labs Limited, Hetero Labs Limited Unit-
V, Prinston Pharmaceutical Inc.*


RICHARDS, LAYTON & FINGER, P.A.

/s/
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
One Rodney Square

PHILLIPS, GOLDMAN, MCLAUGHLIN &
HALL, P.A.

/s/
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street

21

920 N. King Street
Wilmington, Delaware 19801
(302) 651-7705
*farnan@rlf.com*
*metzler@rlf.com*

*Attorneys for Breckenridge Pharmaceutical,
Inc., Standard Chemical & Pharmaceutical
Co. Ltd.*

Wilmington, DE 19806
(302) 655-4200
*jcp@pgmhlaw.com*
*mch@pgmhlaw.com*

OF COUNSEL:
Elaine Herrmann Blais
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
*eblais@goodwinlaw.com*

Michael B. Cottler
Cindy Chang
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
*mcottler@goodwinlaw.com*

*cindychang@goodwinlaw.comAttorneys for
Emcure Pharmaceuticals, Ltd., Heritage
Pharmaceuticals Inc.*

STAMOULIS & WEINBLATT, LLP

/s/
———————————————
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
*stamoulis@swdelaw.com*
*weinblatt@swdelaw.com*

OF COUNSEL:
Aaron F. Barkoff
Alejandro Menchaca
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison St., 34th Floor
Chicago, IL 60661
(312) 775-8000

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/
———————————————
Adam W. Poff (#3990)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571- 6600
*apoff@ycst.com*

*Attorneys for Glenmark Pharmaceuticals, Inc.,
USA and Glenmark Pharmaceuticals Limited*

22

ME1 28408017v.1

*abarkoff@mcandrews-ip.com*
*amenchaca@mcandrews-ip.com*

*Attorneys for Ezra Ventures LLC*

STAMOULIS & WEINBLATT, LLP

/s/
_____
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
*stamoulis@swdelaw.com*
*weinblatt@swdelaw.com*


*Attorneys for HEC Pharm Co., HEC Pharm Group, HEC Pharm USA Inc.*

FINGER & SLANINA, LLC

/s/
_____
David L. Finger (#2556)
One Commerce Center
1201 N Orange Street, 7th Floor
Wilmington, DE 19801-1186
Tel: 302-573-2525

OF COUNSEL:
David Austin
Carolyn Chang
Marton Ribera Schumann & Chang LLP
400 Oyster Point Blvd. Suite 539
South San Francisco, CA 94080
Tel: 415.360.2511
*daustin@martonribera.com*
*carolyn@martonribera.com*

*Attorneys for Nostrum Laboratories, Inc.,*
*Nostrum Pharmaceuticals, LLC, MSN*
*Laboratories Private Limited, MSN*
*Pharmaceuticals Inc.*

Carlton R. Asher, Jr.
LAW OFFICES OF CARLTON R. ASHER, JR.
110 East 59th Street, Suite 2200
New York, NY 10022
(212) 308-7171
*asherlaw@att.net*

Bridgette Y. Ahn
LAW OFFICES OF BRIDGETTE Y. AHN
200 Park Avenue, Suite #1700
New York, NY 10166
(212) 537-4409
*bahn@bahnlaw.com*

*Attorneys for Nostrum Laboratories Inc., and*
*Nostrum Pharmaceuticals, LLC*

23

RICHARDS, LAYTON & FINGER, P.A.

/s/
_____
Fredrick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*cottrell@rlf.com*
*rawnsley@rlf.com*

OF COUNSEL:
Shannon M. Bloodworth
Brandon M. White
PERKINS COIE LLP
700 13th Street NW
Washington, DC 20001
(202) 654-6200
*SBloodworth@perkinscoie.com*
*BMWhite@perkinscoie.com*

Bryan D. Beel, Ph.D.
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
(503) 727-2116
*BBeel@perkinscoie.com*

*Attorneys for Mylan Pharmaceuticals Inc.*


PINCKNEY, WEIDINGER, URBAN &
JOYCE LLC

/s/
_____
Helena C. Rychlicki (DE No. 3996)
Elizabeth Wilburn Joyce (DE No. 3666)
3711 Kennett Pike, Suite 210
Greenville, DE 19807
(302) 504-1497 (telephone)
(302) 655-5123 (facsimile)
*hrychlicki@pwujlaw.com*
*ewilburnjoyce@pwujlaw.com*


RICHARDS, LAYTON & FINGER, P.A.

/s/
_____
Steven J. Fineman (#4025)
Tyler E. Cragg (#6398)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*fineman@rlf.com*
*cragg@rlf.com*

OF COUNSEL:
David H. Silverstein
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
22nd Floor
New York, NY 10036
(212) 728-2200
*dsilverstein@axinn.com*

Aziz Burgy
Ricardo S. Camposanto
AXINN, VELTROP & HARKRIDER LLP
950 F Street, N.W.
Washington, D.C. 20004
(202) 912-4700
*aburgy@axinn.com*
*rcamposanto@axinn.com*

*Attorneys for Par Pharmaceutical, Inc.*


PHILLIPS, GOLDMAN, MCLAUGHLIN &
HALL, P.A.

/s/
_____
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
1200 North Broom Street
Wilmington, Delaware 19806-4204
Phone: (302) 655-4200
*jcp@pgmhlaw.com*
*mch@pgmhlaw.com*

24

ME1 28408017v.1

| | OF COUNSEL: |
|---|---|
| *Attorneys for Strides Pharma Global Pte Ltd.* | Michael J. Gaertner |
| *and Strides Pharma Inc.* | David B. Abramowitz |
| | Carolyn A. Blessing |
| | Emily L. Savas |
| | Jonathan B. Turpin |
| | LOCKE LORD LLP |
| | 111 South Wacker Drive |
| | Chicago, IL 60606 |
| | Telephone: (312) 443-0700 |
| | *mgaertner@lockelord.com* |
| | *dabramowitz@lockelord.com* |
| | *cblessing@lockelord.com* |
| | *esavas@lockelord.com* |
| | *jturpin@lockelord.com* |

*Attorneys for Zydus Pharmaceuticals (USA)*
*Inc., Cadila Healthcare Limited*

MORRIS JAMES LLP

/s/
_____
Kenneth L. Dorsney (#3726)
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
*kdorsney@morrisjames.com*

OF COUNSEL:
Stephen R. Auten
Richard T. Ruzich
Roshan P. Shrestha, Ph.D.
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 527-4000
*sauten@taftlaw.com*
*rruzich@taftlaw.com*
*rshrestha@taftlaw.com*

*Attorneys for Alkem Laboratories, Ltd.*

Dated: October 23, 2018

25

ME1 28408017v.1

Case 1:15-cv-01593-LPS   Document 64-1   Filed 01/23/19   Page 27 of 27 PageID #: 2204
Case 1:18-cv-01043-LPS   Document 21-6   Filed 10/25/18   Page 26 of 26 PageID #: 1796
Case 1:18-cv-01038-LPS   Document 47-1   Filed 10/23/18   Page 26 of 26 PageID #: 652

SO ORDERED this 25th day of October, 2018.

THE HONORABLE LEONARD P. STARK
CHIEF UNITED STATES DISTRICT JUDGE

26

MEI 28408017v.1