# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE GILLETTE COMPANY LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 15-1158-LPS-CJB |
| DOLLAR SHAVE CLUB, INC., et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court are disputes related to Plaintiff's privilege log (*see* D.I. 679, 681, 702, 722, 743), a request to take a *de bene esse* deposition of a witness whose schedule conflicts with trial (D.I. 738, 742), and a motion to strike allegedly late-produced documents and testimony (D.I. 725, 726, 736, 740). After conducting the *in camera* review ordered on February 25 (D.I. 722), and having considered the parties' briefing and related materials in each of the disputes, IT IS HEREBY ORDERED that:

1. Plaintiff may withhold Privilege Log Entry No. 1747 in its entirety, as it is protected by attorney-client privilege. *See generally Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981). Defendants do not dispute that the document at issue contains some privileged information, but assert the privilege does not extend to facts contained in it. (D.I. 679) Plaintiff has met its burden to show the attorney-client privilege applies to the entire document. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805-06 (Fed. Cir. 2000) (finding attorney-client privilege extends to entirety of invention record when "the overall tenor of the document indicates that it is a request for legal advice or services"). Further, having now reviewed the

document at issue, the Court finds that Plaintiff is not improperly using privilege as a "sword-and-shield" (for reasons including that Defendants' unpersuasive contention is based on what is purportedly missing from the document, rather than from facts affirmatively stated in it).

2. Plaintiff's request to conduct a *de bene esse* deposition of Upasna Patel is GRANTED. "Factors to be considered in granting a *de bene esse* deposition after the close of discovery are: the unavailability of the witness to appear at trial; whether the deposing party knew of the information the potential witness would testify to prior to the deposition; and whether the opposing party will be prejudiced by granting the deposition – with special attention given to the question of prejudice." *Coface Collections N. Am., Inc. v. Newton*, 2012 WL 6738391, at *1 n.1 (D. Del. Dec. 28, 2012). Ms. Patel's conflict, while unfortunate, is not in and of itself so substantial that Plaintiff could not procure her availability at trial, if absolutely necessary.[1] Still, in the overall scheme of this litigation and the parties' somewhat vast and long-running disputes with one another, and given the minimal role Ms. Patel would likely play at trial, as well as the fact that neither side demonstrated exemplary diligence in bringing this dispute to a head,[2] the Court deems it the most appropriate exercise of its discretion to grant the deposition and essentially afford Ms. Patel the opportunity to complete her testimony before trial.[3] While Defendants may not today know all of the precise information Ms. Patel will testify

---

[1] Ms. Patel is an employee of Plaintiff. There is little doubt that, were it absolutely necessary to Plaintiff's case, Plaintiff could and would compensate Ms. Patel, her family, and her friends – all of whose plans are evidently implicated by the conflict with the trial date – and ensure that Ms. Patel appeared at trial.

[2] Plaintiff knew or should have known by early October 2018 of Ms. Patel's conflict but did not notify Defendants until January 9, 2019. While Defendants never indicated they assented to the requested deposition, they also did nothing to communicate their objection to it until February 27, 2019. (*See* D.I. 738 at 2 and Exs. 2 & 3)

[3] Even Defendants, to their credit, "genuinely sympathize with this family conflict." (D.I. 742 at 2)

to in the forthcoming deposition, the Court will ensure that Defendants have at least as full an opportunity to be prepared as they would have at trial. To that end, and to reduce any significant prejudice that could otherwise arise from the Court's accommodation of Plaintiff's unusual request, (i) the deposition shall occur at a date and place selected by Defendant, provided that they are not unreasonable and do not interfere with Ms. Patel's plans that have given rise to the conflict with the trial schedule; (ii) Plaintiff shall, no less than forty-eight (48) hours prior to the start of the deposition, produce to Defendant a set of all documents and exhibits Plaintiff will use with Ms. Patel in her deposition, as well as an estimate of the length of Plaintiff's anticipated examination; (iii) Defendant's cross-examination of Ms. Patel shall not be limited to the scope of her direct examination by Plaintiff; and (iv) subject to the procedures by which the Court will handle objections to use of deposition testimony at trial, both sides may propose to designate all or any portion of Ms. Patel's prior and/or forthcoming deposition testimony.

3. Defendants' Motion to Strike (D.I. 725) is DENIED. The *Pennypack* factors do not warrant striking either the Zupkosky Documents or Ugone Document:[4] (i) they constitute important evidence (and striking them would cause high prejudice to Plaintiff), with respect to Plaintiff's defense against invalidity and its claim for damages, respectively; (ii) Defendants are not substantially prejudiced and should not be surprised that Plaintiff produced these documents in response to what reasonably appeared to Plaintiff as new contentions being asserted by Defendants for the first time after the close of fact discovery, particularly given that Defendants'

---

[4] Defendants assert that Plaintiff failed to timely produce two sets of documents: (1) a series of signed confidentiality agreements ("the Zupkosky Documents") and associated testimony sponsoring those documents (D.I. 697 Att. 1-7); and (2) an internal document of Plaintiff's that, in part, assesses shave clubs ("the Ugone Document") (D.I. 726 Ex. 6).

discovery requests did not clearly call for production of the Zupkosky Documents[5] and Defendants had an opportunity to examine both damages experts regarding the Ugone Document[6] (*see* D.I. 736 Ex. 3-4); (iii) the Court's ruling does not disrupt trial; (iv) there is little unfair prejudice to Defendants, especially given Plaintiff's representation that it has produced all documents in its possession, custody, and control that are like the Zupkosky Documents (so ordering a supplemental production would yield nothing)[7] and Defendants' expert's testimony that the Ugone Document "doesn't change any of [his] work;" (v) Plaintiff has provided a plausible explanation that it only searched (and searched again) for these materials after Defendants made new arguments; and (vi) there is no evidence of bad faith. *See generally Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977).

March 14, 2019  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

---

[5] Interrogatory No. 22 asked to "[d]escribe in detail all outplant tests . . . that involved razor blades with a [chromium] containing overcoat" (D.I. 726-4 at 6-7) and Document Request No. 32 sought "[a]ll DOCUMENTS that . . . relate[] to the subject matter of the PATENT-IN-SUIT" (D.I. 726-2 at 10). Defendants have failed to persuade the Court that the Zupkosky Documents are responsive to either this interrogatory or document request.

[6] The Court agrees with Defendants that the Ugone Document is responsive to Document Request No. 183, which sought "[a]ll documents referring or relating to advertising, surveys, or studies evaluating . . . shave clubs." (D.I. 726 at 2-3) (citing D.I. 726-7 at 9) Still, in totality, the *Pennypack* factors do not favor striking it.

[7] There is no basis in the record to accept Defendants' contentions that the Zupkosky Documents are merely a "hand-selected," non-representative "sample of its [Plaintiff's] own documents." (D.I. 740 at 1-2)

4