## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THE GILLETTE COMPANY LLC,         :

                       :

        Plaintiff,           :

                       :

v.                          :         C.A. No. 15-1158-LPS-CJB

                       :

DOLLAR SHAVE CLUB, INC., et al.,    :

                       :

        Defendants.       :

## MEMORANDUM ORDER

Pending before the Court are Defendants' motion for summary judgment of no infringement (D.I. 656), Plaintiff's motion for partial summary judgment (D.I. 664), and Plaintiff's motion to preclude expert testimony (D.I. 665). Central to the dispute is the meaning of the term "layer," as well as Defendants' attempt to introduce the expert testimony of Dr. Haber comparing the accused device to Plaintiff's commercial product. (D.I. 657; D.I. 666 at 15-27) Having considered the parties' briefing (D.I. 657, 666, 691, 695, 719, 720) and related materials in each of the disputes, and having heard oral argument on March 15,[1] IT IS HEREBY ORDERED that:

1.     Plaintiff's motion to exclude Dr. Haber's testimony (D.I. 665) is GRANTED IN PART and DENIED IN PART.

Plaintiff's motion is DENIED to the extent that Plaintiff seeks to exclude Dr. Haber's testimony related to his interpretation of "layer." Dr. Haber is permitted to apply the Court's

---

[1] Motions relating to issues of infringement, invalidity, and damages were argued at the March 15 hearing. One or more additional orders will resolve the parties' disputes with respect to invalidity and damages.

constructions and may testify as to what factors a jury could consider in determining the number of "layers" in the accused devices. *See generally AFG Industries, Inc. v. Cardinal IG Co., Inc.*, 375 F.3d 1367, 1373 (Fed. Cir. 2004).

Plaintiff's motion is GRANTED to the extent that Plaintiff seeks to exclude Dr. Haber's testimony comparing the accused products to Plaintiff's commercial product.

There are three distinct requirements for admissible expert testimony: (1) the expert must be qualified; (2) the opinion must be reliable; and (3) the opinion must relate to the facts. *See generally Elcock v. Kmart Corp.*, 233 F.3d 734, 741-46 (3d Cir. 2000). Hence, expert testimony is admissible if "the testimony is based on sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). Rule 702 embodies a "liberal policy of admissibility." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (internal citations omitted). Motions to exclude evidence are committed to the Court's discretion. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 749 (3d Cir. 1994).

While patent infringement is typically determined by a comparison of the accused product to the claims of the patent-in-suit, *Zenith Labs., Inc. v. Bristol-Meyers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994), there is no "blanket prohibition against comparing [an] accused product to a commercial embodiment," *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1288 (Fed. Cir. 2010). In a few, limited circumstances, the Federal Circuit has not disapproved of testimony comparing an accused product to a commercial embodiment when the commercial embodiment was co-extensive with the claims. *See id.*; *compare also Glaxo Group Ltd. v. TorPharm, Inc.*, 153 F.3d 1366, 1373 (Fed. Cir. 1998) (allowing comparison of accused product and "calibration sample" based on evidence that both produced

all 29 claimed IR spectrum peaks) *with Zenith Laboratories*, 19 F.3d at 1423 (rejecting

comparison of accused device having 22 x-ray diffraction lines and commercial embodiment

having 30 lines, where claim required 37 lines).

The comparison portion of Dr. Haber's testimony will be excluded because neither

Defendants nor Dr. Haber have shown that Plaintiff's commercial embodiment is co-extensive

with the claims. Rather, the Court is persuaded by Plaintiff (*see* D.I. 666 at 26-27; Tr. at 40-41)

that Plaintiff's commercial embodiment includes several features not found in the asserted

claims, including features from dependent, unasserted claims. *See, e.g.*, '513 Patent, cl. 3

(claiming "overcoat layer consists of chromium"); cl. 5 (claiming niobium interlayer). Hence,

Dr. Haber's comparison of a broader asserted claim to a commercial embodiment of a narrower,

unasserted claim[2] (with the attendant risk of confusing the jury and unfairly prejudicing

Plaintiff)[3] has not "reliably applied the principles and methods to the facts of the case." Fed. R.

Evid. 702. Nor does Dr. Haber's testimony "fit" the parties' dispute over willfulness, as Plaintiff

is not contending that Defendants copied Plaintiff's commercial embodiment, only that they

allegedly copied Plaintiff's patent. (*See* Tr. at 40)

2.      Defendants' motion for summary judgment (D.I. 656) and Plaintiff's motion for

partial summary judgment (D.I. 664), to the extent these motions are directed to infringement

---

[2] The analysis does not change even if Plaintiff's commercial embodiment is also an embodiment of the broader, asserted claim. Under the circumstances here, the challenged opinion does not "fit" the facts – and would not be helpful to the jury – because it confusingly and incorrectly suggests to the jury that features of Plaintiff's product that are required by the unasserted narrower claim may also be required by the asserted broader claim.

[3] *See generally Praxair, Inc. v. ATMI, Inc.*, 2005 WL 3159054, at *2 (D. Del. Nov. 28, 2005) (noting that by comparing broader claim to narrower commercial embodiment, "[t]he risks of jury confusion and prejudice far outweigh the probative value of such evidence").

issues, are both DENIED. Neither side has persuaded the Court that there is no genuine dispute of material fact with respect to infringement.[4] Instead, the Court has concluded that the jury will have to resolve a factual dispute as to the number of layers in Defendants' accused devices.

The parties now appear to agree – and, in any event, the Court now holds – that the claims do not require a particular process or change in composition to determine what constitutes a layer; however, such factors may be considered and may be relevant to determining the number of layers in Defendants' accused device. *See AFG Industries*, 375 F.3d at 1372-73 (vacating grant of summary judgment "[b]ecause the trial court considered the method of creating the layer dispositive of its structure," noting instead that "whether a chemical compound that has been deposited in multiple separate, sequential applications . . . constitutes a single layer" is question of fact) (internal quotation marks omitted).

3.      The record demonstrates a genuine dispute of material fact as to whether Defendants' chromium carbide coating comprises two layers, and therefore infringes the '513 Patent. A reasonable juror could find infringement based on, for example, (1) a visual boundary line within the coating; (2) at least some change in composition in some of Defendants' chromium carbide coatings; and (3) Plaintiff's expert's understanding of the claims (as an application of the Court's constructions) as meaning that an assessment of the number of

---

[4] To warrant summary judgment, the moving party must establish "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), when all facts are viewed "in the light most favorable to the non-moving party" and "all reasonable inferences [are drawn] in that party's favor," *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006). "The non-moving party must oppose the motion and, in doing so, may not rest upon the mere allegations or denials of [its] pleadings" but, instead, "must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice." *D.E. v. Central Dauphin School Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014) (internal citations omitted).

"layers" may consider a change in morphology, rather than just composition or deposition process. (*See, e.g.*, D.I. 666 at 17-18; D.I. 667-1 Ex. C at ¶¶ 127-31, 135-46) Alternatively, a reasonable juror could find non-infringement based on, for example, (1) the single chromium carbide coating on the accused products; (2) Defendant's process is not expected to result in multiple layers; and (3) Defendant's expert's understanding of the claims (as an application of the Court's constructions) as meaning that an assessment of the number of "layers" may consider at least the coating's composition and deposition process. (*See, e.g.*, D.I. 695 at 20-21; D.I. 667-2 Ex. J at ¶¶ 45-53, 66-107, 193, 195, 237)

4.      Plaintiff is not precluded, due to either disclaimer or prosecution history estoppel, from arguing that a single chromium carbide *coating* constitutes two layers, either literally or under the doctrine of equivalents.

A disclaimer "preclud[es] patentees from recapturing through claim interpretation specific meanings disclaimed during prosecution." *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003). Such a disclaimer must be both "clear and unmistakable." *Id.* at 1325-26. During prosecution of the '513 Patent, the patentee did not clearly and unmistakably disclaim a device having an integral chromium carbide coating with a polytetrafluoroethylene ("PTFE") coating. (*See* D.I. 691 at 7-9) At most, the patentee disclaimed putting a PTFE layer directly on the first hard coating layer of carbon. *See, e.g.*, '513 Patent, cl. 1 (using open-ended transitional phrase "comprising" and other open-ended language to claim layer materials).

Under the doctrine of equivalents ("DOE"), "a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21

(1997) (internal citation omitted).  Prosecution history estoppel limits the broad application of DOE by barring an equivalents argument for subject matter relinquished when a patent claim is narrowed during prosecution.  *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733-34 (2002).  Prosecution history estoppel can occur in one of two ways: (1) by making a narrowing amendment to the claim ("amendment-based estoppel") or (2) by surrendering claim scope through argument to the patent examiner ("argument-based estoppel").  *Conoco, Inc. v. Energy & Envtl. Intern., L.C.*, 460 F.3d 1349, 1363 (Fed. Cir. 2006).

Defendants point to the same portion of the prosecution history for estoppel that they rely on for disclaimer.  (D.I. 657 at 13-14)  For the same reasons discussed above, Defendants have also failed also to show that Plaintiff is foreclosed from asserting that Defendants' chromium carbide coating comprises two layers under the DOE.  (*See* D.I. 691 at 7-9)  The patentee did not amend and narrow its claims to avoid such an embodiment, nor did it surrender such claim scope by argument.

5.      The parties will be given an opportunity to provide their positions as to whether the Court's conclusions about "layer" (see paragraphs 1-3) should be incorporated into (a) a construction of the claim term "layer" and/or (b) preliminary and final instructions.  The parties shall meet and confer and, no later than **March 21**, submit a joint status report advising the Court of their position(s) and providing any specific language they propose for a construction and/or instruction.

March 19, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE